Andrew S. Tulumello (Bar No. 196484)
drew.tulumello@weil.com
Arianna Scavetti (*pro hac vice* forthcoming)
arianna.scavetti@weil.com
Claire L. Chapla (Bar No. 314255)
claire.chapla@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Tel: (202) 682-7000

*(additional counsel listed on signature page)*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through San Francisco City Attorney DAVID CHIU,<br><br>Plaintiff,<br><br>v.<br><br>THE KRAFT HEINZ COMPANY; MONDELEZ INTERNATIONAL, INC.; POST HOLDINGS, INC.; THE COCA-COLA COMPANY; PEPSICO, INC; GENERAL MILLS, INC.; NESTLE USA, INC.; KELLANOVA; WK KELLOGG CO.; MARS, INCORPORATED; CONAGRA BRANDS, INC.; and DOES 1–50,<br><br>Defendants. | CASE No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>Removed from the Superior Court of California, County of San Francisco, Case No. CGC-25-631189<br><br>Action filed: December 2, 2025 |

NOTICE OF REMOVAL

TO THE JUDGES FOR THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF, AND PLAINTIFF'S COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that Defendants The Kraft Heinz Company ("Kraft Heinz"), Mondelēz International, Inc. ("Mondelēz"), Post Holdings, Inc. ("Post"), The Coca-Cola Company ("Coca-Cola"), PepsiCo, Inc. ("PepsiCo"), General Mills, Inc. ("General Mills"), Nestlé USA, Inc. ("Nestle"), Kellanova, WK Kellogg Co. ("Kellogg"), Mars, Incorporated ("Mars"), and Conagra Brands, Inc. ("Conagra") hereby notice removal of this civil action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 from the Superior Court of California, County of San Francisco, to the United States District Court for the Northern District of California. Defendants are represented by the undersigned counsel. All Defendants consent to removal. The grounds for removal are set forth below.

1.  Pursuant to 28 U.S.C. § 1446(a), attached as Exhibits A–Q are copies of all process, pleadings, orders, and other papers or exhibits filed in the state court. A true and correct copy of the Complaint is attached as Exhibit A (hereinafter "Ex. A").[1]

2.  This action was filed on December 2, 2025, in the Superior Court of California, County of San Francisco, bearing Case No. CGC-25-631189. *See* Ex. A. Kraft Heinz, Mondelēz,[2] Coca-Cola, PepsiCo, Nestle, Kellanova, Kellogg, Mars, and Conagra were served on December 9, 2025. *See* Exs. G–O. Post and General Mills were served on December 10, 2025. *See* Exs. P, Q.

3.  This Notice of Removal is timely because it is filed within thirty days of Defendants' receipt of the Complaint by service, as required by 28 U.S.C. § 1446(b).

4.  Venue is proper in the United States District Court for the Northern District of

---

[1] Citations to "Exhibit" are to exhibits attached to the Declaration of Claire L. Chapla.

[2] Plaintiff incorrectly names Mondelēz International, Inc. ("MII"), a global holding company, which is not subject to personal jurisdiction in California, as the Defendant in this matter. MII assumes that Plaintiff intended to name Mondelēz Global LLC ("MG LLC"), which is the operating company that sells, advertises, and distributes Mondelēz International, Inc. products in the United States. On December 9, 2025, Plaintiff attempted service on MG LLC's registered agent in California. The registered agent—CT Corporation—rejected service because MG LLC was not the named Defendant. Counsel for MG LLC is in the process of meeting and conferring with Plaintiff to substitute MG LLC as the proper Defendant in this case. MG LLC reserves all rights to oppose and otherwise challenge claims against it.

California because the Superior Court of California, County of San Francisco, in which this action was originally filed, is within the Northern District of California. *See* 28 U.S.C. §§ 84(a), 1441(a).

5.  In accordance with 28 U.S.C. § 1446(d), promptly upon filing this Notice of Removal, Defendants will serve on Plaintiff and file with the Clerk of the Superior Court of California, County of San Francisco, copies of this Notice of Removal.

