1  DAVID CHIU (SBN 189542)
   City Attorney
2  YVONNE R. MERÉ (SBN 173594)
   Chief Deputy City Attorney
3  SARA J. EISENBERG (SBN 269303)
   Chief of Complex & Affirmative Litigation
4  JESSE E. LANIER (SBN 303395)
   Deputy City Attorney
5  Fox Plaza
   1390 Market Street, 6th Floor
6  San Francisco, CA 94102
7  Tel.:   415-554-3944
   Email: Jesse.Lanier@sfcityatty.org
8  Attorneys for Plaintiff the People of the State of California,
   acting by and through San Francisco City Attorney David Chiu
9
   *[Additional counsel appear on signature page.]*
10

11              **UNITED STATES DISTRICT COURT**
12              **NORTHERN DISTRICT OF CALIFORNIA**

13

14  THE PEOPLE OF THE STATE OF          | Case No. 3:26-cv-00183
    CALIFORNIA, Acting by and through San
15  Francisco City Attorney DAVID CHIU,   | Removed from the Superior Court of
                                           California, County of San Francisco,
16         Plaintiff,                      | Case No. CGC-25-631189

17         vs.                             | **PLAINTIFF'S NOTICE OF MOTION AND
                                           MOTION TO REMAND**
18  THE KRAFT HEINZ COMPANY, *et al.*,

19         Defendants.                     | Date Action Filed:   December 2, 2025
                                           | Trial Date:          Not set
20

21

22

23

24

25

26

27

28

1

2

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3

4

5

Please take notice that Plaintiff the People of the State of California requests a hearing for oral argument, at 450 Golden Gate Avenue, San Francisco, California, as necessary, to move this Court to remand this case under 28 U.S.C. section 1447(c).

6

7

8

The People respectfully request an order remanding this action in its entirety to the Superior Court of California, County of San Francisco for lack of subject matter jurisdiction.  This motion is based on the accompanying Memorandum of Points and Authorities.

9

10

11

Pursuant to Civil Local Rule 7-3, Plaintiff the People of the State of California hereby certifies that counsel for the parties met and conferred in a good-faith effort to resolve the issues raised by this motion on December 30, 2025, but were unable to reach an agreement.[1]

12

13

**MEMORANDUM OF POINTS AND AUTHORITIES**

14

## I.    INTRODUCTION

15

This case belongs in state court.

16

17

18

19

20

21

22

23

The sole plaintiff in this action is "the People of the State of California," acting by and through the San Francisco City Attorney as an authorized public prosecutor.  Because the State is not a "citizen" for purposes of 28 U.S.C. § 1332, there is no basis for this Court to exercise diversity jurisdiction over this case.  Defendants' removal is just the latest in a long string of failed attempts to invoke federal diversity jurisdiction in a suit brought on behalf of the People.  *See, e.g., Cnty. of San Mateo v. Monsanto Co.,* 644 F. Supp. 3d 566, 571 (N.D. Cal. 2022) (finding the People was the real-party-in-interest in public nuisance suit brought by and through County of San Mateo); *The People of the State of Cal. by & through Los Angeles City Att'y v. Monsanto Co.*, No. 2:22-CV-02399-ODW (SKXx), 2022 WL

24

25

26

27

28

---

[1] During the meet and confer, Plaintiff informed Defendants that removal was not justified by law.  Indeed, controlling Ninth Circuit precedent and a consistent line of recent decisions from this District have repeatedly held that the People of the State of California are the real party in interest in UCL enforcement actions brought by public prosecutors.  *See, e.g., InComm*, 2024 WL 1281330, at *6; *HomeAway*, 2023 WL 2497862, at *3.   Accordingly, Plaintiff reserves the right to seek attorney fees and costs in bringing this motion pursuant to 28 U.S.C. § 1447(c).  *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) (award of fees appropriate where removing party lacked "objectively reasonable basis for seeking removal").

2355195, at *3 (C.D. Cal. June 30, 2022) (same, as to public nuisance suit brought by and through Los Angeles City Attorney); *Cnty. of Santa Clara v. Wang*, No. 5:20-CV-05823-EJD, 2020 WL 8614186, at *2 (N.D. Cal. Sept. 1, 2020) (same, as to public nuisance suit brought by and through County of Santa Clara); *see also Washington v. Facebook, Inc.*, No. C18-1031JLR, 2018 WL 5617145, at *2 (W.D. Wash. Oct. 30, 2018) (same, as to Washington fair campaign practices suit seeking civil penalties and injunctive relief brought by and through Washington Attorney General); *In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 354 F. Supp. 3d 1122, 1131 (N.D. Cal. 2019) (same, as to Illinois consumer fraud suit seeking civil penalties and injunctive relief brought by and through Illinois county prosecutor); *Hawaii, ex rel. Louie v. Bristol-Myers Squibb Co.*, No. 14-00180-HG-RLP, 2014 WL 3427387, at *9 (D. Haw. July 15, 2014) (same, as to unfair-competition and elder-consumer-fraud suit brought by Hawaii).

