DAVID CHIU (SBN 189542)
City Attorney
YVONNE R. MERÉ (SBN 173594)
Chief Deputy City Attorney
SARA J. EISENBERG (SBN 269303)
Chief of Complex & Affirmative Litigation
JESSE E. LANIER (SBN 303395)
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, CA 94102
Tel.:   415-554-3944
Email: Jesse.Lanier@sfcityatty.org
Attorneys for Plaintiff the People of the State of California,
acting by and through San Francisco City Attorney David Chiu

*[Additional counsel appear on signature page.]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, Acting by and through San Francisco City Attorney DAVID CHIU,<br><br>Plaintiff,<br><br>vs.<br><br>THE KRAFT HEINZ COMPANY, *et al.*,<br><br>Defendants. | Case No. 4:26-cv-00183<br><br>Removed from the Superior Court of California, County of San Francisco, Case No. CGC-25-631189<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION AND MOTION TO REMAND**<br><br>Date Action Filed:   December 2, 2025<br>Trial Date:   Not set |

## I. INTRODUCTION

For the past three decades, courts in the Ninth Circuit have consistently remanded actions brought by public prosecutors for lack of diversity jurisdiction. This Court should treat this case no differently. The State of California is the real party in interest in this case, and diversity jurisdiction, therefore, does not exist. The City Attorney, on behalf of the People, brings this case to vindicate well-established State interests: the protection of Californians and the California economy from false, unfair, and deceptive practices related to marketing of ultra-processed foods. The relief sought—civil penalties uniquely available to the People and a statewide injunction protecting all California consumers—benefits all Californians. Defendants fall far short of meeting their burden to justify removal by relying completely on authorities inapposite, distinguishable, or out-of-circuit. Before Defendants removed this case, counsel for the People advised that there was no objectively reasonable basis to do so. Accordingly, the People again reserve the right to seek costs and fees related to remand.

## II. ARGUMENT

### A.  The "Case as a Whole" Confirms That the People Are the Real Party in Interest.

Removal statutes are strictly construed, and Defendants bear the burden to establish jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). To determine the real party in interest, the Court looks at "the case as a whole" and asks whether the "essential nature and effect of the proceeding" primarily vindicates state interests and primarily obtains relief for the State. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 670 (9th Cir. 2012) (citation omitted).

Defendants cannot meet their burden. Defendants' opposition seeks to reframe the People's enforcement action as a local dispute brought for San Francisco's benefit. (ECF 67 at 7.) They point to allegations describing San Francisco-specific public health data and costs and argue those allegations show that San Francisco is the real party in interest. (*Id.* at 10-11, 14-15.)

But the Complaint also alleges harms throughout California. For instance, the Complaint alleges that Defendants engineered and deceptively marketed ultra-processed foods *throughout California and nationwide*. (ECF 1-2 ¶¶ 16-40, 126-128, 148, 157, 236-237.) It alleges a *statewide* public health crisis and widespread economic harm, including disproportionate impacts on children and on Black and Latine/x communities *across California*. (ECF 1-2 ¶¶ 4, 10, 131–47, 173–78, 219–33, 236–37.)

-1-

Further, the People seek statewide injunctive relief and civil penalties for violations occurring *within the State of California*. (ECF 1-2, Request for Relief ¶¶ 1, 4.) The Complaint's inclusion of some localized facts, such as supplemental allegations concerning harm to San Francisco residents, does not transform a statewide consumer protection enforcement proceeding into a municipal damages action. *See Nevada*, 672 F.3d at 670–72 (holding real party in interest is determined by whose interest the proceeding principally serves); *California by & Through Chiu v. InComm Fin. Servs., Inc.*, No. 3:23-cv-06456-WHO, 2024 WL 1281330, at *4 (N.D. Cal. Mar. 26, 2024). The lawsuit principally serves the People, and the People are the real party in interest.

