DAVID CHIU (SBN 189542)
City Attorney
YVONNE R. MERÉ (SBN 173594)
Chief Deputy City Attorney
SARA J. EISENBERG (SBN 269303)
Chief of Complex & Affirmative Litigation
JESSE E. LANIER (SBN 303395)
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, CA 94102
Tel.: 415-554-3944
Email: Jesse.Lanier@sfcityatty.org

Attorneys for Plaintiff the People of the State of California,
acting by and through San Francisco City Attorney David Chiu

*[Additional counsel appear on signature page.]*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, Acting by and through San Francisco City Attorney DAVID CHIU, <br><br> Plaintiff, <br><br> vs. <br><br> THE KRAFT HEINZ COMPANY, et al., <br><br> Defendants. | Case No. 3:26-cv-00183 <br><br> Removed from the Superior Court of California, County of San Francisco, Case No. CGC-25-631189 <br><br> **NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS INCURRED AS A RESULT OF DEFENDANTS' IMPROPER REMOVAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** <br><br> Date Action Filed: December 2, 2025 <br> Hearing date: July 9, 2026 |

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Please take notice that Plaintiff People of the State of California (the "People") ask that this Court order Defendants Kraft Heinz Company, Inc., Mondelez International Inc., Post Holdings Inc., The Coca-Cola Company, PepsiCo, Inc., General Mills, Inc., Nestle USA, Inc., Kellanova, WK Kellogg Co., Mars Incorporated, Inc., and Conagra Brands, Inc. (collectively, "Defendants") to pay the fees and costs the People incurred as a result of Defendants' improper removal of this action to federal court, pursuant to Local Rule 7-3 and 28 U.S.C. section 1447(c), in the amount of **$83,870.50**.  This amount includes fees for attorney time spent preparing the motion to remand, reply brief in support, and for oral argument, as well as the time spent preparing the instant motion.

The People will appear for oral argument on July 9, 2026, at 2 p.m., or on another date shortly thereafter as convenient for the Court, by Zoom.

**MEMORANDUM OF POINTS AND AUTHORITIES**

### I.    INTRODUCTION

On April 23, 2026, this Court granted the People's motion to remand, noting it "ha[d] little difficulty ordering this case remanded." ECF No. 78 at 12. The Court further noted that "Defendants cite[d] no on-point, in-circuit authority to support their position." *Id.*

The Court's ruling should not have come as a surprise to Defendants. The Court's order remanding this case was not the first time Defendants were made explicitly aware that the law in the Ninth Circuit did not support their theory of removal. When Defendants' counsel first notified the People that they intended to remove this matter to federal court, counsel for the People explained to Defendants that the authorities upon which they intended to rely did not support their case for federal jurisdiction. **Exhibit A** to Declaration of Jesse Lanier ("Lanier Decl."). In correspondence with defense counsel, the People specifically cited 28 U.S.C. section 1452(a) ("A party may remove any claim or cause of action in a civil action *other than . . . a civil action by a governmental unit to enforce such governmental unit's police or regulatory power*…." (emphasis added)) and informed Defendants the People would not only move to remand but would also seek fees.

Nonetheless, Defendants removed.

Defendants' improper removal has created nothing but costly make-work—for the People and the Court—and has delayed the People's enforcement of California state law. The Court should hold Defendants accountable by ordering them to pay costs and fees the People incurred in remanding this case. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

### II.    ARGUMENT

**A. There Was No Objectively Reasonable Basis for Defendants to Remove This Action.**

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A fee award on remand is proper where there is no objectively reasonable basis to seek removal. *Martin*, 546 U.S. at 141. Removal is objectively unreasonable where defendants' asserted basis for removal was "clearly foreclose[d]." *Malgesini v. Malley*, No. 22-15625, 2023 WL 1281664, at *1 (9th Cir. Jan. 27, 2023) (award of fees not abuse of discretion where precedent precluded theory of removal); *Lussier v. Dollar*

NOTICE OF MOTION AND MOTION                3
CASE NO. 3:26-cv-00183

*Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008) (declining to award fees where premise for removal was issue of first impression). A finding of "bad faith" is not required to award fees incurred seeking a remand. *Moore v. Permanente Med. Grp.*, 981 F.2d 443, 446-48 (9th Cir. 2012).

