DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ (SBN 173594)
Chief Deputy City Attorney
SARA J. EISENBERG (SBN 269303)
Chief of Complex & Affirmative Litigation
JESSE E. LANIER (SBN 303395)
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, CA 94102
Tel.: 415-554-3944
Email: Jesse.Lanier@sfcityatty.org

Attorneys for Plaintiff the People of the State of California,
acting by and through San Francisco City Attorney David Chiu

*[Additional counsel appear on signature page.]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, Acting by and through San Francisco City Attorney DAVID CHIU,<br><br>    Plaintiff,<br><br>    vs.<br><br>THE KRAFT HEINZ COMPANY, et al.,<br><br>    Defendants. | Case No. 3:26-cv-00183<br><br>Removed from the Superior Court of California, County of San Francisco, Case No. CGC-25-631189<br><br>**DECLARATION OF JESSE E. LANIER IN SUPPORT OF NOTICE OF MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES**<br><br>Date Action Filed: December 2, 2025<br>Trial Date: Not set |

DECLARATION OF JESSE E. LANIER
CASE NO. 3:26-cv-00183

1

I, Jesse E. Lanier, declare as follows:

1.     I am an attorney, licensed to practice law in the State of California, and a deputy city attorney in the San Francisco City Attorney's Office (the "Office"). I am counsel of record for Plaintiff, the People of the State of California ("People"), in this action. If called upon to testify, I could and would testify competently to the contents of this declaration.

2.     I was assigned to work on this case on or about October 2025, and I have worked on it to the present.  I serve as lead counsel on this matter and have supervised paralegals and outside counsel on this case.  Legal work by outside counsel has been performed at the direction and control of the City Attorney's Office.

3.     On December 30, 2025, co-counsel Jennie Anderson and I spoke with counsel for Defendants concerning Defendants' planned removal of this matter to federal court.

4.     During that conversation, Ms. Anderson and I explained to counsel that their theory of removal was improper because the People were the real party in interest.  We further explained that courts in the Northern District had analyzed similar cases and reached the same result.  Counsel indicated they intended to remove nonetheless.

5.     We asked counsel for Defendants to provide the authority they contended supported their theory of removal.

6.     On January 2, 2026, Defendants provided some of the authority upon which they intended to rely.

7.     We replied that same day, explaining that we were familiar with the authority and that it did not support Defendants' theory.  We explained that we would move for fees in the event Defendants proceed to remove on the articulated theory.  On January 7, 2026, Defendants filed their notice of removal. ECF No. 1.

8.     True and correct copies of the email threads summarized here are attached to this declaration as **Exhibit A**.

9.     I have reviewed the Office's billing records with regard to this case, as well as the records of our outside counsel.  The methodology for our fee calculation is explained below.

DECLARATION OF JESSE E. LANIER                    2
CASE NO. 3:26-cv-00183

10. Deputy City Attorneys are salaried and do not charge their clients hourly rates in the same manner as attorneys in private practice.

11. I have been employed as a Deputy City Attorney since October of 2025. I have been admitted to practice law since 2013 (and in California since 2015). Prior to joining the City Attorney's Office, I was Of Counsel at Conrad Metlitzky Kane LLP, and prior to that I was a senior associate at Durie Tangri LLP and, before that, an associate at Holland & Knight LLP. I clerked for the Honorable Jeffrey S. White from 2018 to 2020. I regularly practice in California courts and in this Court. Since January 7, 2026, the date of Defendants' removal, I have billed 73.25 hours on matters exclusively related to remand—including review of removal papers; research, writing, and revising the motion to remand and the reply brief; and preparing for oral argument. I also argued the case at oral argument. Our office has exercised billing discretion to eliminate the possibility of duplicative billing for strategy meetings and conversations. Following this reduction, our Office will claim only **45 hours** for my work. We have not included time spent preparing this fee motion in our calculation.

12. The People are requesting a **reasonable hourly rate of $790** for my time spent litigating this matter. As described below, this hourly rate is reasonable for an attorney with my level of expertise, experience, and qualifications, practicing law in in San Francisco, California, and is consistent with the market rates in the San Francisco legal community.

13. The People are seeking **$35,550 for my fees** as a direct result of Defendants' improper removal.

14. I am familiar with and have reviewed and analyzed the 2025-2026 "Laffey" fee matrix, which is an attorney fee matrix used by the Civil Division of the U.S. Department of Justice and many firms to evaluate requests for attorneys' fees in civil cases in District of Columbia courts in cases in which a fee-shifting statute permits the prevailing party to recover "reasonable" attorney's fees. A true and correct copy of this Matrix is viewable at http://www.laffeymatrix.com/see.html. The Matrix provides tiered rates for lawyers, differentiated according to their years of experience. The Matrix provides an hourly 2025-2026 rate of $1,019 for attorneys with 11-19 years of experience and of $1,227 for attorneys with 20+ years of experience.

