Andrew S. Tulumello (Bar No. 196484)
drew.tulumello@weil.com
Joshua M. Wesneski (*pro hac vice*)
joshua.wesneski@weil.com
Claire L. Chapla (Bar No. 314255)
claire.chapla@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Tel: (202) 682-7000

*(additional counsel listed on signature page)*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through San Francisco City Attorney DAVID CHIU,<br><br>Plaintiff,<br><br>v.<br><br>THE KRAFT HEINZ COMPANY; MONDELEZ INTERNATIONAL, INC.; POST HOLDINGS, INC.; THE COCA-COLA COMPANY; PEPSICO, INC; GENERAL MILLS, INC.; NESTLE USA, INC.; KELLANOVA; WK KELLOGG CO.; MARS, INCORPORATED; CONAGRA BRANDS, INC.; and DOES 1–50,<br><br>Defendants. | Case No. 3:26-cv-00183-JST<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**<br><br>Hearing Date:  July 9, 2026<br>Hearing Time:  2:00 PM |

OPPOSITION TO MOTION FOR FEES                                    Case No. 3:26-cv-00183-JST

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................1

BACKGROUND ...................................................................................................................1

LEGAL STANDARD............................................................................................................2

ARGUMENT ........................................................................................................................3

    I.      San Francisco's Motion Is Procedurally Improper .............................................3

    II.     Defendants Had an Objectively Reasonable Basis for Removal .......................5

         A.     Defendants Raised Reasonable Arguments in Support of Removal......5

         B.     San Francisco's Arguments in Support of Fees Fail.............................8

    III.    San Francisco Has Not Substantiated Its Request for Attorney's Fees .............9

CONCLUSION ....................................................................................................................11

## TABLE OF AUTHORITIES

**Cases**                                                                                                           **Page(s)**

*Am. Civ. Liberties Union of N. Cal. v. DEA*,
2012 WL 5951312 (N.D. Cal. Nov. 8, 2012) ................................................................................10

*Atchison, T. & S.F. Ry. Co. v. Phillips*,
176 F. 663 (9th Cir. 1910) ...................................................................................................2, 6

*Bakari v. Foster Poultry Farms, Inc.*,
2014 WL 67323 (E.D. Cal. Jan. 7, 2014) ..................................................................................11

*Banas v. Volcano Corp.*,
47 F. Supp. 3d 957 (N.D. Cal. 2014) ......................................................................................11

*BHCMC, LLC v. Pom of Kan., LLC*,
2022 WL 392291 (D. Kan. Feb. 9, 2022) ...................................................................................3

*Blum v. Stenson*,
465 U.S. 886 (1984).............................................................................................................10

*Braco v. MCI WorldCom Communications, Inc.*,
138 F. Supp. 2d 1260 (C.D. Cal. Apr. 3, 2001) ..........................................................................8

*California v. Purdue Pharma L.P.*,
2014 WL 6065907 (N.D. Cal. Nov. 12, 2014) .............................................................................7

*California ex rel. Chiu v. InComm Fin. Servs., Inc.*,
2024 WL 1281330 (N.D. Cal. Mar. 26, 2024)..........................................................................6, 7

*California ex rel. Herrera v. Check 'N Go of Cal., Inc.*,
2007 WL 2406888 (N.D. Cal. Aug. 20, 2007) .............................................................................8

*Coyote Valley Band of Pomo Indians v. Findleton*,
2023 WL 4311080 (N.D. Cal. Apr. 19, 2023) .............................................................................4

*Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*,
642 F.3d 728 (9th Cir. 2011) .......................................................................................2, 5, 6, 8

*District of Columbia v. Transamerica Ins. Co.*,
797 F.2d 1041 (D.C. Cir. 1986)................................................................................................2

*Fick v. Lycee Francais de la Nouvelle Orleans, Inc.*,
2026 WL 947925 (E.D. La. Apr. 8, 2026)...................................................................................3

*Forto v. Capital One Bank, N.A.*,
2017 WL 6026242 (N.D. Cal. Dec. 5, 2017).............................................................................11

*Gomez v. Braby*,
 2022 WL 16556792 (N.D. Cal. Oct. 31, 2022)...................................................................4

*Gonzalez v. City of Maywood*,
 729 F.3d 1196 (9th Cir. 2013) ...........................................................................................11

*Hart v. Massanari*,
 266 F.3d 1155 (9th Cir. 2001) .............................................................................................6

*Houdan v. Todd*,
 348 F. App'x 221 (9th Cir. 2009) ........................................................................................8

*Jacobson v. Persolve, LLC*,
 2016 WL 7230873 (N.D. Cal. Dec. 14, 2016).................................................................10

*Jericho Grp., Ltd. v. Midtown Dev., L.P.*,
 2008 WL 11517868 (S.D.N.Y. May 23, 2008) ..................................................................3

*Johannson v. Wachovia Mortg., FSB*,
 2012 WL 2793204 (N.D. Cal. July 9, 2012).......................................................................4