6.  All properly joined Defendants who have been served join in this removal as required by 28 U.S.C. § 1446(b)(2)(A). *See* Declaration of Claire L. Chapla ("Chapla Decl.") ¶ 3; *see also Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) ("One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient.").

7.  The Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1). As detailed below, the amount in controversy exceeds $75,000. The real plaintiff in interest is the City and County of San Francisco (hereinafter, "San Francisco"), which is a single legal entity and a citizen of California for diversity jurisdiction purposes, *see Moor v. Alameda County*, 411 U.S. 693, 717–21 (1973), and is diverse from all Defendants, none of whom are citizens of California.

## PLAINTIFF'S COMPLAINT

8.  On December 2, 2025, the San Francisco City Attorney commenced this action by filing a Complaint in the Superior Court for the State of California, County of San Francisco.

9.  The Complaint names eleven well-known food and beverage manufacturers as Defendants: Kraft Heinz, a Delaware corporation with its principal place of business in Illinois,[3] Ex. A ¶ 16; Mondelēz, a Virginia corporation with its principal place of business in Illinois, *id.* ¶ 19; Post, a Missouri corporation with its principal place of business in Missouri, *id.* ¶ 22; Coca-Cola, a Delaware corporation with its principal place of business in Georgia, *id.* ¶ 25; PepsiCo, a North Carolina corporation with its principal place of business in New York, *id.* ¶ 27; General Mills, a Delaware corporation with its principal place of business in Minnesota, *id.* ¶ 29; Nestle, a Delaware corporation with its principal place of business in Virginia, *id.* ¶ 31; Kellanova, a Delaware

---

[3] The Complaint incorrectly identifies Kraft Heinz's principal place of business as Pennsylvania.

1 corporation with its principal place of business in Illinois, *id.* ¶ 33; Kellogg, a Delaware corporation with its principal place of business in Michigan, *id.* ¶ 34; Mars, a Delaware corporation with its principal place of business in Virginia, *id.* ¶ 37; and Conagra, a Delaware corporation with its principal place of business in Illinois, *id.* ¶ 39.

10. Plaintiff's claims in this case relate to food and beverage products that are lawfully produced and sold by Defendants. *See* Ex. A ¶¶ 10, 16–42. Defendants are dedicated to making safe products enjoyed and beloved by generations of consumers. Plaintiff nonetheless seeks to recover for alleged harms caused by what the Complaint describes as an "epidemic" of "preventable diseases" and "public health problem[s]" for which it seeks to hold Defendants alone liable. *Id.* ¶ 12.

11. Plaintiff asserts claims under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17204 and 17206 (Count I); and for public nuisance under Cal. Code of Civ. Proc. § 731 and Cal. Civ. Code §§ 3479, 3480, 3491, and 3494 (Count II). Ex. A ¶¶ 15, 234–56.

12. Among other forms of relief, Plaintiff seeks an injunction against the alleged "public nuisance in San Francisco," costs necessary to abate any nuisance "in San Francisco," civil penalties, and litigation costs. Ex. A at 60.

## BASIS FOR REMOVAL JURISDICTION

### I. Diversity Jurisdiction

13. This action is removable under 28 U.S.C. § 1441 and 28 U.S.C. § 1332(a)(1).

14. Diversity jurisdiction under § 1332(a)(1) requires that (1) the amount in controversy exceeds $75,000, and (2) the action is between citizens of different states.

15. For purposes of removal, a defendant need only make a "short and plain statement" showing that the grounds for federal jurisdiction are met. 28 U.S.C. § 1446(a); *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014). As set forth below, all requirements for removal are satisfied in this case. There are no circumstances that would warrant abstention by the Court.

#### A. The Amount in Controversy Exceeds $75,000.

16. A removing defendant must make only a "plausible" showing that the amount in

1  controversy is greater than the jurisdictional threshold. *Dart*, 574 U.S. at 89.