In removing, Defendants have ignored each of these authorities and improperly recast the case as one brought merely for San Francisco's parochial interests. As with each of the cases listed above where jurisdiction was found to be lacking, this is incorrect because the essential nature and effect of this case is the enforcement of California law for the benefit of its People. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 670 (9th Cir. 2012) ("*Nevada*"); *Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.,* 642 F.3d 728, 740 (9th Cir. 2011) ("*Lucent*"). Remand is required.

## II.    BACKGROUND

### A.    The Complaint

On December 2, 2025, Plaintiff, the People of the State of California, filed this action in San Francisco Superior Court. ECF No. 1-2 ¶ 15. The People's Complaint names as Defendants nine major food and beverage manufacturers—collectively referred to as "Big Food"—that design, market, and sell ultra-processed foods ("UPF") throughout California and nationwide. *Id.* ¶¶ 16-40, 126-128, 148, 157, 236-237.

The People allege that Defendants have created and fueled a public health crisis by engineering UPF to be addictive, aggressively marketing these products to children and vulnerable communities, and concealing the serious health harms caused by UPF consumption. *Id.* ¶¶ 2-14, 49-199. These harms include Type 2 diabetes, fatty liver disease, obesity, cardiovascular disease, and other chronic

conditions. *Id.* ¶¶ 131-147. As alleged, Defendants' misconduct has caused widespread harm across California, with particularly severe impacts among children, Black communities, and Latine/x communities. *Id.* ¶¶ 131-147, 173-178, 219-233.

The People assert two causes of action: (1) violations of California's UCL, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, based on unlawful, unfair, and fraudulent business practices; and (2) public nuisance under California Civil Code §§ 3479 and 3480, and California Code of Civil Procedure § 731. ECF No. 1-2 ¶¶ 234-256. Both claims, as expressly authorized by the governing statutes, are brought on behalf of "the general public" and "the People of the State of California." *Id.* ¶¶ 235, 251, 256.

The People's Complaint seeks relief that includes, among other things, (1) a permanent injunction requiring Defendants to cease their unlawful practices and implement corrective measures **statewide**, and (2) civil penalties under California Business and Professions Code section 17206. *Id.* at Request for Relief.

### B. Defendants' Removal

Despite the People's admonition that there was no legal basis justifying removal, on January 7, 2026, Defendants removed this action to federal court, asserting diversity jurisdiction under 28 U.S.C. § 1332. ECF No. 1 ¶¶ 7, 13-44. Defendants argue that the "real party in interest" is the City and County of San Francisco—not the State of California—and that complete diversity therefore exists because San Francisco is a citizen of California and all Defendants are citizens of other states. *Id.* ¶¶ 24, 27, 32-44.

Defendants' theory rests primarily on *Moor v. Alameda County*, 411 U.S. 693 (1973), and *Department of Fair Employment & Housing v. Lucent Technologies, Inc.*, 642 F.3d 728 (9th Cir. 2011). Defendants contend that because the San Francisco City Attorney filed the Complaint, and because some of the alleged harms affect San Francisco, the City and County—not the State—is the real party in interest. ECF No. 1 ¶¶ 31. This theory is misplaced.

## III.  LEGAL STANDARD

### A. The Removal Statute Is Strictly Construed Against Removal.

Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by the Constitution and Congress. *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025).

A defendant may remove a civil action filed in state court only if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1446.

Because removal implicates federalism and comity, the removal statute is strictly construed against removal jurisdiction, and there is a strong presumption against removal. *See Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir.1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir.1985). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979). Jurisdiction is assessed based upon the operative pleadings. *Royal Canin*, 604 U.S. at 35; *California by & through Harrison v. Express Scripts, Inc.*, 154 F.4th 1069, 1078 (9th Cir. 2025). Furthermore, the removing defendants bear the burden of establishing the receiving court has subject matter jurisdiction. *See, e.g., Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1061 (9th Cir. 2021) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). If at any time the Court determines it lacks subject matter jurisdiction, it must remand. 28 U.S.C. § 1447(c).