Courts in the Northern District have considered and rejected arguments identical to those Defendants raise here. For instance, in a materially similar UCL enforcement action brought by this Office on behalf of the People, Judge Orrick rejected the same diversity removal theory Defendants raise here and remanded. *InComm*, 2024 WL 1281330, at *6. There, defendants argued San Francisco was the real party in interest because the City Attorney brought the case. The Court rejected that position and held that the People were the real party in interest because the action sought to "assert statewide protections under the UCL and protect California consumers as a whole." *Id.* at *4. *InComm* is but one example of the Northern District's rejection of Defendants' argument. *See*, *e.g.*, *Cnty. of San Mateo v. Monsanto Co.*, 644 F. Supp. 3d 566, 571-74 (N.D. Cal. 2022); *In re Facebook, Inc., Consumer Privacy User Profile Litig.*, 354 F. Supp. 3d 1122, 1135-36 (N.D. Cal. 2019); *People of the State of Cal. ex rel. Herrera v. Check 'N Go of Cal., Inc.*, No. C 07-02789 JSW, 2007 WL 2406888, at *5–7 (N.D. Cal. Aug. 20, 2007). Notably, Defendants cite no Northern District decision adopting their contrary approach.

Defendants' efforts to circumvent *InComm* do not persuade. Defendants first assert that "not one" of the People's authorities "engages with" the Ninth Circuit's decision in *Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728 (9th Cir. 2011) ("*Lucent*"). (ECF 67 at 15.) Not so. *InComm* expressly discusses *Lucent*, including the reasoning from *Lucent* Defendants invoke here, and distinguished *Lucent* before applying the controlling "case as a whole" inquiry from *Nevada*. *InComm*, 2024 WL 1281330, at *3–4.

Defendants next contend *InComm* was wrongly decided for relying on a "quasi-sovereign" interest. But *Lucent* did not announce a categorical rule that a state's quasi-sovereign enforcement

-2-

interests can never support real-party status. Instead, in *Lucent*, the Ninth Circuit held that the "general governmental interest[s]" reflected in FEHA's policy statements could not override the proceeding's essential character where the lawsuit sought individualized relief for a single employee. *Lucent*, 642 F.3d at 738–39. A year later, the Ninth Circuit explained that the rationale in *Lucent* "compels the conclusion" that the State is the real party in interest when the attorney general sues to protect large numbers of residents and the state economy from allegedly deceptive practices. *Nevada*, 672 F.3d at 670. In sum, *InComm* is entirely consistent with controlling Ninth Circuit law by correctly treating California's interest in enforcing its consumer protection laws as sufficient when it is the primary interest in the case. 2024 WL 1281330, at *3.

Finally, Defendants invoke *Missouri, Kansas & Texas Ry. Co. v. Missouri R.R. & Warehouse Comm'rs*, 183 U.S. 53 (1901) ("*Missouri Railway*"), a 125-year-old case, to argue that the State is the real party in interest only if relief inures solely to the State. (ECF 67 at 8-9.) But Defendants misrepresent *Missouri* Railway's teachings: There, the Supreme Court observed only that when relief "inures to it alone," the State is the real party in interest. *Missouri Railway*, 183 U.S. at 59. The Court did not hold that this is the only circumstance in which the State could be a real party in interest. *Id. Nevada*'s reasoning illustrates this principle. In *Nevada*, examining the "case as a whole," the Ninth Circuit held the State was the real party—even though restitution would flow to individual victims—because the State's consumer protection enforcement interests predominated and the State sought sovereign remedies, including civil penalties and injunctive relief. 672 F.3d at 670–72. Moreover, applying *Nevada*, *InComm* rejected an argument identical to that Defendants make here. 2024 WL 1281330, at *5. The Court should follow *Nevada* and the on-point Northern District application of *Nevada* in *InComm* and remand this case to state court.