Here, an award of fees is appropriate because Defendants' basis for removal was not objectively reasonable. On removal (and in opposition to the People's motion for remand), Defendants contended diversity jurisdiction existed because San Francisco is the real party interest. ECF 1, ¶ 24. Defendants' justification for this view was: (i) that the Complaint was brought by the City Attorney of San Francisco, (ii) the factual allegations in the Complaint focus on harm done to San Francisco County, not the State, and (iii) San Francisco would receive civil penalties collected as a result of the lawsuit. *Id.* ¶¶ 24-26.

This entire argument was "clearly foreclosed" by in-district authority. *See Houden v. Todd*, No. 08–35518, 348 Fed. Appx. 221, 223 (9th Cir. Sept. 3, 2009) (affirming objective unreasonableness where courts previously rejected theory of removal); *TPCO US Holding, LLC v. Fussell*, No. 23-CV-01324-EMC, 2023 WL 4312571, at *5 (N.D. Cal. July 3, 2023) (awarding attorneys' fees where removal unreasonable in light of "clearly established law in this realm").

As the People pointed out in their remand papers, and as this Court agreed, district courts in the Northern District have shown "unanimity or near-unanimity" in considering and explicitly rejecting arguments identical to Defendants'. ECF No. 78 at 12; *e.g., People of the State of Cal. ex rel. Chiu v. InComm Fin. Servs., Inc.*, No. 3:23-CV-06456-WHO, 2024 WL 1281330, at *6 (N.D. Cal. Mar. 26, 2024) (rejecting the same real party in interest removal theory in an unfair competition law enforcement action brought by this Office on behalf of the People); *Cnty. of San Mateo v. Monsanto Co.*, 644 F. Supp. 3d 566, 571-74 (N.D. Cal. 2022) (holding the People the real party in interest because pollution of single inland waterway harmed California as a whole and abatement would benefit state as a whole); *In re Facebook, Inc., Consumer Privacy User Profile Litig.*, 354 F. Supp. 3d 1122, 1135-36 (N.D. Cal. 2019) (holding interests of state "primarily" served by lawsuit where suit sought civil penalties unavailable to private plaintiffs and statewide injunctive relief); *People of the State of Cal. ex rel. Herrera v. Check 'N Go of Cal., Inc.*, No. C 07-02789 JSW, 2007 WL 2406888, at *5–7 (N.D. Cal. Aug. 20, 2007) (holding the People were the real party in interest in unfair

competition law enforcement action brought by this Office).  As the People argued on remand, and as this Court agreed, Defendants' theory of removal relied on misinterpretations of case law and out-of-circuit reasoning, and Defendants cited **no apposite Northern District authority**.  ECF NO. 78 at 12. Indeed, in briefing and at the hearing, Defendants failed to articulate a single legitimate basis for removal.  *See Reynolds v. Singh*, No. 222CV00601JAMKJN, 2022 WL 3135895, at *4 (E.D. Cal. Aug. 5, 2022) (awarding fees on remand where no legitimate basis for removal under applicable case law).[1]

Finally, as indicated above, the People told Defendants that their theory of removal was without merit and warned Defendants the People would move for fees on remand.  Lanier Decl. Ex. A. Defendants' insistence on removal after they were on notice is *itself* justification for an award of fees. *See Open Text Inc. v. Beasley*, No. 21-CV-03986-EMC, 2021 WL 3261614, at *7 (N.D. Cal. July 30, 2021) (awarding fees on remand where defendant put on notice that removal precluded by law).  Had Defendants heeded the People's warnings, the People would have been spared the substantial time and expense of filing a motion to remand (and the instant motion for fees) and could have proceeded expeditiously in the proper state court forum.  In these circumstances, fees are entirely appropriate. *See Martin*, 546 U.S. at 140 ("Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff.").

## B.  $83,870.50 Is a Reasonable Amount of Fees.

When determining a reasonable amount for attorneys' fees, federal courts use the lodestar method.  *Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2023).  Lodestar analysis considers two factors: the reasonableness of the number of hours and the reasonableness of the hourly rate.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The fee award is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.  *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996).  While courts may further adjust the fee award

---

[1] Even assuming *arguendo* Defendants' theory of removal was "fairly supportable," their theory was incompatible with the weight of authority in the Ninth Circuit.  *See Braco v. MCI WorldCom Communications, Ind.*, 138 F.Supp.2d 1260, 1270 (C.D. Cal. 2001) (awarding fees to plaintiff after granting motion for remand even where defendant's justification was "fairly supportable" by authority defendant cited but "contrary to law, as it has been expressed by the weight of authority").