DECLARATION OF JESSE E. LANIER                    3
CASE NO. 3:26-cv-00183

18.    The Laffey Matrix is used as a reference point in the Northern District, with locality adjustments made upwards to the D.C. rates using federal wage data.  *See, e.g., Chanel, Inc. v. Doan*, No. C 05-03464 VRW, 2007 WL 781976 (N.D. Cal. Mar. 13, 2007).

19.    The Laffey Matrix rate—even without an upward adjustment for the San Francisco locality—is well above what the People seek for my reasonable hourly rate.

20.    Given the years and nature of my experience, I am the equivalent of a junior partner. Major, Lindsey & Africa, LLC, conducts a biannual Partner Compensation Survey which includes a survey of partner billing rates across the United States.  This survey is viewable at https://info.mlaglobal.com/2024-partner-compensation-survey.  For 2024 (the most recent publicly available survey), the average hourly rate for partners was $1,114 and the average hourly rate for non-equity partners was $935.  Each of these hourly rates, too, are well above what the People seek as my reasonable hourly rate.

22.    The City Attorney's Office is prosecuting this case with assistance from outside counsel from three law firms—Andrus Anderson LLP, DiCello Levitt LLP, and Morgan & Morgan, PA.  These attorneys and their staff collectively billed significant amounts of time on the motion to remand, reply brief, and preparation for oral argument.

23.    I have reviewed the billing records of each of these three firms with respect to the People's motion to remand.  Our office has exercised billing discretion and has elected only to seek fees incurred by the two attorneys most directly in drafting the motion for fees—William Harris and Alexius Miller.

24.    Since January 7, 2026, William Harris has billed $27,787.50 for 24.7 hours of work on matters exclusively related to remand—including review of removal papers; research, writing, and revising the motion to remand and the reply brief; and assisting with preparation for oral argument. The Office has also exercised billing discretion to eliminate the possibility of duplicative billing for strategy meetings and conversations.  Following this reduction, the Office will claim **only 20.80** hours for his work.  Mr. Harris has been admitted to practice law since 2006.  Mr. Harris received his law degree in 2005.  He is admitted to the bar in New York.  Throughout his two decades of private practice, he has litigated matters involving, for example, wage and hour disputes, civil rights and

DECLARATION OF JESSE E. LANIER                    4
CASE NO. 3:26-cv-00183

employment discrimination, antitrust, consumer fraud, digital and data privacy, securities, and the False Claims Act claims.  Mr. Harris is Of Counsel to Andrus Anderson LLP and is the Managing Member of Harris Legal Advisors LLC, which he founded in 2020.  Prior to founding Harris Legal Advisors, Mr. Harris practiced at Kirby McInerny LLP.  His hourly rate is $1,125.00.  This amount is below the Laffey index amount for attorneys with equivalent amounts of experience.  At this rate, and after reducing the amount of hours, we are seeking **$23,400 for Mr. Harris's work on remand**.

25.    Since January 7, 2026, Alexius Miller has billed $27,703.50 for 21.9 hours of work on matters exclusively related to remand—including review of removal papers; research, writing, and revising the motion to remand and the reply brief; and assisting with preparation for oral argument.  The Office has also exercised billing discretion for Ms. Miller's time to eliminate the possibility of duplicative billing for strategy meetings and conversations.  Following this reduction, the Office will claim **only 19.70** hours for her work.  Ms. Miller has been admitted to practice law since 2003.  Ms. Miller is Senior Counsel at DiCello Levitt LLP, where her practice focuses on complex multidistrict and public entity litigation.  Prior to joining DiCello Levitt, she maintained her own litigation practice as principal of the Law Offices of Alexius Miller, PLLC, and before that served as a staff attorney for the Judicial Council of California, a Deputy Attorney General in the California Attorney General's Office, and a staff attorney for the United States Court of Appeals for the Ninth Circuit.  Earlier in her career, she litigated civil rights and consumer class actions at the Sturdevant Law Firm and at Disability Rights Advocates.  She regularly practices in California courts.  Ms. Miller's hourly rate is $1,265.  This amount is in line with the Laffey index amount for attorneys with equivalent amounts of experience.  At this rate, and after reducing the amount of hours, we are seeking **$24,920.50 for Ms. Miller's work on remand.**

14.    The total amount of fees the People seek for the work undertaken on remand is **$83,870.50**.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

//

//

DECLARATION OF JESSE E. LANIER                5
CASE NO. 3:26-cv-00183

Executed on May 15, 2026 in San Francisco, California.