*Johnson v. City of Santa Rosa*,
 2026 WL 1257369 (N.D. Cal. May 7, 2026).....................................................................11

*Kohan v. Lucid Grp. USA, Inc.*,
 2025 WL 3675115 (N.D. Cal. Dec. 18, 2025)...................................................................10

*Kona Enters., Inc. v. Estate of Bishop*,
 229 F.3d 877 (9th Cir. 2000) ...............................................................................................3

*McNutt ex rel. Leggett v. Bland*,
 43 U.S. 9 (1844)....................................................................................................................6

*Long v. Nationwide Legal File & Serve, Inc.*,
 2014 WL 3809401 (N.D. Cal. July 23, 2014)...................................................................10

*Lussier v. Dollar Tree Stores, Inc.*,
 518 F.3d 1062 (9th Cir. 2008) .............................................................................................5

*Martin v. Franklin Capital Corp.*,
 546 U.S. 132 (2005)......................................................................................................2, 8, 9

*Md. Stadium Auth. v. Ellerbe Becket Inc.*,
 407 F.3d 255 (4th Cir. 2005) ...............................................................................................2

*Mints v. Educ. Testing Serv.*,
 99 F.3d 1253 (3d Cir. 1996)..................................................................................................3

*Missouri, Kansas & Texas Railway Co. v. Hickman*,
 183 U.S. 53 (1901)................................................................................................................2

*Nevada v. Bank of Am. Corp.*,
   672 F.3d 661 (9th Cir. 2012) .......................................................................................2, 6, 7

*Open Text Inc. v. Beasley*,
   2021 WL 3261614 (N.D. Cal. July 30, 2021)..............................................................9

*Padock v. Amazon.com, Inc.*,
   2024 WL 3275792 (C.D. Cal. July 2, 2024)................................................................5

*In re PersonalWeb Techs., LLC*,
   2023 WL 8701304 (N.D. Cal. Dec. 15, 2023)............................................................10

*Prison Legal News v. Schwarzenegger*,
   608 F.3d 446 (9th Cir. 2010) ......................................................................................10

*Ramada Inns, Inc. v. Rosemount Mem'l Park Ass'n*,
   598 F.2d 1303 (3d Cir. 1979)........................................................................................2

*Reynolds v. Singh*,
   2022 WL 3135895 (E.D. Cal. Aug. 5, 2022)...............................................................8

*Selker v. Xcentric Ventures, LLC*,
   2023 WL 2316200 (S.D. Cal. Mar. 1, 2023) ..............................................................11

*Stallworth v. Greater Cleveland Reg'l Transit Auth.*,
   105 F.3d 252 (6th Cir. 1997) ........................................................................................3

*Standlee v. Abbott Labs.*,
   2025 WL 1331617 (C.D. Cal. May 5, 2025) ...............................................................5

*TPCO US Holding, LLC v. Fussell*,
   2023 WL 4312571 (N.D. Cal. July 3, 2023)................................................................8

*Van v. Language Line, LLC*,
   2016 WL 5339805 (N.D. Cal. Sept. 23, 2016) .........................................................4, 5

*Vuong v. Lopez-Flores*,
   2025 WL 3110436 (N.D. Cal. Nov. 6, 2025) ...............................................................4

*Watson v. Charleston Hous. Auth.*,
   83 F. Supp. 2d 709 (S.D. W.Va. 2000).........................................................................3

*Whitaker v. Sensu, Inc.*,
   2022 WL 22211678 (C.D. Cal. Feb. 10, 2022)............................................................4

**Statutes**

28 U.S.C. § 1334...............................................................................................................9

28 U.S.C. § 1447...........................................................................................................1, 2

28 U.S.C. § 1452 .......................................................................................................................2, 9

Cal. Gov't Code § 12965 ...............................................................................................................6

**Other Authorities**

Federal Rule of Civil Procedure 54........................................................................................1, 3, 4

Local Civil Rule 54-5.........................................................................................................1, 3, 4, 5

**INTRODUCTION**

More than three weeks after the Court remanded this case to state court, the City and County of San Francisco ("San Francisco") seeks attorney's fees for prevailing on that motion. Its motion for fees is baseless and should be rejected out-of-hand on procedural grounds. San Francisco failed to file within the 14-day deadline for such motions provided by Federal Rule of Civil Procedure 54(d)(2)(B) and Local Civil Rule 54-5(a). San Francisco has not offered any excuse for its delay (and cannot do so for the first time on reply). Moreover, San Francisco failed to meet and confer with Defendants about its fee request before filing its motion, in violation of Local Civil Rule 54-5(b). Those rules promote fairness and efficiency, and either defect is sufficient to justify denial of the motion.

Even if the Court considers the motion on the merits, though, it fails. Fees are allowable under 28 U.S.C. § 1447(c) only if the movant shows there was no objectively reasonable basis for removal. San Francisco has not met that standard here. While Defendants' arguments for removal ultimately did not persuade the Court, they were based on reasonable interpretations and applications of controlling Supreme Court and Ninth Circuit precedent. In the absence of contrary Ninth Circuit precedent, Defendants were not foreclosed from reasonably urging what they believe is the correct reading of those cases simply because other district courts have ruled differently. When other courts have granted remand in similar circumstances, not a single one awarded attorney's fees to the prevailing party.