2  17. Among other remedies, the Complaint seeks costs to abate the alleged public health crisis, including through "more robust healthcare and associated costs." Ex. A ¶ 256; *id.* at 60. The Complaint alleges that Defendants' food and beverage products are a substantial cause of Type 2 Diabetes and that hospitalization charges in San Francisco for Type 2 Diabetes and related complications totaled $85 million in 2016 alone. *Id.* ¶¶ 220, 231, 250.

18. In addition, the Complaint's prayer for relief seeks civil penalties for the alleged UCL violations. Ex. A at 60.

19. The UCL authorizes a party to seek $2,500 in civil penalties for each violation. Cal. Bus. & Prof. Code § 17206. A complaint therefore exceeds the amount in controversy requirement if it purports to seek civil penalties for at least 31 alleged UCL violations.

20. The Complaint purports to identify at least 25 alleged advertising-related violations of the UCL, and it claims to list "only a few examples" of Defendants' alleged violations during the relevant time period. Ex. A ¶¶ 183–98, 199; *see, e.g.*, *id.* ¶¶ 190 (alleging that PepsiCo has engaged in alleged advertising practices "since 2010"), 196 (alleging General Mills' advertising to children "started in the late 1990s").

21. While Defendants strongly dispute these allegations, their inclusion in the Complaint demonstrates that the amount in controversy plausibly exceeds $75,000, thus meeting the first requirement of 28 U.S.C. § 1332(a).[4]

**B.    There Is Complete Diversity Between Plaintiff and Defendants.**

22. Diversity jurisdiction requires "complete diversity" of citizenship, meaning that each plaintiff must be a citizen of a different state than each defendant. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

23. As set forth below, this requirement is met because the real party in interest, San Francisco, is a citizen of California for purposes of diversity jurisdiction, while no Defendant is a

---

[4] While the allegations in the Complaint place in controversy an amount in excess of $75,000, Defendants, of course, do not agree that Plaintiff is entitled to any remedy in any particular amount. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

NOTICE OF REMOVAL                                         4

citizen of California.

### 1. Plaintiff Is a Citizen of California.

24. The real party in interest is San Francisco, which would receive the practical benefit of any injunctive relief and whose specific interests form the entire evidentiary basis of the Complaint. The Complaint, which was brought by the City Attorney of San Francisco, alleges that Defendants' conduct "has significantly contributed to a serious public health problem *in San Francisco*." Ex. A ¶ 12 (emphasis added). Indeed, the factual allegations focus nearly exclusively on the alleged harm to the County, rather than to the State. *See id.* ¶¶ 219–33. The Complaint explicitly seeks "to abate the public nuisance caused by Defendants *within San Francisco*." *Id.* ¶ 15 (emphasis added).

25. Likewise, the UCL cause of action, which in part relies on conduct alleged to be unlawful under the California Consumer Legal Remedies Act ("CLRA"), primarily seeks to vindicate consumer interests in San Francisco. *See* Ex. A ¶ 239. For example, the Complaint asserts that the marketing practices it challenges "predictably impacted San Francisco." *Id.* ¶¶ 222–23.

26. Moreover, San Francisco stands to unilaterally reap the rewards of the suit. Under Cal. Bus. & Prof. Code § 17206(c)(2), it would receive *any* civil penalties collected as a result of the suit.[5]

27. As a political subdivision of the State of California, San Francisco is a citizen of California for purposes of diversity jurisdiction. *See Moor*, 411 U.S. at 717.

28. San Francisco's effort to name the People of the State of California as the plaintiff, in an apparent attempt to defeat diversity jurisdiction, lacks merit. *See Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 736–37 (9th Cir. 2011) (explaining that for purposes of diversity jurisdiction, "[a] State is not a *citizen* of itself" (emphasis added)). The "mere presence on the record of the [S]tate as a party plaintiff" does not defeat diversity jurisdiction if it appears that the State is

---

[5] Because the City and County of San Francisco is one legal entity, there is no distinction between recovery under section 17206(c)(2) (per which the recovery goes entirely to the county) and recovery under section 17206(c)(3)(A) (per which half of the recovery goes to the city, and half to the county).

not the real party in interest. *Id.* at 737 (citation omitted). The Court must look beyond the name of the Plaintiff to determine the real party in interest and use that party's citizenship to determine whether diversity jurisdiction exists. *See id.* at 736–37.