### B.    Diversity Jurisdiction Requires Complete Diversity.

Diversity jurisdiction exists only where the amount in controversy exceeds $75,000 (exclusive of interest and costs) and the action is between "citizens of different States." 28 U.S.C. § 1332(a). Complete diversity is required such that each plaintiff must be of diverse citizenship from each defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84, 89 (2005).

A State is not a "citizen" for purposes of section 1332. Accordingly, actions in which a State is the real party in interest are not removable (or maintainable) on diversity grounds. *Moor*, 411 U.S., at 717; *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1123 (9th Cir. 2013). Accordingly, where the People of the State of California bring an action to enforce California state law, diversity jurisdiction is absent. *See Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 174 (2014).

### C.    Real Party in Interest: The Court Applies the "Essential Nature and Effect" / "Case as a Whole" Inquiry.

In cases where a complaint is filed in the name of a sovereign (or "the People") and defendants contend a different entity is the real party in interest, the Court examines the case "as a whole" to

-4-

determine the action's "essential nature and effect." *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 670 (9th Cir. 2012); *Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 737 (9th Cir. 2011).

In conducting that inquiry, courts consider:

1.    The substantive state law being enforced and the source of authority to sue (*e.g.*, whether the action is brought pursuant to delegated sovereign enforcement authority, as opposed a political subdivision's proprietary authority), *see Nevada*, 672 F.3d 670-72; *Lucent*, 642 F.3d at 737;

2.    Whether the action seeks to vindicate a specific, concrete state interest (as opposed to only a generalized interest in the welfare of residents). *see Nevada*, 672 F.3d at 670; *Lucent*, 642 F.3d at 737; and

3.    The nature of the relief requested, including whether the complaint seeks substantial relief that is uniquely sovereign (for example, civil penalties available only in public enforcement actions), and whether the relief primarily operates to enforce public law rather than to compensate a proprietary local injury.  *See Nevada*, 672 F.3d at 671-72; *see also Cnty. Of San Mateo v. Monsanto Co.*, 644 F.Supp.3d 566, 570-571 (N.D. Cal. 2022).

No single consideration is dispositive.  Rather, the Court evaluates the proceeding's overall character and practical effect.  *Nevada*, 672 F.3d at 670-72; *Lucent*, 642 F.3d at 737.

## IV.    ARGUMENT

The People of the State of California is the real party in interest.  Each of the three principal factors used to assess the essential nature and effect of the instant case supports that conclusion: (1) the action is brought in the name of the People pursuant to express statutory grants of sovereign enforcement authority; (2) the action vindicates California's specific, concrete interest in enforcing statewide consumer protection law and deterring unlawful business practices; and (3) the People's Complaint seeks substantial sovereign relief—most notably, civil penalties available only in public enforcement actions brought in the People's name.  Because the State is the real party in interest and a State is not a citizen for diversity purposes, this Court lacks subject-matter jurisdiction and must remand.

A.     **The People of the State of California Is the Real Party in Interest.**

1.     **The "State of California" and the "People of the State of California" are the Same Party.**

The sole Plaintiff in this action is "the People of the State of California."  ECF No. 1-2 ¶ 15. Under California law, the "People" and the "State" are one and the same sovereign.  Cal. Gov. Code § 100 ("The sovereignty of the state resides in the people thereof," and all processes and prosecutions must be conducted in the name of "The People of the State of California" and by their authority); *see also People of the State of Cal. v. Glen Arms Estate, Inc.*, 230 Cal. App. 2d 841, 854 n.10 (1965) ("the sovereignty of the state is in the people" and "the 'People of the State' and 'The State' being descriptive of the same sovereignty'").  "The People are the same party as the State of California," and "a state is not a citizen of itself" for diversity purposes.  *People of the State of California v. Steelcase, Inc.*, 792 F. Supp. 84, 86 (C.D. Cal. 1992).  Accordingly, an action such as this one brought in the name of the People cannot be maintained in federal court on diversity grounds.  *Id.*

Further, the City Attorney shares the sovereign enforcement authority with the California Attorney General.  Cal. Bus. & Prof. Code §§ 17204, 17206; *see also Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 503 (Cal. App. 2003); *Cal. Or. Power Co. v. Superior Court of Cal.*, 45 Cal. 2d 858, 871 (Cal. 1956).  Because the San Francisco City Attorney is expressly authorized to prosecute this action "in the name *of the people*," Cal. Bus. & Prof. Code §§ 17204, 17206 (emphasis added), he is exercising **the State's** own sovereign authority—not that of the City and County of San Francisco. *People v. Pac. Land Research Co.*, 20 Cal. 3d 10, 17 (Cal. 1977) ("[a]n action filed by the People seeking injunctive relief and civil penalties is fundamentally a law enforcement action … designed to prevent continued violations of law … [and] to penalize a defendant for past illegal conduct"); *People v. Lim*, 18 Cal. 2d 872, 877-78 (Cal. 1941) (courts have granted equitable relief in actions brought by the State under public nuisance statutes "even though the acts were also criminal").