**B.     The UCL's Delegation of Enforcement Confirms the People's Interests.**

Defendants invoke *Lucent* to argue that the UCL's delegation of enforcement authority to the City Attorney is "immaterial" to the real-party inquiry. (ECF 67 at 19.) That argument misreads *Lucent*.

*Lucent* did not hold that statutory frameworks are never material. To the contrary, the Ninth Circuit expressly stated that "courts consider the substantive state law" when determining the real party in interest. *Lucent*, 642 F.3d at 738. What *Lucent* rejected was *de facto* acceptance of a state statute's

-3-
PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

"pronouncement of the real party in interest" without examining the proceeding's actual nature and effect. *Id.* at 739 n.7. The Court must still assess "the case as a whole" to determine whether state interests predominate. *Nevada*, 672 F.3d at 670. As demonstrated above and in the People's opening brief, they plainly do.

Here, the UCL's framework confirms the nature of the proceeding. The statute authorizes city attorneys to bring "civil action[s] in the name of the people of the State of California" to enforce consumer protection laws and recover civil penalties. Cal. Bus. & Prof. Code §§ 17204, 17206. Both the California Supreme Court and the Ninth Circuit have recognized that such a civil action is "fundamentally a law enforcement action designed to protect the public and not to benefit private parties." *City & Cnty. of San Francisco v. PG&E Corp.*, 433 F.3d 1115, 1125-26 (9th Cir. 2006) (quoting *People v. Pac. Land Rsch. Co.*, 20 Cal. 3d 10, 17 (1977)). The UCL statute does not merely label the plaintiff. It defines the proceeding's essential character as sovereign enforcement.

District courts have consistently found that this delegation supports a finding that the People are the real party in interest. *See California v. HomeAway.com, Inc.*, No. 2:22-cv-02578-FLA (JPRx), 2023 WL 2497862, at *2 (C.D. Cal. March 14, 2023) ("the California legislature authorized city attorneys . . . to bring civil enforcement actions on behalf of the People"); *California v. Purdue Pharma L.P.*, No. SACV 14–1080–JLS (DFMx), 2014 WL 6065907, at *3 (C.D. Cal. Nov. 12, 2014) ("*Lucent* and *Nevada* compel the conclusion that the People of the State of California—and therefore the State itself—are the real party in interest in this case. UCL and FAL actions brought by local prosecutors are brought 'in the name of the people of the State of California.' And as the substantive state law makes clear, the 'People of the State' and 'The State' are descriptive of the same sovereignty.") (cleaned up); *Monsanto*, 644 F. Supp. 3d at 571 ("First, the applicable substantive law indicates that California is a real-party-in interest. To combat a public nuisance, California Code of Civil Procedure § 731 authorizes 'the district attorney or county counsel of any county in which the nuisance exists, or . . . the city attorney of any town or city in which the nuisance exists' to bring a suit 'in the name of the people of the State of California.'" (alteration in original)); *Nevada*, 672 F.3d at 670 (noting "there is no doubt that the Attorney General has statutory authority to pursue such claims" under Nevada's consumer protection statute).

Defendants attempt to distinguish cases like *Monsanto* by pointing to discrete property interests like pollution of state waterways. (ECF 67 at 15-16.) This distinction fails. *Monsanto's* ruling did not depend upon the property interest at stake in the litigation. Rather, *Monsanto* held that the State was the real party in interest because of the statutory authorization to sue on behalf of the People. *Monsanto*, 644 F. Supp. 3d at 571. And, *Nevada* confirms that the State may be the real party in interest without the existence of any discrete property interests. 672 F.3d at 670-71.

Defendants' attempt to dismiss the statutory framework ignores controlling authority and the nature of this case "as a whole."

### C. The Relief Sought Confirms the Sovereign Enforcement Nature.

Defendants next argue the relief sought shows that San Francisco is the real party in interest, focusing on civil penalties and where those funds may be deposited once recovered. (ECF 67 at 11.) Contrary to Defendants' arguments, however, the remedies sought only confirm the sovereign enforcement character of the proceeding. *Nevada*, 672 F.3d at 671–72.