NOTICE OF MOTION AND MOTION                        5
CASE NO. 3:26-cv-00183

after the lodestar calculation, there is a "strong presumption" that the calculation represents a reasonable fee. *Id.* at n.8.

Counsel for the People seek **$83,870.50** in fees. This requested fee amount represents a concerted effort to cull time entries where multiple timekeepers contributed to the same task and time co-counsel for the People spent in conference with one another. The People have further exercised billing discretion by only seeking fees for the attorney timekeepers who worked most actively on research, drafting, review, and revision of the motion to remand and reply, as well as those who most concertedly prepared for argument on the motion before this Court. A more detailed description of how the amount of fees were calculated, as well as information concerning the timekeepers' hourly rates is contained in the Lanier Declaration, submitted alongside this motion. *See Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (party seeking fees can meet its burden of justification by listing the hours worked and identifying the general subject matter of the time expenditures).

### III.    CONCLUSION

Defendants' removal of this action was objectively unreasonable. Accordingly, the People ask this Court order Defendants to pay the People's costs and fees incurred as a result of the removal in the amount of **$83,870.50**. *See Moore v. Kaiser Foundation Hospitals, Inc.*, 765 F. Supp. 1464, 1466 (N.D. Cal. 1991) ("As a matter of public policy, the party forced to bring a motion to remand an improperly removed case generally should be fully reimbursed for its costs in remanding the case whether the removal was in bad faith or otherwise.").

Dated: May 15, 2026                    Respectfully submitted,

                                       DAVID CHIU
                                       City Attorney
                                       YVONNE R. MERÉ
                                       Chief Deputy City Attorney
                                       SARA J. EISENBERG
                                       Chief of Complex and Affirmative Litigation
                                       JESSE E. LANIER
                                       Deputy City Attorney

                                 By:   /s/ *Jesse E. Lanier*
                                       JESSE E. LANIER
                                       Deputy City Attorney

                                       Attorneys for Plaintiffs
                                       THE PEOPLE OF THE STATE OF CALIFORNIA

                                       Jennie Lee Anderson (SBN 203586)
                                       William D. Harris, II*
                                       ANDRUS ANDERSON LLP
                                       1970 Broadway, Suite 1070
                                       Oakland, CA 94612
                                       Tel.: 415-986-1400
                                       jennie@andrusanderson.com
                                       will.harris@andrusanderson.com

                                       Diandra S. Debrosse*
                                       Alexius Miller (SBN 227004)
                                       DICELLO LEVITT LLP
                                       505 20th Street North, Suite 1500
                                       Birmingham, AL 35203
                                       Tel.: 205-453-6415
                                       fu@dicellolevitt.com
                                       amiller@dicellolevitt.com

                                       Adam J. Levitt*
                                       Daniel R. Ferri*
                                       DICELLO LEVITT LLP
                                       Ten North Dearborn Street, Sixth Floor
                                       Chicago, IL 60602
                                       Tel.: 312-214-7900
                                       alevitt@dicellolevitt.com
                                       dferri@dicellolevitt.com

                                       Rene F. Rocha*
                                       MORGAN & MORGAN, P.A.
                                       1100 Poydras Street, Suite 2900
                                       New Orleans, LA 70163
                                       Tel.: 504-636-6310
                                       rrocha@forthepeople.com

NOTICE OF MOTION AND MOTION                    7
CASE NO. 3:26-cv-00183

Frank M. Petosa*
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Tel.: 954-318-0268
fpetosa@forthepeople.com

Attorneys for Plaintiff The People of the State of California, acting by and through San Francisco City Attorney David Chiu

*pro hac vice forthcoming on remand in the Superior Court for the County of San Francisco

I, Jennie Lee Anderson, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

　　　　　　　　　　　　　　　　 /s/ Jennie Lee Anderson
　　　　　　　　　　　　　　　　　Jennie Lee Anderson

NOTICE OF MOTION AND MOTION
CASE NO. 3:26-cv-00183

9