_____

JESSE E. LANIER

# EXHIBIT A

| From: | Lanier, Jesse (CAT) |
|---|---|
| To: | "Kelly, Al"; Holecek, Michael |
| Cc: | jennie@andrusanderson.com; fu@dicellolevitt.com; levitt@dicellolevitt.com; dferri@dicellolevitt.com; fpetosa@forthepeople.com; Jura, Perlette Michèle; rrocha@forthepeople.com; Eisenberg, Sara (CAT); Mere, Yvonne (CAT) |
| Subject: | RE: People v. Kraft Heinz et al, No. CGC-25-631189 |
| Date: | Friday, January 2, 2026 4:56:29 PM |

Thanks, Al and Michael,

We are familiar with the authority you've cited, and it does not support removal on these facts. We reiterate our intention to seek fees.

If you still intend to proceed with removal, we will stipulate to postpone demurrer briefing in San Francisco Superior Court until there is a ruling on our motion for remand. We appreciate your taking the pen on a stipulation. For the reasons we explained on our call earlier this week, we cannot at this time agree to full briefing schedules for the motion to remand (or for the demurrer). We will, of course, be willing to meet and confer on a briefing schedule for remand once a judge is assigned. We propose the parties agree to finalize a briefing schedule for the demurrer within seven days of the order granting the motion to remand.

Jesse

**Jesse Lanier** (she/her/hers)
Deputy City Attorney
Complex and Affirmative Litigation
Office of City Attorney David Chiu
(415) 554-3915 Direct
www.sfcityattorney.org

---

**From:** Kelly, Al <AKelly@gibsondunn.com>
**Sent:** Friday, January 2, 2026 10:33 AM
**To:** Lanier, Jesse (CAT) <Jesse.Lanier@sfcityatty.org>; Holecek, Michael <MHolecek@gibsondunn.com>
**Cc:** jennie@andrusanderson.com; fu@dicellolevitt.com; levitt@dicellolevitt.com; dferri@dicellolevitt.com; fpetosa@forthepeople.com; Jura, Perlette Michèle <PJura@gibsondunn.com>; rrocha@forthepeople.com; Eisenberg, Sara (CAT) <Sara.Eisenberg@sfcityatty.org>; Mere, Yvonne (CAT) <Yvonne.Mere@sfcityatty.org>
**Subject:** RE: People v. Kraft Heinz et al, No. CGC-25-631189

Hi Jesse,

Thanks again for taking the time to talk during a holiday week. We understand that you will be moving to remand following removal. As discussed, we believe it is in all parties' interests to defer briefing on defendants' anticipated motion(s) to dismiss until after a decision on the remand motion. Can you please confirm that the City agrees to defer defendants' response deadlines until after a decision on the remand motion (you indicated you would confirm with your group)? We can also prepare a draft stipulation for your review, including a proposed briefing schedule for the

remand motion, for filing once in federal court.

As previewed on our call, it is defendants' position that removal is proper under 28 U.S.C. § 1332(a)(1).  The amount in controversy exceeds $75,000.  And defendants' position is that the real plaintiff in interest is the City and County of San Francisco, which is a single legal entity and a citizen of California for diversity jurisdiction purposes, and is diverse from all Defendants, none of whom are citizens of California.  *See, e.g.*, *Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 737 (9th Cir. 2011) ("general governmental interest[s]" such as a state's "governmental interest in the welfare of all its citizens . . . will not satisfy the real party to the controversy requirement for the purposes of defeating diversity").  We do not believe the removal provision you cited applies here.

Best,
Al

**Al Kelly**
Associate Attorney

T: +1 303.298.5742 | M: +1 970.218.2200
AKelly@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
1900 Lawrence Street Suite 3000, Denver, CO 80202-2211

---

**From:** Lanier, Jesse (CAT) <Jesse.Lanier@sfcityatty.org>
**Sent:** Friday, January 2, 2026 10:46 AM
**To:** Kelly, Al <AKelly@gibsondunn.com>; Holecek, Michael <MHolecek@gibsondunn.com>
**Cc:** jennie@andrusanderson.com; fu@dicellolevitt.com; levitt@dicellolevitt.com; dferri@dicellolevitt.com; fpetosa@forthepeople.com; Jura, Perlette Michèle <PJura@gibsondunn.com>; rrocha@forthepeople.com; sara.eisenberg@sfcityatty.org; yvonne.mere@sfcityatty.org
**Subject:** RE: People v. Kraft Heinz et al, No. CGC-25-631189

Good morning, and Happy New Year,

I wanted to follow up on your offer to send supporting authorities that you contend support removal.  Please send those at your earliest convenience.