Moreover, San Francisco has failed to substantiate the amount of fees it seeks. Parties seeking fees carry the burden of showing that both the hourly rate and the hours worked are reasonable. San Francisco has done neither—it has not introduced any competent evidence regarding customary rates in the Northern District of California, and it has not submitted any billing records. These additional defects independently justify denial of the motion.

**BACKGROUND**

The Court is familiar with the background of this case, which concerns a claim for public nuisance and a claim for unlawful, unfair, or fraudulent business practices under California's Unfair Competition Law ("UCL") against eleven food and beverage manufacturers.

OPPOSITION TO MOTION FOR FEES                    1                    Case No. 3:26-cv-00183-JST

Defendants advised San Francisco in December that they intended to remove on the basis of diversity jurisdiction. *See* Lanier Decl. Ex. A. Following a call regarding the basis for removal, counsel for San Francisco advised Defendants via email that San Francisco believed removal was improper, citing only 28 U.S.C. § 1452(a), which is entitled "Removal of claims related to bankruptcy cases." *See id.* Defendants thereafter timely removed on January 7, 2026.

San Francisco moved to remand. In opposing remand, Defendants cited to and relied on Supreme Court and Ninth Circuit authorities. *See generally* ECF No. 67 (citing, inter alia, *Missouri, Kansas & Texas Railway Co. v. Hickman*, 183 U.S. 53 (1901); *Nevada v. Bank of Am. Corp.*, 672 F.3d 661 (9th Cir. 2012); *Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728 (9th Cir. 2011); *Atchison, T. & S.F. Ry. Co. v. Phillips*, 176 F. 663 (9th Cir. 1910)). Defendants also cited several out-of-circuit authorities in support of their arguments. *See generally id.* (citing *Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255 (4th Cir. 2005); *District of Columbia v. Transamerica Ins. Co.*, 797 F.2d 1041 (D.C. Cir. 1986); *Ramada Inns, Inc. v. Rosemount Mem'l Park Ass'n*, 598 F.2d 1303 (3d Cir. 1979)). The Court heard oral argument on April 23, 2026, at the end of which the Court observed that the motion "was exceedingly well argued on both sides." Hr'g Tr. 25:18–19 (Apr. 23, 2026). The Court thereafter issued an Order granting the motion to remand and returning the case to state court. *See* Order Remanding Action, ECF No. 78 (Apr. 23, 2026). The clerk terminated the action the next day. *See* Minute Entry (Apr. 24, 2026).

San Francisco filed its motion for attorney's fees on May 15—22 days after the Court's order and 21 days after the clerk terminated the case.

## LEGAL STANDARD

28 U.S.C. § 1447(c) vests the district court with discretion to award fees incurred as a result of an unsuccessful attempt to remove. That discretion, however, is circumscribed: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). There is no presumption in favor of attorney's fees in this context. *See id.* at 136–37.

### ARGUMENT

The Court should deny San Francisco's motion on procedural grounds alone, because it is untimely and violates the Local Rules.  Moreover, San Francisco's motion fails on the merits, because Defendants had an objectively reasonable basis for seeking removal and because San Francisco has not substantiated its request for attorney's fees.

**I.      San Francisco's Motion Is Procedurally Improper**

The Court should not entertain the merits of San Francisco's motion for fees because it is untimely and fails to comply with the Local Rules.

*First*, the motion is untimely.  Federal Rule of Civil Procedure 54(d)(2)(B) provides that unless a statute or court order allows otherwise, a motion for attorney's fees "must … be filed no later than 14 days after the entry of judgment." *See also* L. Civ. R. 54-5(a) ("Motions for awards of attorney's fees by the Court must be served and filed within 14 days of entry of judgment by the District Court.").  "[T]he failure to comply with Rule 54 should be sufficient reason to deny [a] fee motion, absent some compelling showing of good cause." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 889–90 (9th Cir. 2000) (alteration and quotation marks omitted).

Courts have repeatedly concluded that "an order of remand would be regarded as a judgment under Rule 54(d)(2)(B), even though it is not appealable, since the entry of the order would terminate the matter in the district court." *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1259 (3d Cir. 1996); *see also Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 257 (6th Cir. 1997) ("[T]he proper timeliness requirement for a motion for attorney fees in connection with remand is found in Fed. R. Civ. P. 54(d)(2)(B)." (footnote omitted)); *Fick v. Lycee Francais de la Nouvelle Orleans, Inc.*, 2026 WL 947925, at *3 (E.D. La. Apr. 8, 2026) ("[A]n order of remand constitutes a judgment for the purposes of Rule 54(d)(2)(B) and … the proper timeliness requirement for attorney fees in connection with remand is found in Fed. R. Civ. P. 54(d)(2)(B)." (footnote, alteration, and quotation marks omitted)); *BHCMC, LLC v. Pom of Kan., LLC*, 2022 WL 392291, at *3 (D. Kan. Feb. 9, 2022) (similar); *Jericho Grp., Ltd. v. Midtown Dev., L.P.*, 2008 WL 11517868, at *2 (S.D.N.Y. May 23, 2008) (similar); *Watson v. Charleston Hous. Auth.*, 83 F. Supp. 2d 709, 710 n.1 (S.D. W.Va. 2000) (similar).