29. A State is a real party in interest only if, considering the case "as a whole," the State has a "specific, concrete interest" in the litigation. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 670–72 (9th Cir. 2012); *see also Mo., Kan. & Tex. Ry. Co. v. Hickman*, 183 U.S. 53, 59 (1901) ("*Missouri Railway*") ("[T]he state is such real party when the relief sought is that which inures to it alone, and in its favor the judgment or decree, if for the plaintiff, will effectively operate.").

30. A State's "governmental interest in the welfare of all its citizens" is insufficient to make the State "a party in interest in [] litigation." *Lucent*, 642 F.3d at 737 & n.2. A party may not defeat diversity jurisdiction by asserting a State's quasi-sovereign interests in "public nuisances and the economic well-being of its citizens." *Id.* at 737 n.2 (citation omitted).[6]

31. Here, Plaintiff's assertion that its Complaint is brought on the State's behalf is unsupported by, and inconsistent with, the actual allegations in the Complaint. The Complaint fails to allege any "specific, concrete interest" of the State "as an artificial person." *Nevada*, 672 F.3d at 670; *Missouri Railway*, 183 U.S. at 60. Instead, the Complaint purports to set forth ways that Defendants' products have allegedly caused general harm to public health (largely in San Francisco and seeking relief chiefly confined to San Francisco). *See, e.g.*, Ex. A. ¶¶ 131–47, 219–33. This "quasi-sovereign interest" in "the well-being of its populace" does not implicate any sovereign interest of the State as an artificial person. *Lucent*, 642 F.3d at 737 n.2; *Missouri Railway*, 183 U.S. at 60. The State, accordingly, is not a real party in interest.

---

[6] Although some district courts have held that California is the real party in interest where it seeks to vindicate the public's general interest, *see Cal. v. Purdue Pharma L.P.*, 2014 WL 6065907, at *3–4 (C.D. Cal. Nov. 12, 2014); *County of San Mateo v. Monsanto Co.*, 644 F. Supp. 3d 566, 571–72 (N.D. Cal. 2022), those cases are irreconcilable with the Ninth Circuit's opinion in *Lucent*, 642 F.3d at 737–39.

### 2. No Defendant Is a Citizen of California.[7]

32. Corporations are deemed citizens of the States in which they are incorporated and have their principal place of business. 28 U.S.C. § 1332(c)(1).

33. At the time this lawsuit was filed and at all times since, Kraft Heinz was and is a citizen of Delaware and Illinois. Ex. A ¶ 16; *supra* ¶ 9 n.3.

34. At the time this lawsuit was filed and at all times since, Mondelēz was and is a citizen of Virginia and Illinois. Ex. A ¶ 19.

35. At the time this lawsuit was filed and at all times since, Post was and is a citizen of Missouri. Ex. A ¶ 22.

36. At the time this lawsuit was filed and at all times since, Coca-Cola was and is a citizen of Delaware and Georgia. Ex. A ¶ 25.

37. At the time this lawsuit was filed and at all times since, PepsiCo was and is a citizen of North Carolina and New York. Ex. A ¶ 27.

38. At the time this lawsuit was filed and at all times since, General Mills was and is a citizen of Delaware and Minnesota. Ex. A ¶ 29.

39. At the time this lawsuit was filed and at all times since, Nestlé was and is a citizen of Delaware and Virginia. Ex. A ¶ 31.

40. At the time this lawsuit was filed and at all times since, Kellanova was and is a citizen of Delaware and Illinois. Ex. A ¶ 33.

41. At the time this lawsuit was filed and at all times since, Kellogg was and is a citizen of Delaware and Michigan. Ex. A ¶ 34.

42. At the time this lawsuit was filed and at all times since, Mars was and is a citizen of Delaware and Virginia. Ex. A ¶ 37.

43. At the time this lawsuit was filed and at all times since, Conagra was and is a citizen of Delaware and Illinois. Ex. A ¶ 39.