2.     **This Action Vindicates Specific, Concrete Interests—Enforcing Consumer Protection Law and Protecting Public Health.**

The People have a "specific, concrete interest" in this litigation that goes far beyond a generalized concern for the welfare of its citizens.  *Nevada*, 672 F.3d at 670.  This lawsuit is "fundamentally a law enforcement action designed to protect the public and not to benefit private

-6-

parties." *California v. HomeAway.com, Inc.*, No. 2:22-cv-02578-FLA (JPRx), 2023 WL 2497862, at *2 (C.D. Cal. Mar. 14, 2023) ("*HomeAway*") (citing *City & Cnty. of San Francisco v. PG & E Corp.*, 433 F.3d 1115, 1125-26 (9th Cir. 2006)).

Indeed, California's interest in enforcing its consumer protection laws is both "substantial and specific." *E.g.*, *HomeAway*, 2023 WL 2497862, at *2 ("The public has a substantial and specific interest in enforcing consumer protection laws.") (citing *Vasquez v. Super. Ct.*, 4 Cal. 3d 800, 808 (1971)).  Here, the People seek to remedy a statewide public health crisis Defendants caused by deceptively marketing and selling UPF without disclosing their dangerous and addictive nature and by targeting children and vulnerable communities across the State.  ECF 1-2 ¶¶ 10, 12, 236-237.  This is a quintessential "substantial and specific" interest.

The Central District has reached similar conclusions in two materially similar UCL suits.  In *Purdue Pharma*, for instance, the People of the State of California, there acting by and through the Orange County District Attorney and Santa Clara County Counsel, sued pharmaceutical manufacturers for alleged deceptive marketing that created an epidemic of opioid abuse.  The court reasoned that the State was the real party in interest because the People had a substantial interest in addressing conduct that "jeopardiz[es] the health and safety of all Californians."  *California v. Purdue Pharma, L.P.*, No. SACV 14–1080–JLS (DFMx), 2014 WL 6065907, at *3 (C.D. Cal. Nov. 12, 2014).

So, too, in *HomeAway*.  2023 WL 2497862, at *1.  In that case, the City Attorney sued an online platform for short-term housing rentals for failing to properly register hosts (thereby violating local law).  The court noted that because the suit sought to eliminate unlawful business practices that contributed to the statewide housing crisis, the State had a concrete interest in the lawsuit and the People of the State was the real party in interest.  *See id.* at *2-3, 10 (citations omitted).

The same is true here.  The harms alleged are not limited to the City and County of San Francisco or the general welfare of certain California residents.  Rather, Defendants' conduct presents a serious threat to the health and safety of all Californians.

Because the "essential nature and effect" of this case is the enforcement of state law to protect the public health of millions of Californians, the State's interest is specific and concrete.  *Nevada*, 672 F.3d at 670.

### 3.    The Complaint Seeks Substantial Sovereign Relief.

The nature of the relief requested in this lawsuit also weighs heavily in favor of finding that the State of California is the real party in interest.  *Nevada*, 672 F.3d at 671.

First, the People seek civil penalties under Business and Professions Code section 17206.  ECF 1-2 (Compl. Request for Relief No. 4).  These penalties are "available only to the government, not to private litigants," and must be brought "in the name of the People."  *California by & Through Chiu v. InComm Fin. Servs., Inc.*, Case No. 3:23-cv-06456-WHO, 2024 WL 1281330, at *5 (N.D. Cal. Mar. 26, 2024) ("[W]here relief "available to the government alone rather than to individual consumers, this favors finding the State is the real party in interest" (cleaned up (citing *Nevada*, 672 F. 3d at 671-72))).