First, civil penalties under the UCL are available only to government plaintiffs, including officials acting in their capacity as public prosecutors. Cal. Bus. & Prof. Code § 17206(a). The Ninth Circuit treated that fact as a strong indicator that the State was the real party in interest in *Nevada* because such penalties are available only to the government and serve enforcement and deterrence goals. 672 F.3d at 672. Judge Orrick applied the same reasoning in *InComm*. 2024 WL 1281330, at *5–6.

Defendants' allocation argument does not change the character of the remedy. California law restricts the use of penalties recovered by a city attorney to consumer law enforcement purposes—including but not limited to additional enforcement actions on behalf of the People. Cal. Bus. & Prof. Code § 17206(f); *see also id.* § 17206(c)(4). As *InComm* explained, "where the money flows is less important than what it is used for." 2024 WL 1281330, at *5. The statutory use restrictions confirm that penalties advance a State interest, even when they are administered by a local prosecutor's office.

Moreover, the People seek statewide injunctive relief[1] directed at stopping Defendants' alleged unlawful practices across California. (ECF 1-2, Request for Relief ¶ 1.) That relief is a hallmark of sovereign enforcement. *See InComm*, 2024 WL 1281330, at *6 (holding that civil penalties and injunctive relief "benefits state interests, which shows that the State is the real party in interest"); *Nevada*, 672 F.3d at 671–72 (explaining that "[t]he state's strong and distinct interest in this litigation is further strengthened by the other forms of relief it seeks," including "injunctive relief"). Defendants' attempt to reduce the case to San Francisco-specific allegations is inconsistent with the nature of relief the People seek and the statewide remedies the People request.

That some relief may have effect San Francisco does not defeat real-party status under the "case as a whole" inquiry.[2] For instance, the Ninth Circuit rejected the argument that a State's sovereign interest is "diminished merely because it has tacked on a claim" that benefits individuals. *Nevada*, 672 F.3d at 671. The same logic applies where an enforcement action seeks abatement or other relief that has concentrated effects in one locale. The question remains whether the proceeding, taken as a whole, primarily serves state interests and seeks sovereign enforcement relief. *Id.* at 670–72. Here, as demonstrated above and in the People's opening brief, it does.

**D.     Defendants' Out-of-District Authorities Do Not Support Removal.**

Defendants point to *California v. Northern Trust Corp.*, No. CV 12-01813 DMG (FMOx), 2012 WL 12888851 (C.D. Cal. Dec. 19, 2012), and *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 238 F. Supp. 3d 723 (E.D. Pa. 2017). (ECF 67 at 15.) Neither supports removal here—each are distinguishable.

In *Northern Trust*, after the Los Angeles City Employees' Retirement System ("LACERS") suffered losses on certain investments, the Los Angeles City Attorney sued the bank and investment

---

[1] Notably, Defendants do not address the People's arguments that seeking abatement of public nuisance within San Francisco does not alter the action's "essential nature and effect." (ECF 50 at 10). By failing to counter, Defendants have conceded the point.

[2] Finally, Defendants cite *Moor v. Alameda County*, 411 U.S. 693 (1973), for the general proposition that counties are citizens for diversity purposes. (ECF 67 at 19.) The People do not dispute that proposition. The question is whether California is the real party in interest under *Nevada*'s case-as-a-whole test. 672 F.3d at 670–72. As illustrated here—it is

advisor with which LACERS contracted to handle its investments. 2012 WL 12888851, at *1. The plaintiff brought a False Claims Act claim and a UCL claim. A False Claims Act claim may *only* be brought by a political subdivision on its own individual behalf and not on behalf of the People. *See* Cal. Gov't Code §§ 12651–12652. The plaintiff's UCL claim sought recovery of the money LACERS lost as a result of the defendants' alleged misconduct. *Northern Trust* at *1–3. The plaintiff did not allege harm to consumers at large. *Id.* at *3. The court accordingly concluded that LACERS, not the People, was the real party in interest in light of the alleged private harm, the nature of the relief (which included treble damages under the False Claims Act, $95 million in restitution, and comparatively miniscule civil penalties), as well as the fact that relief would overwhelmingly benefit LACERS alone and not the public. *Id.* at *4–6.