Jesse

**Jesse Lanier** (she/her/hers)
Deputy City Attorney
Complex and Affirmative Litigation
Office of City Attorney David Chiu
(415) 554-3915 Direct
www.sfcityattorney.org

**From:** Lanier, Jesse (CAT)
**Sent:** Wednesday, December 31, 2025 7:38 AM
**To:** 'Kelly, Al' <AKelly@gibsondunn.com>; Holecek, Michael <MHolecek@gibsondunn.com>
**Cc:** jennie@andrusanderson.com; fu@dicellolevitt.com; levitt@dicellolevitt.com; dferri@dicellolevitt.com; fpetosa@forthepeople.com; Jura, Perlette Michèle <PJura@gibsondunn.com>; rrocha@forthepeople.com; Eisenberg, Sara (CAT) <Sara.Eisenberg@sfcityatty.org>; Mere, Yvonne (CAT) <Yvonne.Mere@sfcityatty.org>
**Subject:** RE: People v. Kraft Heinz et al, No. CGC-25-631189

Michael and Al,

(Removing cityattorney@sfcityatty.com address.)

We appreciate the conversation yesterday afternoon and look forward to receiving the authorities you (and the other defendants) contend support removal.  As we explained, we are confident that a district court will promptly remand.  *See* 28 U.S.C. s. 1452(a) ("A party may remove any claim or cause of action in a civil action other than . . . a civil action by a governmental unit to enforce such governmental unit's police or regulatory power....").

We reserve the right to move for fees.

Jesse

**Jesse Lanier** (she/her/hers)
Deputy City Attorney
Complex and Affirmative Litigation
Office of City Attorney David Chiu
(415) 554-3915 Direct
www.sfcityattorney.org

**From:** Kelly, Al <AKelly@gibsondunn.com>
**Sent:** Monday, December 29, 2025 2:18 PM
**To:** Lanier, Jesse (CAT) <Jesse.Lanier@sfcityatty.org>; Holecek, Michael <MHolecek@gibsondunn.com>
**Cc:** cityattorney@sfcityatty.com; jennie@andrusanderson.com; fu@dicellolevitt.com; levitt@dicellolevitt.com; dferri@dicellolevitt.com; fpetosa@forthepeople.com; Jura, Perlette Michèle <PJura@gibsondunn.com>; rrocha@forthepeople.com
**Subject:** RE: People v. Kraft Heinz et al, No. CGC-25-631189

Thanks, Jesse.  It looks like 4 PT works best for us.  I will send you Zoom invite and please feel free to forward it along to anyone else from your side who would like to join.

Best,

Al

**Al Kelly**
Associate Attorney

T: +1 303.298.5742 | M: +1 970.218.2200
AKelly@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
1900 Lawrence Street Suite 3000, Denver, CO 80202-2211

---

**From:** Lanier, Jesse (CAT) <Jesse.Lanier@sfcityatty.org>
**Sent:** Monday, December 29, 2025 2:48 PM
**To:** Holecek, Michael <MHolecek@gibsondunn.com>
**Cc:** cityattorney@sfcityatty.com; jennie@andrusanderson.com; fu@dicellolevitt.com; levitt@dicellolevitt.com; dferri@dicellolevitt.com; fpetosa@forthepeople.com; Kelly, Al <AKelly@gibsondunn.com>; Jura, Perlette Michèle <PJura@gibsondunn.com>; rrocha@forthepeople.com
**Subject:** RE: People v. Kraft Heinz et al, No. CGC-25-631189

Nice to meet you, all, and thank you for reaching out.

Could you speak tomorrow between 1 pm and 5 pm PT?

Looking forward to connecting,

Jesse

**Jesse Lanier** (she/her/hers)
Deputy City Attorney
Complex and Affirmative Litigation
Office of City Attorney David Chiu
(415) 554-3915 Direct
www.sfcityattorney.org

---

**From:** Holecek, Michael <MHolecek@gibsondunn.com>
**Sent:** Monday, December 29, 2025 9:58 AM
**To:** Lanier, Jesse (CAT) <Jesse.Lanier@sfcityatty.org>
**Cc:** cityattorney@sfcityatty.com; jennie@andrusanderson.com; fu@dicellolevitt.com; levitt@dicellolevitt.com; dferri@dicellolevitt.com; fpetosa@forthepeople.com; Kelly, Al <AKelly@gibsondunn.com>; Jura, Perlette Michèle <PJura@gibsondunn.com>; rrocha@forthepeople.com
**Subject:** People v. Kraft Heinz et al, No. CGC-25-631189

Hi Jesse and all,

We represent Kellanova in the above captioned case and left a voice message with Jesse this morning.  We want to introduce ourselves and also discuss a briefing schedule going forward.

My number is 213-220-6285, and Al's number is 303-298-3742.

We look forward to speaking to you.

Michael

**Michael Holecek**
Partner

T: +1 213.229.7018 | M: +1 213.220.6285
MHolecek@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---