Here, the Court issued its Order granting remand on April 23, 2026. *See* Order Remanding Action, ECF No. 78 (Apr. 23, 2026). The clerk terminated the case the following day. *See* Minute Entry (Apr. 24, 2026). Even using the clerk's April 24, 2026 termination of the action as the latest possible trigger date, San Francisco's fee motion was filed seven days late. San Francisco's motion is untimely, it did not seek an extension, and it has offered no excuse for its delay that would justify tolling of the Rule 54 deadline. The motion can and should be denied on that basis alone. *See Coyote Valley Band of Pomo Indians v. Findleton*, 2023 WL 4311080, at *1 (N.D. Cal. Apr. 19, 2023) (denying fee motion as untimely when filed two days after deadline); *Whitaker v. Sensu, Inc.*, 2022 WL 22211678, at *2–3 (C.D. Cal. Feb. 10, 2022) (denying fee motion as untimely when filed four days after deadline).

*Second*, San Francisco failed to comply with the other procedural requirements of Local Rule 54-5. A party seeking attorney's fees "must meet and confer for the purpose of resolving all disputed issues relating to attorney's fees before making a motion for award of attorney's fees." L. Civ. R. 54-5(a). Similarly, the supporting declaration must include a statement "that counsel have met and conferred … or a statement that no conference was held, with certification that the applying attorney made a good faith effort to arrange such a conference, setting forth the reason the conference was not held." L. Civ. R. 54-5(b). This is not a matter of mere form: "The meet and confer requirement is meant to avoid … unnecessary and burdensome litigation over the issue of attorney's fees," and allows the parties to discuss objections to fee submissions before they are filed with the Court. *Van v. Language Line, LLC*, 2016 WL 5339805, at *12 (N.D. Cal. Sept. 23, 2016). The language of the Local Rule makes it clear that a party cannot simply assume opposition and skip the process, and courts routinely deny fee motions that fail to comply with these requirements. *See, e.g.*, *Vuong v. Lopez-Flores*, 2025 WL 3110436, at *1 (N.D. Cal. Nov. 6, 2025); *Gomez v. Braby*, 2022 WL 16556792, at *2 (N.D. Cal. Oct. 31, 2022); *Johannson v. Wachovia Mortg., FSB*, 2012 WL 2793204, at *1–2 (N.D. Cal. July 9, 2012).

Counsel for San Francisco did not meet and confer with Defendants—or even attempt to arrange a meet-and-confer—to discuss its request for fees prior to filing its motion. And as a result, the supporting declaration filed by San Francisco does not contain the required statement or

certification under Local Rule 54-5(b). Instead, the only meet-and-confer regarding removal took place before the case had even been removed, making any conferral about the substance of a hypothetical fees motion impossible. *See* Lanier Decl. ¶¶ 3–7. Had San Francisco raised this motion with Defendants before filing, Defendants could have pointed out the untimeliness of the motion and the insufficiency of the fees submission. *See infra* Section III; *see also Van*, 2016 WL 5339805, at *12 (denying motion for failure to meet and confer in part because "Defendant also could have raised objections to specific hours claimed by [the movant]"). The motion should therefore be denied on this additional basis.

## II.   Defendants Had an Objectively Reasonable Basis for Removal

San Francisco's motion fails on the merits as well. "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Courts therefore deny fees when a removing defendant advances reasonable, even if ultimately unsuccessful, arguments in support of removal. *See, e.g.*, *Standlee v. Abbott Labs.*, 2025 WL 1331617, at *4 (C.D. Cal. May 5, 2025) (denying fees even though the defendants failed to establish "a sham defendant"); *Padock v. Amazon.com, Inc.*, 2024 WL 3275792, at *5 (C.D. Cal. July 2, 2024) (denying fees where defendant's arguments were not "clearly foreclosed by relevant case law"). Here, Defendants' reasonable arguments supporting removal foreclose the award of any fees.

### A.   Defendants Raised Reasonable Arguments in Support of Removal

Defendants' arguments supporting removal were serious, well-grounded in law, and had a reasonable basis, even if they did not ultimately carry the day. The Court's multi-factor analysis—and Defendants' responses—confirm this.