44. As no Defendant is a citizen of California, complete diversity of citizenship exists

---

[7] The citizenship of Doe defendants is disregarded for purposes of removal based on diversity jurisdiction. 28 U.S.C. § 1441(b)(1).

between Plaintiff and Defendants.  *See* 28 U.S.C. § 1332(a)(1); *Roche*, 546 U.S. at 89.

## II.   Reservation of Rights

45.   For all of the foregoing reasons, this action is properly removed to this Court.

46.   Defendants reserve the right to amend or supplement this Notice of Removal, and reserve all rights and defenses under California and/or federal law, including those available under the Federal Rule of Civil Procedure 12.

47.   The filing of this Notice of Removal, as well as any related procedural filings including but not limited to notices of appearance, shall not be construed as a waiver of these rights. *See Strojnik v. Starbucks Corp.*, 2023 WL 322893, at *3 (N.D. Cal. Jan. 19, 2023); *Freeney v. Bank of Am. Corp.*, 2015 WL 4366439, at *20 (C.D. Cal. July 16, 2015).

**WHEREFORE**, Defendants respectfully remove this action from the Superior Court of California, County of San Francisco (Case No. CGC-25-631189), to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being contemporaneously filed with the Clerk of the Superior Court and served upon Plaintiff.

Dated:   January 7, 2026

Respectfully submitted,

 /s/   Andrew S. Tulumello
Andrew S. Tulumello (Bar No. 196484)
drew.tulumello@weil.com
Arianna Scavetti (*pro hac vice* forthcoming)
arianna.scavetti@weil.com
Claire L. Chapla (Bar No. 314255)
claire.chapla@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Tel: (202) 682-7000

Brian G. Liegel (*pro hac vice* forthcoming)
brian.liegel@weil.com
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
Tel: (305) 577-3180

*Attorneys for Defendant PepsiCo, Inc.*

       /s/   Adriane Peralta
Adriane Peralta (Bar No. 304357)
adriane.peralta@sidley.com
SIDLEY AUSTIN LLP
350 S. Grand Avenue
Los Angeles, CA 90071
Tel: (213) 896-6132
Fax: (213) 896-6600

Michelle A. Ramirez (*pro hac vice* forthcoming)
michelle.ramirez@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
Tel: (312) 853-7000
Fax: (312) 853-7036

*Attorneys for Defendant The Kraft Heinz Company*

       /s/   Laura Vartain Horn
Laura Vartain Horn (Bar No. 258485)
laura.vartain@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street, Suite 2700
San Francisco, CA 94104
Tel: (415) 439-1625

Jessica Davidson (*pro hac vice* forthcoming)
jessica.davidson@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4757
Fax: (212) 446-4900

Jordan Michael Schwartz (*pro hac vice* forthcoming)
jordan.schwartz@kirkland.com
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave NW
Washington, DC 20004
Tel: (202) 389-3358

*Attorneys for Defendant Mondelēz International, Inc.*

       /s/   Tarifa B. Laddon
Tarifa B. Laddon (Bar No. 240419)
tarifa.laddon@faegredrinker.com
Gabriel J. Niforatos (Bar No. 359417)
gabriel.niforatos@faegredrinker.com

FAEGRE DRINKER BIDDLE & REATH LLP
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Tel: (310) 203-4000
Fax: (310) 229-1285

Sarah L. Brew (*pro hac vice* forthcoming)
sarah.brew@faegredrinker.com
Tyler A. Young (*pro hac vice* forthcoming)
tyler.young@faegredrinker.com
Rory F. Collins (*pro hac vice* forthcoming)
rory.collins@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Tel: (612) 766-7000
Fax: (612) 766-1600

*Attorneys for Defendant Post Holdings, Inc.*

 /s/   Angela M. Spivey
Angela M. Spivey (*pro hac vice* forthcoming)
angela.spivey@alston.com
Andrew G. Phillips (*pro hac vice* forthcoming)
andrew.phillips@alston.com
Jamie S. George (*pro hac vice* forthcoming)
jamie.george@alston.com
ALSTON & BIRD LLP
1201 West Peachtree St.
Atlanta, GA 30309
Tel: (404) 881-7000