Defendants' argument that the City and County of San Francisco is the real party because it would receive any civil penalties awarded (ECF 1 ¶ 26) is a red herring.  *See InComm*, 2024 WL 1281330, at *5.  Under the UCL, any penalties received by the City Attorney must be used "for the exclusive use … for the enforcement of consumer protection laws." Cal. Bus. & Prof. Code § 17206(e). In such circumstances, "where the money flows is less important than what it is used for."  *InComm*, 2024 WL 1281330, at *5 (citing *Nevada*, 672 F.3d at 671–72); *see also California v. Kroger Co*., No. 2:24-cv-05582-JLS-KS, 2024 WL 4453267, at *2 (C.D. Cal. Oct. 9, 2024) (rejecting similar argument that counties would recover penalties because penalties benefit State's ability to enforce laws).  Here, any monetary award is statutorily required to be used "to advance a State interest—the enforcement of consumer protection laws.  *InComm*, 2024 WL 1381220, at *6 (citing Cal. Bus. & Prof. Code s. 17206(c)(4)).  Because the penalties the People seek are punitive and will be used exclusively to fund future state law enforcement, they are a quintessential sovereign remedy.

Second, the People seek a *statewide* permanent injunction to restrain Defendants' deceptive marketing.  ECF 1-2 (Compl. Request for Relief No. 1).  *See People v. Boehringer Ingelheim Pharms., Inc.*, 2017 WL 3269074, at *3 (C.D. Cal. July 31, 2017) (finding that the requested relief supports that holding that California is the real party where "the People seek injunctive relief and civil penalties that are designed to benefit the public as a whole").  While injunctive relief can be sought by private parties, the State faces a "lower evidentiary standard" when seeking such relief in its sovereign capacity. *InComm*, 2024 WL 1281330, at *6 (citing *Purdue Pharma*, 2014 WL 6065907, at *3).  This lower

burden reflects the State's unique interest in protecting the public from widespread harm, and courts have held it sufficient to show an action is servingstate interests.  *See id.*

Third, the fact that the public nuisance count seeks abatement specifically within San Francisco does not alter the action's "essential nature and effect."  Indeed, in *Nevada*, the Ninth Circuit held that a state's sovereign interest is "not diminished merely because it has tacked on a claim for restitution" that benefits specific individuals.  672 F.3d at 671.  The same logic applies here: the State's strong and distinct interest in enjoining statewide misconduct and recovering civil penalties is not diminished by the inclusion of an abatement remedy which is properly sought by the People but limited to the City and County of California by law.  *Id.*; Cal. Code Civ. P. § 731; Cal. Civ. Code §§ 3479 & 3480; *see also Cnty. of San Mateo v. Monsanto Co.*, 644 F.Supp.3d 566 (N.D. Cal. 2022) (remanding public nuisance action); *Cnty. of Santa Clara, Wang*, No. 5:20-cv-05823-EJD, 2020 WL 8614186, at *2-3 (N.D. Cal. 2020) (same; "Public nuisance actions are brought on the People's behalf" (quoting *Purdue Pharma*, 2014 WL 6065907, at *2)).

When viewed as a whole, the relief sought is designed to vindicate public rights and enforce state law.  The State of California is the real party in interest.

### B.    Defendants' Reliance on *Moor* and *Lucent* Is Misplaced.

Defendants' removal theory rests on a fundamental mischaracterization of this action as a municipal dispute.  As explained above, this is a sovereign enforcement proceeding.  Their reliance on *Moor* and *Lucent* should be given no weight.

Indeed, a court in this district just recently considered and explicitly rejected the argument Defendants make in support of diversity jurisdiction.  In *Incomm*, Judge Orrick distinguished *Lucent* and found that where the City and County of San Francisco brought a civil action on behalf of the People to enforce California's UCL (as it has done here), that case was "akin to *Nevada, Purdue Pharma,* and *Homeaway.com* … because [the People] seek to assert statewide protections under the UCL and protect California consumers as a whole."  2024 WL 1281330, at *4; see also *People of California, ex rel. Herrera v. Check 'N Go of California, Inc.*, No. C 07-02789 JSW, 2007 WL 2406888, at *5 (N.D. Cal. Aug. 20, 2007) (remanding because, *inter alia*, the Court lacked diversity jurisdiction).  Judge Orrick also found that where the People sought restitution, "the state's 'sovereign interest in protecting its

-9-

citizens and economy is not diminished merely because it has tacked on a claim for restitution.'"  *Id.*, at *6.  In short, Judge Orrick remanded the case in *Incomm* for the same reasons the People now argue this case should be remanded and which are detailed in Section IV(A), *supra*.