Defendants' attempt to wield *In re Avandia*, an out-of-circuit district court case, likewise fails. *In re Avandia* depends on the premise that, where civil penalties may be paid to a local prosecutor, the relief does not "inure to the benefit of the state alone." (ECF 67 at 15.) As explained above, however, the Ninth Circuit does not impose an "inures to the State alone" requirement. Courts in the Ninth Circuit instead analyze the case as a whole to determine whether the State is the real party in interest. *Nevada*, 672 F.3d at 670–72. Additionally, at least two courts in this District have explicitly declined to follow *In re Avandia*. *See In re Facebook, Inc., Consumer Privacy User Profile Litig.*, 354 F. Supp. 3d at 1135 (explaining why *Avandia* likely misapplied the law, noting the decision "contains several analytical errors"); *InComm*, 2024 WL 1281330, at *6 (following *In re Facebook* and finding *Avandia's* reliance "misplaced"). Because California is the real party in interest, it is not a citizen for purposes of 28 U.S.C. § 1332, and diversity jurisdiction is absent. The Court should remand this case to state court.

### III. CONCLUSION

Comity requires federal courts to be reluctant to "'snatch cases which a State has brought from the courts of that State, unless some clear rule demands it.'" *In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 354 F. Supp. 3d at 1124 (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 21 n.22 (1983)). This action was brought by the People to recover for *all* Californians in California state court. Absent a clear basis for federal jurisdiction, the People's choice of venue must be honored. This Court should remand this case to state court.

| | | |
|---|---|---|
| 1 | | Respectfully submitted, |
| 2 | Dated: February 18, 2026 | By:    /s/ David Chiu |
| | | DAVID CHIU (SBN 189542) |
| 3 | | City Attorney |
| 4 | | JESSE E. LANIER (SBN 303395) |
| | | Deputy City Attorney |
| 5 | | YVONNE R. MERÉ (SBN 173594) |
| | | Chief Deputy City Attorney |
| 6 | | SARA J. EISENBERG (SBN 269303) |
| | | Chief of Complex & Affirmative Litigation |
| 7 | | Fox Plaza |
| | | 1390 Market Street, 6th Floor |
| 8 | | San Francisco, CA 94102 |
| | | Tel.: 415-554-3944 |
| 9 | | Email: jesse.lanier@sfcityatty.org |

Jennie Lee Anderson (SBN 203586)
ANDRUS ANDERSON LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
Tel.: 415-986-1400
jennie@andrusanderson.com

Diandra S. Debrosse
DICELLO LEVITT LLP
505 20th Street North, Suite 1500
Birmingham, AL 35203
Tel.: 205-453-6415
fu@dicellolevitt.com

Adam J. Levitt
Daniel R. Ferri
DICELLO LEVITT LLP
Ten North Dearborn Street, Sixth Floor
Chicago, IL 60602
Tel.: 312-214-7900
alevitt@dicellolevitt.com
dferri@dicellolevitt.com

Rene F. Rocha
MORGAN & MORGAN, P.A.
1100 Poydras Street, Suite 2900
New Orleans, LA 70163
Tel.: 504-636-6310
rrocha@forthepeople.com

-8-
PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

Frank M. Petosa
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Tel.: 954-318-0268
fpetosa@forthepeople.com

Attorneys for Plaintiff The People of the State of California, acting by and through San Francisco City Attorney David Chiu

I, Jennie Lee Anderson, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

    /s/ Jennie Lee Anderson
    Jennie Lee Anderson