*First*, the Court identified the State's quasi-sovereign interests in "ending public health crises" as weighing in favor of remand. Order 6–7. Defendants argued that the Ninth Circuit's decision in *Lucent* foreclosed reliance on such quasi-sovereign interests, *see Lucent*, 642 F.3d at 737 n.2 ("This use of quasi-sovereign interest to satisfy *Missouri Railway*'s unique relief requirement is contradictory to the very language of that opinion and has never been suggested or endorsed by the

Supreme Court."), and that *Nevada* did not alter that rule, *see Nevada*, 672 F.3d at 670 ("[I]f the State had only the general interest it holds on behalf of all its citizens and their welfare, it would not satisfy the 'real party to the controversy requirement for the purposes of defeating diversity' jurisdiction."). Defendants also pointed out that no prior case had addressed this controlling language from *Lucent*. *See* ECF No. 67, at 11. The Court in its order observed that "[a]t first blush, *Lucent* and [*Nevada*] are difficult to reconcile," and that "the interests described in [*Nevada*] are not clearly more sovereign or specific to the state than those described in *Lucent*, which that opinion terms 'quasi-sovereign.'" Order 4; *see also Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001) ("[A] later three-judge panel considering a case that is controlled by the rule announced in an earlier panel's opinion has no choice but to apply the earlier-adopted rule …."). But the Court ultimately adopted a reading of those cases that allows for consideration of quasi-sovereign interests. *See* Order 5.

*Second*, the Court relied on the fact that the operative statutes allow for municipalities to file suit in the name of the State. *See* Order 8. Defendants noted that, contrary to the view of some courts, *see California ex rel. Chiu v. InComm Fin. Servs., Inc.*, 2024 WL 1281330, at *4 (N.D. Cal. Mar. 26, 2024), the statute in *Lucent* had nearly identical language, directing that the lawsuit be filed in the state agency's "own name," yet the Ninth Circuit gave that language no weight in its analysis. Cal. Gov't Code § 12965(c)(2) (eff. Jan. 1, 2008); *see also* Hr'g Tr. 10:12–11:4. Defendants also provided Ninth Circuit and Supreme Court authority—albeit older (but still valid) authority— supporting the contention that statutes requiring a suit to be filed in the "name" of a state officer or agency do not control the diversity inquiry. *See McNutt ex rel. Leggett v. Bland*, 43 U.S. 9, 15 (1844) ("[W]here the real and only controversy is between citizens of different states … and the plaintiff is by some positive law compelled to use the name of a public officer who has not, or ever had any interest in, or control over it, the courts of the United States will not consider any others as parties to the suit, than the persons between whom the litigation before them exists."); *Atchison, T. & S.F. Ry. Co. v. Phillips*, 176 F. 663, 668 (9th Cir. 1910) ("[N]otwithstanding the requirement of a statute that suit shall be brought in the name of certain persons … , it does not necessarily make

OPPOSITION TO MOTION FOR FEES                6                Case No. 3:26-cv-00183-JST

such persons real parties in interest in the controversy."); *see also* Hr'g Tr. 11:5–12:6 (discussing authorities).

*Third*, the Court highlighted the statewide scope of the injuries. *See* Order 9–10. Defendants argued that notwithstanding the nationwide or statewide scope of the allegations, the only particular allegations concerning injury were focused on San Francisco. *See* ECF No. 67, at 6–7. Defendants also noted that the request for abatement was limited, by statute, to San Francisco. *See id.* at 7.

*Fourth*, the Court emphasized the statewide injunctive relief. *See* Order 10–11. Defendants cited *Nevada* for the proposition that an additional request for relief is not sufficient on its own to alter "the essential nature and effect of the proceeding." *Nevada*, 672 F.3d at 670 (citation omitted); *see also* ECF No. 67, at 7. And as Defendants further pointed out, any plaintiff under the UCL (whether a State, a municipality, or a private party) may seek statewide injunctive relief. *See* Hr'g Tr. 15:12–16:4. Notably, the Court agreed with Defendants that the lower standard of proof applicable to injunctions sought by governmental entities was not relevant, contrary to the views of some other courts. *See* Order 11 (disagreeing with other courts regarding lower standard); *see also California v. Purdue Pharma L.P.*, 2014 WL 6065907, at *3 (C.D. Cal. Nov. 12, 2014) (relying on lower standard of proof); *InComm*, 2024 WL 1281330, at *6 (similar).

*Finally*, the Court cited the fact that any civil penalties recovered must be used for future consumer protection enforcement actions. *See* Order 11–12. Defendants argued that such reasoning is effectively circular, since the crux of the inquiry is whether lawsuits filed to enforce consumer protection statutes are actually for the benefit of the State versus the municipality. ECF No. 67, at 7; Hr'g Tr. 16:9–18. San Francisco never responded to this point. *See generally* ECF No. 68. Defendants also pointed to the Ninth Circuit's decision in *Nevada*, where the Ninth Circuit indicated that the immediate recipient of the funds was more important than their ultimate distribution. *See Nevada*, 672 F.3d at 671 (observing that "any award of restitution damages here would be paid directly to Nevada and then distributed to individual consumers"); *see also* Hr'g Tr. 16:19–18:2.

Defendants' arguments ultimately did not persuade the Court, but they were not without a reasonable basis. Each was crafted with the controlling precedent in mind. A party is not required to forgo removal simply because there is non-binding precedent adverse to it, particularly when that

precedent did not address all arguments the removing party raises. There is no basis for an award of fees in these circumstances.