Rachel E. K. Lowe (Bar No. 246361)
rachel.lowe@alston.com
ALSTON & BIRD LLP
350 South Grand Avenue
51st Floor
Los Angeles, CA 90071
Tel: (213) 576-1000

*Attorneys for Defendant The Coca-Cola Company*

 /s/   David T. Biderman
David T. Biderman (Bar No. 101577)
dbiderman@perkinscoie.com
PERKINS COIE LLP
505 Howard St. Suite 1000
San Francisco, CA 94105

|   |   |
|---|---|
| 1 | Tel: (415) 344-7000 |
| 2 | Fax: (415) 344-7050 |
| 3 | Joshua Patashnik (Bar No. 295120) |
|   | jpatashnik@perkinscoie.com |
| 4 | PERKINS COIE LLP |
|   | 11452 El Camino Real, Suite 300 |
| 5 | San Diego, CA 92130-2594 |
|   | Tel: (858) 720-5700 |
| 6 | Fax: (858) 720-5799 |

Natalie K. Sanders (Bar No. 329916)
nsanders@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, California 90067-1721
Tel: (310) 788-9900
Fax: (310) 788-3399

*Attorneys for Defendant General Mills, Inc.*

 /s/   Trenton H. Norris
Trenton H. Norris (Bar No. 164781)
trent.norris@hoganlovells.com
HOGAN LOVELLS US LLP
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111
Tel: (415) 640-5765

Lauren S. Colton (*pro hac vice* forthcoming)
lauren.colton@hoganlovells.com
Julie R. Schindel (*pro hac vice* forthcoming)
julie.schindel@hoganlovells.com
HOGAN LOVELLS US LLP
100 International Drive, Suite 2000
Baltimore, MD 21202
Tel: (410) 659-2700

*Attorneys for Defendant Nestlé USA, Inc.*

 /s/   Perlette M. Jura
Perlette M. Jura (Bar No. 242332)
pjura@gibsondunn.com
Michael Holecek (Bar No. 281034)
mholecek@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel: (213) 229-7000

NOTICE OF REMOVAL                                11

Jason Meltzer (*pro hac vice* forthcoming)
jmeltzer@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
Tel: (202) 955-8500

*Attorneys for Defendant Kellanova*

/s/   Alexander M. Smith
Alexander M. Smith (Bar No. 295187)
asmith@jenner.com
JENNER & BLOCK LLP
515 South Flower Street, Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-2262

Kate T. Spelman (Bar No. 269109)
kspelman@jenner.com
JENNER & BLOCK LLP
2029 Century Park East, Suite 1450
Los Angeles, CA 90067
Tel: (213) 239-2246

Dean N. Panos (*pro hac vice* forthcoming)
dpanos@jenner.com
Andrianna D. Kastanek (*pro hac vice* forthcoming)
akastanek@jenner.com
John F. Ward (*pro hac vice* forthcoming)
jward@jenner.com
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654
Tel: (312) 923-2765

*Attorneys for Defendant WK Kellogg Co*

/s/   Stephen D. Andrews
Stephen D. Andrews (Bar No. 205691)
sandrews@wc.com
Dane H. Butswinkas (*pro hac vice* forthcoming)
dbutswinkas@wc.com
WILLIAMS & CONNOLLY LLP
680 Maine Ave, S.W.
Washington, DC 20024
Tel: (202) 434-5000

*Attorneys for Defendant Mars, Incorporated*

/s/   Raymond A. Cardozo
Raymond A. Cardozo (Bar No. 173263)
rcardozo@reedsmith.com
Steven J. Boranian (Bar No. 174183)
sboranian@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Tel: (415) 543-8700

Stephen J. McConnell (Bar No. 128630)
smcconnell@reedsmith.com
REED SMITH LLP
Three Logan Square, 1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100

*Attorneys for Defendant Conagra Brands, Inc.*

**E-FILING ATTESTATION**

I, Andrew S. Tulumello, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

                       /s/   Andrew S. Tulumello
                              Andrew S. Tulumello