*Moor v. Alameda County* is inapposite on its facts and its holding.  First, in *Moor*, two individuals sued Alameda County and certain of its law enforcement officers for civil rights violations under the California Tort Claims Act.  There was no question, therefore, of the County's bringing a lawsuit in its law enforcement capacity on behalf of the People of the State.  *Alameda County* was the party—not the People.  Further, in *Moor*, the Supreme Court did not hold that a County is always a citizen of its host state for diversity purposes.  The Court's holding was more narrow: The Court held only that a California county is a "citizen" for diversity purposes when it is sued (or sues) in its own name as a "body corporate and politic."  411 U.S. 693, 717–21 (1973).  Here, the City and County of San Francisco is not suing in its own name: The City Attorney, exercising his delegated state authority to prosecute violations of the law, has brought suit on behalf of the "the People of the State of California."  ECF No. 1-2 ¶ 15; Cal. Bus. & Prof. Code §§ 17204, 17206.  The City and County of San Francisco *is not the Plaintiff*.  Defendants cannot use *Moor* to strip the State of its sovereign status simply because a local official is the authorized prosecutor.

*Lucent* does not support diversity jurisdiction here either.  There, the Ninth Circuit found the State was not the real party in interest because the state agency was seeking "individualized relief" (reinstatement and backpay) for a single private employee.  642 F.3d at 737–39.  The court reasoned that the State's interest was merely a "general" interest in the welfare of its citizens.  *Id*.  By contrast, the People here seek civil penalties and statewide injunctive relief—remedies "available only to the government" and designed to vindicate "rights common to the public."  *InComm*, 2024 WL 1281330, at *5; *Purdue Pharma*, 2014 WL 6065907, at *3.  As numerous courts across California have held when remanding materially similar UCL actions, *Lucent*'s holding is inapplicable to circumstances  where the public prosecutor seeks to "protect the public and not to benefit private parties."  *HomeAway*, 2023 WL 2497862, at *2; *see also InComm*, 2024 WL 1281330, at *6 (rejecting the same *Lucent* argument here raised by Defendants); *California v. Exide Techs. Inc.*, 2014 WL 12607708, at *2 (C.D. Cal. Apr. 9,

2014) (rejecting similar *Lucent* arguments).  Because this action seeks to enforce public law and recover sovereign penalties, the State is the real party in interest, and *Lucent* does not apply.

## V.    CONCLUSION

For the reasons set forth above, the State of California is the real party in interest in this action. And, because a State is not a citizen for purposes of diversity jurisdiction, this Court lacks subject-matter jurisdiction.  28 U.S.C. § 1332(a).

Accordingly, Plaintiff respectfully requests that the Court grant this motion, remand this action to the Superior Court of California, County of San Francisco.

Respectfully submitted,

Dated:  January 28, 2026              By:     /s/ David Chiu

DAVID CHIU (SBN 189542)
City Attorney
YVONNE R. MERÉ (SBN 173594)
Chief Deputy City Attorney
SARA J. EISENBERG (SBN 269303)
Chief of Complex & Affirmative Litigation
JESSE E. LANIER (SBN 303395)
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, CA 94102
Tel.: 415-554-3944
Email: jesse.lanier@sfcityatty.org

Jennie Lee Anderson (SBN 203586)
ANDRUS ANDERSON LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
Tel.: 415-986-1400
jennie@andrusanderson.com

Diandra S. Debrosse*
DICELLO LEVITT LLP
505 20th Street North, Suite 1500
Birmingham, AL 35203
Tel.: 205-453-6415
fu@dicellolevitt.com

Adam J. Levitt*
Daniel R. Ferri*
DICELLO LEVITT LLP
Ten North Dearborn Street, Sixth Floor
Chicago, IL 60602
Tel.: 312-214-7900
alevitt@dicellolevitt.com
dferri@dicellolevitt.com

Rene F. Rocha*
MORGAN & MORGAN, P.A.
1100 Poydras Street, Suite 2900
New Orleans, LA 70163
Tel.: 504-636-6310
rrocha@forthepeople.com

Frank M. Petosa*
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Tel.: 954-318-0268
fpetosa@forthepeople.com

Attorneys for Plaintiff The People of the State of California, acting by and through San Francisco City Attorney David Chiu

*pro hac vice forthcoming

1    I, Jennie Lee Anderson, am the ECF User whose ID and password are being used to file this

2    document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories

3    identified above has concurred in this filing.

4

5

6                            _/s/ Jennie Lee Anderson__
                            Jennie Lee Anderson

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION TO REMAND