### B. San Francisco's Arguments in Support of Fees Fail

San Francisco does little to establish its entitlement to fees other than to assert that other district courts rejected removal in similar (or sometimes not-so-similar) contexts. *See* Mot. 4–5. But no court in those cases awarded attorney's fees. *See, e.g.*, *California ex rel. Herrera v. Check 'N Go of Cal., Inc.*, 2007 WL 2406888, at *7 (N.D. Cal. Aug. 20, 2007) (denying request for attorney's fees). San Francisco offers no basis for a different result here.

None of San Francisco's cases supports an award of fees in this case. *See* Mot. 4–5. In *Houdan v. Todd*, 348 F. App'x 221 (9th Cir. 2009), the "relevant case law" foreclosing removal was binding, on-point Ninth Circuit authority rejecting the precise, "cursory" arguments the removing party had invoked. *See id.* at 223. In *TPCO US Holding, LLC v. Fussell*, 2023 WL 4312571 (N.D. Cal. July 3, 2023), the court awarded fees because a "bedrock principle" of federal jurisdiction foreclosed removal, and also because removal was procedurally improper. *Id.* at *5. And in *Reynolds v. Singh*, 2022 WL 3135895 (E.D. Cal. Aug. 5, 2022), the court awarded fees after the defendant raised a novel theory of complete federal preemption not supported by any case law and argued a basis for jurisdiction categorically foreclosed by Supreme Court precedent. *See id.* at *2–3. Here, by contrast, Defendants' removal was not squarely foreclosed by any binding Ninth Circuit or Supreme Court precedent, and Defendants believe that the reasoning in *Lucent* affirmatively supported removal here. The Court observed that *Lucent* and *Nevada* were in some apparent tension. *See* Order 4–5. Moreover, as Defendants pointed out, none of the prior courts addressed what Defendants urged to be the controlling language from *Lucent* regarding quasi-sovereign interests.

San Francisco also cites *Braco v. MCI WorldCom Communications, Inc.*, 138 F. Supp. 2d 1260 (C.D. Cal. Apr. 3, 2001), to argue that fees are appropriate even if Defendants' removal arguments were "fairly supportable," because their theory was purportedly "incompatible with the weight of authority in the Ninth Circuit." Mot. 5 n.1 (quotation marks omitted). But *Braco* predates *Martin*, in which the Supreme Court articulated the standard for awarding attorney's fees and

clarified that a removing defendant need only have an objectively reasonable basis for removal. *See Martin*, 546 U.S. at 141. Post-*Martin*, if a defendant's removal argument is "fairly supportable," fees are not awardable.

Nor does San Francisco's pre-removal objection justify an award of fees. At the outset, the fact that San Francisco objected to Defendants' removal does not establish that removal was objectively baseless. San Francisco cites *Open Text Inc. v. Beasley*, 2021 WL 3261614 (N.D. Cal. July 30, 2021), *see* Mot. 5, but in that case, the removing party "refused even to acknowledge the" relevant removal defect after being made aware of it, and the removing party "admittedly fail[ed] to identify any caselaw in which courts denied a motion for remand based on the facts at issue [t]here," *Open Text*, 2021 WL 3261614, at *5. No such circumstances are present here, where Defendants acknowledged and addressed San Francisco's authorities head-on.

Moreover, San Francisco's pre-removal correspondence to Defendants did not even cite the relevant law. In that correspondence—and now again in its motion for fees—San Francisco cited 28 U.S.C. § 1452(a) as a purported bar to removal. *See* Lanier Decl. Ex. A; *see also* Mot. 3. That statute has absolutely no application here, as evidenced by the fact that San Francisco did not cite it in any of the briefing on the motion to remand. *See* ECF Nos. 50, 68. Instead, that statute concerns "[r]emoval of claims *related to bankruptcy cases*." 28 U.S.C. § 1452(a) (emphasis added); *see also id.* (allowing removal "if such district court has jurisdiction of such claim or cause of action under [28 U.S.C. § 1334]"). This is not a bankruptcy case, and this statute has not been relied on or even cited in any of the cases addressing removal in this context. The fact that San Francisco cited such inapposite authority as its principal ground for opposing removal serves simply to confirm that Defendants had an objectively reasonable basis for removal.

## III. San Francisco Has Not Substantiated Its Request for Attorney's Fees

Finally, even if San Francisco were entitled to fees, it has failed to offer sufficient evidence to justify either the hourly rate or the number of hours spent. Nor should San Francisco be permitted to cure these evidentiary defects for the first time on reply, thereby depriving Defendants of a fair opportunity to test the claimed rates and hours.

*First*, San Francisco has not established that the hourly rates for which it seeks reimbursement are reasonable. "[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

San Francisco has offered only two things to substantiate its hourly rates, neither of which is sufficient. San Francisco first relies on the Laffey Matrix, used in the District of Columbia. *See* Lanier Decl. ¶ 18. But "the Ninth Circuit has rejected the adoption of the Laffey Matrix to set rates in the Northern District of California." *Jacobson v. Persolve, LLC*, 2016 WL 7230873, at *6 (N.D. Cal. Dec. 14, 2016) (citing *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010)); *see also Long v. Nationwide Legal File & Serve, Inc.*, 2014 WL 3809401, at *12 (N.D. Cal. July 23, 2014) (same); *Am. Civ. Liberties Union of N. Cal. v. DEA*, 2012 WL 5951312, at *5 (N.D. Cal. Nov. 8, 2012) (same). San Francisco's only citation in support of using the Laffey Matrix in the Northern District of California predates the relevant Ninth Circuit precedent. *See* Lanier Decl. ¶ 18.

San Francisco also cites a nationwide survey of partner compensation "across the United States." Lanier Decl. ¶ 20. But the "relevant community for determining a reasonable hourly rate is the forum in which the district court sits," not a nationwide survey. *Kohan v. Lucid Grp. USA, Inc.*, 2025 WL 3675115, at *2 (N.D. Cal. Dec. 18, 2025) (quotation marks omitted). A party who fails to provide geographic-specific evidence on rates fails to meet its burden to justify its hourly rates. *See id.* at *2 (criticizing plaintiffs for failing to "offer any evidence as to the reasonable hourly rates for attorneys in lemon law cases in this District"); *see also In re PersonalWeb Techs., LLC*, 2023 WL 8701304, at *11 (N.D. Cal. Dec. 15, 2023) (rejecting invitation to "use California-wide rates" as a reasonable basis). Given San Francisco's failure to substantiate the high rates it seeks, if the Court were to award fees, any award should be substantially reduced.

*Second*, San Francisco has not established its claimed hours were reasonable. "The prevailing party has the burden of submitting billing records to establish that the number of hours it has requested are reasonable." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).

"To meet that burden, the moving party must submit detailed records justifying the hours that have been expended." *Forto v. Capital One Bank, N.A.*, 2017 WL 6026242, at *3 (N.D. Cal. Dec. 5, 2017) (citing *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986)); *see also Johnson v. City of Santa Rosa*, 2026 WL 1257369, at *4 (N.D. Cal. May 7, 2026) (same). Even where a party submits billing records, a fee may be denied or reduced if the party fails to delineate the time spent on specific tasks. *See Banas v. Volcano Corp.*, 47 F. Supp. 3d 957, 966–67 & n.11 (N.D. Cal. 2014) (collecting cases).

Here, San Francisco has submitted *no* billing records. It instead offers only a declaration from one of its attorneys asserting the total number of hours worked on the motion and describing, at a high level, the various tasks performed. *See* Lanier Decl. ¶¶ 11, 24, 25. San Francisco's submission is also internally inconsistent as to whether fee-motion time is included: The motion states that the requested amount includes time spent preparing the fee motion, *see* Mot. 2, while the Declaration states that Ms. Lanier's fee-motion time was excluded, *see* Lanier Decl. ¶ 11. Without any documentary evidence to review, Defendants (and the Court) lack any meaningful ability to examine the reasonableness of the hours worked.

Based on the limited information San Francisco has submitted, there are serious questions about the reasonableness of the hours claimed. San Francisco claims 85.5 hours of billable work, *see* Lanier Decl. ¶¶ 11, 24, 25, but courts have capped fee requests on remand motions at much lower hour totals, *see, e.g.*, *Selker v. Xcentric Ventures, LLC*, 2023 WL 2316200, at *9 (S.D. Cal. Mar. 1, 2023) (reducing hours from 29.5 to 25.4); *Bakari v. Foster Poultry Farms, Inc.*, 2014 WL 67323, at *4 (E.D. Cal. Jan. 7, 2014) (reducing hours from 13.2 to 10.1), *report and recommendation adopted*, 2014 WL 4446295 (E.D. Cal. Sept. 9, 2014). If the motion here really were as straightforward as San Francisco asserts, it is unclear why it would require several multiples of the hours expended in other removal cases. The motion should therefore be denied for that additional reason, or at the very least, San Francisco's requested fees should be significantly reduced.

## **CONCLUSION**

This Court should deny Plaintiff's Motion for Attorney's Fees.

Dated:     May 29, 2026

Respectfully submitted,

 /s/   Andrew S. Tulumello
Andrew S. Tulumello (Bar No. 196484)
drew.tulumello@weil.com
Joshua M. Wesneski (*pro hac vice*)
joshua.wesneski@weil.com
Claire L. Chapla (Bar No. 314255)
claire.chapla@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Tel: (202) 682-7000

*Attorneys for Defendant PepsiCo, Inc.*

 /s/   Adriane Peralta
Adriane Peralta (Bar No. 304357)
adriane.peralta@sidley.com
SIDLEY AUSTIN LLP
350 S. Grand Avenue
Los Angeles, CA 90071
Tel: (213) 896-6132
Fax: (213) 896-6600

Michelle A. Ramirez (*pro hac vice*)
michelle.ramirez@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
Tel: (312) 853-7000
Fax: (312) 853-7036

*Attorneys for Defendant The Kraft Heinz Company*

 /s/   Laura Vartain Horn
Laura Vartain Horn (Bar No. 258485)
laura.vartain@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street, Suite 2700
San Francisco, CA 94104
Tel: (415) 439-1625

*Attorneys for Defendant Mondelēz International, Inc.*

*/s/   Tarifa B. Laddon*
Tarifa B. Laddon (Bar No. 240419)
tarifa.laddon@faegredrinker.com
Gabriel J. Niforatos (Bar No. 359417)
gabriel.niforatos@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Tel: (310) 203-4000
Fax: (310) 229-1285

Sarah L. Brew (*pro hac vice*)
sarah.brew@faegredrinker.com
Tyler A. Young (*pro hac vice*)
tyler.young@faegredrinker.com
Rory F. Collins (*pro hac vice*)
rory.collins@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Tel: (612) 766-7000
Fax: (612) 766-1600

*Attorneys for Defendant Post Holdings, Inc.*

*/s/   Angela M. Spivey*
Angela M. Spivey (*pro hac vice*)
angela.spivey@alston.com
Andrew G. Phillips (*pro hac vice*)
andrew.phillips@alston.com
Jamie S. George (*pro hac vice*)
jamie.george@alston.com
ALSTON & BIRD LLP
1201 West Peachtree St.
Atlanta, GA 30309
Tel: (404) 881-7000

Rachel E. K. Lowe (Bar No. 246361)
rachel.lowe@alston.com
ALSTON & BIRD LLP
350 South Grand Avenue
51st Floor
Los Angeles, CA 90071
Tel: (213) 576-1000

*Attorneys for Defendant The Coca-Cola Company*

*/s/   David T. Biderman*
David T. Biderman (Bar No. 101577)
dbiderman@perkinscoie.com
PERKINS COIE LLP
505 Howard St. Suite 1000
San Francisco, CA 94105
Tel: (415) 344-7000
Fax: (415) 344-7050

Joshua Patashnik (Bar No. 295120)
jpatashnik@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, CA 92130-2594
Tel: (858) 720-5700
Fax: (858) 720-5799

Natalie K. Sanders (Bar No. 329916)
nsanders@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, California 90067-1721
Tel: (310) 788-9900
Fax: (310) 788-3399

*Attorneys for Defendant General Mills, Inc.*

*/s/   Perlette M. Jura*
Perlette M. Jura (Bar No. 242332)
pjura@gibsondunn.com
Michael Holecek (Bar No. 281034)
mholecek@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel: (213) 229-7000

Trenton H. Norris (Bar No. 164781)
trent.norris@hoganlovells.com
HOGAN LOVELLS US LLP
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111
Tel: (415) 640-5765

OPPOSITION TO MOTION FOR FEES                14                Case No. 3:26-cv-00183-JST

Lauren S. Colton (*pro hac vice*)
lauren.colton@hoganlovells.com
Julie R. Schindel (*pro hac vice*)
julie.schindel@hoganlovells.com
HOGAN LOVELLS US LLP
100 International Drive, Suite 2000
Baltimore, MD 21202
Tel: (410) 659-2700

*Attorneys for Defendant Nestlé USA, Inc.*

/s/   Alexander M. Smith
Alexander M. Smith (Bar No. 295187)
asmith@jenner.com
JENNER & BLOCK LLP
515 South Flower Street, Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-2262

Kate T. Spelman (Bar No. 269109)
kspelman@jenner.com
JENNER & BLOCK LLP
2029 Century Park East, Suite 1450
Los Angeles, CA 90067
Tel: (213) 239-2246

Dean N. Panos (*pro hac vice*)
dpanos@jenner.com
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654
Tel: (312) 923-2765

*Attorneys for Defendant WK Kellogg Co*

/s/  Ingrid K. Campagne
Ingrid K. Campagne, SBN 162164
icampagne@walsworthlaw.com
WALSWORTH LLP
255 California St., Suite 525
San Francisco, CA 94111
Tel: (415) 781-7072

Stephen D. Andrews (Bar No. 205691)
sandrews@wc.com
WILLIAMS & CONNOLLY LLP
680 Maine Ave, S.W.
Washington, DC 20024
Tel: (202) 434-5000

*Attorneys for Defendants Kellanova and Mars, Incorporated*

 /s/   *Stephen J. McConnell*
Stephen J. McConnell (Bar No. 128630)
smcconnell@reedsmith.com
REED SMITH LLP
Three Logan Square, 1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100

Raymond A. Cardozo (Bar No. 173263)
rcardozo@reedsmith.com
Steven J. Boranian (Bar No. 174183)
sboranian@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Tel: (415) 543-8700

*Attorneys for Defendant Conagra Brands, Inc.*

**E-FILING ATTESTATION**

I, Andrew S. Tulumello, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

 /s/ Andrew S. Tulumello
Andrew S. Tulumello
