DAVID CHIU (SBN 189542)
City Attorney
YVONNE R. MERÉ (SBN 173594)
Chief Deputy City Attorney
SARA J. EISENBERG (SBN 269303)
Chief of Complex & Affirmative Litigation
JESSE E. LANIER (SBN 303395)
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, CA 94102
Tel.: 415-554-3944
Email: Jesse.Lanier@sfcityatty.org

Attorneys for Plaintiff the People of the State of California,
acting by and through San Francisco City Attorney David Chiu

*[Additional counsel appear on signature page.]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, Acting by and through San Francisco City Attorney DAVID CHIU,<br><br>Plaintiff,<br><br>vs.<br><br>THE KRAFT HEINZ COMPANY, et al.,<br><br>Defendants. | Case No. 3:26-cv-00183<br><br>Removed from the Superior Court of California, County of San Francisco, Case No. CGC-25-631189<br><br>**REPLY BRIEF IN SUPPORT OF NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS INCURRED AS A RESULT OF DEFENDANTS' IMPROPER REMOVAL**<br><br>Date Action Filed: December 2, 2025<br>Hearing date: July 9, 2026 |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

In attempting to stave off a fees award, Defendants contend they should be absolved from improperly removing this case not *in spite* of ignoring multiple rulings from the Northern District that dispatched with their precise removal theories, but *because* they asserted their preferred out-of-circuit applications of law.  This approach is both bold and preposterous—and only underscores the need to award the People fees.  The ability to seek fees for improper remand exists precisely to true up plaintiffs for the resources expended fighting improper removals just like this.  This Court should disregard Defendants' arguments that the People's motion is procedurally improper: Rule 54's two-week deadline for fee motions only applies where there has been a judgment, and the People *did* meet and confer prior to filing the motion to remand.  The People respectfully reiterate their request for fees.

### II.   ARGUMENT

#### A.   There Was No Objectively Reasonable Basis for Defendants to Remove This Action.

Defendants' removal was not objectively reasonable, and the People are entitled to an award of the fees they "incurred as a result of the removal."  28 U.S.C. § 1447(c).

The Court "ha[d] little difficulty ordering this case remanded" in no small part because Defendants cited no "on-point, in-circuit authority to support their position."  ECF No. 78 (Order) at 12.  Defendants' entire argument was "clearly foreclosed" by in-district authority.  *See Houden v. Todd*, No. 08–35518, 348 Fed. Appx. 221, 223 (9th Cir. Sept. 14, 2009) (affirming objective unreasonableness where courts previously rejected theory of removal); *TPCO US Holding, LLC v. Fussell*, No. 23-CV-01324-EMC, 2023 WL 4312571, at *5 (N.D. Cal. July 3, 2023) (awarding attorneys' fees where removal unreasonable in light of "clearly established law in this realm").  Defendants' arguments in opposition to remand were not novel or creative.  They did not identify for the court any issues of first impression.  As this Court recognized, every argument Defendants raised against remand had been rejected by multiple district courts in the Ninth Circuit.  Mot. at 4-5 (summarizing cases in Northern District rejecting Defendants' identical arguments); Order at 12

(observing "unanimity or near-unanimity" in considering and explicitly rejecting arguments identical to Defendants).

Defendants make much of the fact that, in their view, *Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.,* affirmatively supported removal. Opp. at 5-6 (citing 642 F.3d 728 (9th Cir. 2011)). Their view is not supported by authority in the Ninth Circuit. For instance, three of the four examples the People cited in their motion for fees explicitly reconcile *Lucent* with *Nevada v. Bank of Am. Corp.*, 672 F.3d 661 (9th Cir. 2012) in a way that foreclosed the arguments Defendants presented here. *See People of the State of Cal. ex rel. Chiu v. InComm Fin. Servs., Inc.*, No. 3:23-CV-06456-WHO, 2024 WL 1281330, at *3-5 (N.D. Cal. Mar. 26, 2024); *Cnty. of San Mateo v. Monsanto Co.*, 644 F. Supp. 3d 566, 570-74 (N.D. Cal. 2022); *In re Facebook, Inc., Consumer Privacy User Profile Litig.*, 354 F. Supp. 3d 1122, 1127-29 (N.D. Cal. 2019).

In an attempt to argue their removal position was reasonable, Defendants attempt to misdirect the Court. Defendants suggest that each of the courts that issued the remand rulings on the cases foreclosing Defendants' removal theory subsequently denied fee motions. Opp. at 8. Yet, in only one of those cases *was a fee motion filed*—much less denied. That case was *People of the State of Cal. ex rel. Herrera v. Check 'N Go of Cal., Inc.*, No. C 07-02789 JSW, 2007 WL 2406888, at *5–7 (N.D. Cal. Aug. 20, 2007) ("*Check 'N Go*"), and it is distinguishable on this discrete issue. First, since *Check 'N Go* was decided in 2007, multiple district courts in the Ninth Circuit, including the other authorities the People cited, rejected the same remand theories Defendants presented to this Court. Accordingly, regardless of whether the defendants' arguments against remand were "objectively reasonable" in *Check 'N Go* some twenty years ago, Defendants' arguments in 2026 are "objectively unreasonable" *now*—precisely because between *Check 'N Go* and the day Defendants removed this case, multiple courts rejected Defendants' exact arguments. This the People have amply illustrated. Mot. at 4-5. Second, *Check 'N Go* appears not to have applied the correct standard for remand-oriented fee motions: The court noted the removal was not "frivolous or motivated by bad faith." *Id.* But a finding of "bad faith" is not a requirement for fees in the remand context. *See Moore v. Permanente Med. Grp.*, 981 F.2d 443, 446-48 (9th Cir. 2012).

REPLY BRIEF ISO MOTION FOR FEES                    3
CASE NO. 3:26-cv-00183

Defendants' attempts to distinguish cases the People cited in support of their motion for fees are confounding in light of Defendants' continued refusal to engage with the authorities the People have cited that show that Defendants' arguments opposing remand have been rejected multiple times by courts in the Northern District. Opp. at 8-9. The existence of these cases shows that Defendants' removal was objectively unreasonable, and Defendants' continued silence speaks volumes. Separately, Defendants' attempts to argue the People's authorities do not apply to their request for fees miss the mark. For instance, Defendants imply that fees are only appropriate if the removal was foreclosed by "bedrock" principles of law as decided by an appeals court or the Supreme Court. Opp. at 8. Yet, none of the People's cited authorities event hint at that proposition, and Defendants cite no case that stands for it.[1] What's more, the scarcity of Ninth Circuit authority affirming the "near-unanimity" of district court reasoning here is not an indication of any sort of lack of appellate imprimatur—it is a facet of the fact that orders remanding cases to state court on the grounds at issue here are not immediately appealable. *See First Interstate Bank v. Wall St. Apartments LLC*, No. 24-1463, 2024 WL 4117300, at *1 (9th Cir. Apr. 29, 2024) (an order remanding case to state court where it was originally filed based on lack of subject matter jurisdiction is not immediately appealable). This procedural reality should not deprive the People of an award of fees.

Defendants also suggest that *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) negates *Braco v. MCI WorldCom Communications, Inc.*, 138 F. Supp. 2d 1260 (C.D. Cal. Apr. 3, 2001) because *Martin* "clarified" that a theory's "incompatibil[ity] with the weight of authority" is immaterial to the court's exercise of discretion. Opp. at 8. But there is no tension between *Braco* and *Martin*. In fact, at least one district court in the Ninth Circuit, as recently as 2020, has cited *Braco* for the same proposition as the People have here. *See Johnson v. Johnson*, No. 220CV0614-JAM-KJN (PS), 2020 WL 1970065, at *4 (E.D. Cal. Apr. 24, 2020) (also citing *Martin*), report and recommendation adopted, No. 2:20-CV-0614-JAM-KJN, 2020 WL 2468119 (E.D. Cal. May 13, 2020). Other opinions have cited both cases without noting any tension between them. *See Fong v.*

---

[1] Defendants' attempt to distinguish *Open Text Inc. v. Beasley*, No. 21-cv-03986-EMC, 2021 WL 3261614 (N.D. Cal. July 30, 2021) is particularly puzzling, as Defendants acknowledge the removing party in that case failed to identify any caselaw where courts denied a motion for remand *based on the facts*. That, of course, is precisely what Defendants did here.

*Beehler*, No. C-13-03021(EDL), 2013 WL 5913612, at *2-3 (N.D. Cal. Oct. 31, 2013), *aff'd*, 624 F. App'x 536 (9th Cir. 2015); *Lopez v. Allied Packing & Supply Inc.*, No. 16-CV-00371-JSC, 2016 WL 3068392, at *1 (N.D. Cal. June 1, 2016).  More to the point, *Martin* does not reject "incompatibil[ity] with the weight of authority" as a way in which a party's position may be objectively reasonable.  And, even if Defendants' characterization of *Martin*'s effect were accurate, the People have explained why Defendants lacked an objectively reasonable basis to remove and should prevail on that basis.

### B.   $83,870.50 Is a Reasonable Amount of Fees.

At every opportunity when calculating the amount the People requested for fees, the People have erred on the side of requesting a lower amount in fees than they might otherwise—declining to apply an upward locality adjustment to more closely approximate San Francisco rates, requesting hourly rates for Deputy City Attorney Lanier well below what the available data suggests is commensurate with her experience, requesting hourly rates for Attorneys Harris and Miller that are slightly below or consistent with what the available data suggests is standard, eliminating duplicative time entries, declining to seek fees for staff time, eliminating time that is not spent exclusively on remand tasks, and seeking fees only for attorney timekeepers who worked most actively on the remand.  Mot. at 5-6.[2]  Nonetheless, Defendants attack the People's fee amount request on four principle grounds: (i) that Laffey is inapplicable in the Ninth Circuit, (ii) that the partnership salary data is irrelevant because it is not specific to the locality, (iii) that the People have not submitted sufficient evidence to support the time billed, and (iv) that the People's request for time spent is inflated.  Each argument fails.

First, Defendants overstate the effect of the Ninth Circuit's observations concerning the Laffey index (sometimes called the Laffey matrix).  Opp. at 9-10.  Contrary to Defendants' characterization, the authorities cited do not stand for the proposition that Laffey has no utility when determining what hourly rate to set.  *See ACLU of N. California v. Drug Enf't Admin.*, No. C 11-01997 RS, 2012 WL 5951312, at *5 (N.D. Cal. Nov. 8, 2012) ("While a court *may choose to apply the Laffey matrix*, the Ninth Circuit has expressly rejected its adoption to *set rates* in the Northern District of California"

---

[2] The People have not included in their fees calculation time spent preparing the motion for fees.  Lanier Decl. ¶ 11.  The People apologize for any error suggesting otherwise in their motion.

(emphasis added)).  In fact, just last month, a district court observed that Laffey can, in fact, serve as "a helpful and appropriate tool for fixing attorney's fees *when used in conjunction with other information*."  *See Abittan v. Hansen L. Firm, P.C.*, No. 25-CV-05427-SVK, 2026 WL 1215531, at *5 (N.D. Cal. May 4, 2026) (observing that the Ninth Circuit has not "foreclos[ed]" use of the Laffey Matrix in all cases).[3]  This is precisely the manner in which the People disclosed Laffey data to the Court— as a data point for the Court's consideration, alongside the Major, Lindsey & Africa, LLC partnership survey, Attorneys Harris and Miller's actual billable rates, and information concerning their and Deputy City Attorney Lanier's experience.  *See generally* Lanier Decl.; *see also id.* at ¶ 18 (noting Laffey is used as a "reference point").

Defendants next take issue with the People's reference to the Major, Lindsey & Africa, LLC partnership compensation survey (the Survey) as a data point because the People only explicitly referenced nationwide data.  Opp. at 10.  The insistence on accounting for locality is a counterproductive one for Defendants, as the available data suggests San Francisco's billing rates would be *higher* than the national average.  *See* Lanier Decl. ¶¶ 19, 20 and linked Survey at 12 (illustrating San Francisco average partner compensation for 2024 is higher than every other metropolitan area in the country except New York, Boston, and Silicon Valley); *see, e.g., Stathakos v. Columbia Sportswear Co.*, No. 15-CV-04543-YGR, 2018 WL 1710075, at *6 (N.D. Cal. Apr. 9, 2018) (noting Laffey fails to control for locality and thus "likely understates the prevailing hourly rate in this district")*; In re HPL Techs., Inc. Sec. Litig.,* 366 F. Supp. 2d 912, 921-22 (N.D. Cal. 2005) (noting San Francisco differential in rates required meaningful upward adjustment); *Theme Promotions, Inc. v. News Am. Mktg. FSI, Inc.*, 731 F. Supp. 2d 937, 949-50 (N.D. Cal. 2010) (same).  In a good faith effort to seek a reasonable amount of fees while covering the costs of fighting Defendants' improper removal, the People are not seeking to have an upward San Francisco locality adjustment applied to either the Laffey Matrix figures, the Survey, or to outside counsel's billable rates.

---

[3] Even in one of Defendants' authorities, the court explicitly adopted the Laffey rate.  *See Long v. Nationwide Legal File & Serve, Inc.*, No. 12-CV-03578-LHK, 2014 WL 3809401, at *12 (N.D. Cal. July 23, 2014) (adopting Laffey rate for law clerk).

REPLY BRIEF ISO MOTION FOR FEES                6
CASE NO. 3:26-cv-00183

Defendants next quibble with the documentation submitted to support the People's fee request. But the People need only submit an accounting of the hours worked and the general subject matter of their time expenditures to meet their burden. *See Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (holding party seeking fees submitted sufficient documentation where provided summary of time spent on broad categories of tasks and explained that submission was a summary of billing records); *Maslic v. ISM Vuzem d.o.o.*, No. 21-CV-02556-BLF, 2025 WL 3114457, at *6 (N.D. Cal. Nov. 6, 2025) (summary of billed time sufficient for fees request). The People have done precisely this. If the Court determines it needs more detailed information than that provided in the Lanier Declaration to determine the appropriate fee award amount, the People will happily comply. *See Fischer*, 214 F.3d at 1121 (noting propriety of district court's requesting supplemental documentation if desired).[4]

Finally, Defendants contend that the amount of hours spent on remand is too high, citing two examples where courts reduced the hours requested for remand. These cases are distinguishable. In *Selker v. Xcentric Ventures*, LLC, No. 3:22-cv-00393-BEN-KSC, 2023 WL 2316200, at *1, *10 (S.D. Cal. Mar. 1, 2023), unlike here, there was no oral argument and the reduction occurred because the court eliminated duplicative billing. In *Bakari v. Foster Poultry Farms, Inc.*, No. 1:13–cv–01814–AWI–SAB, 2014 WL 67323, at *4 (E.D. Cal. Jan. 7, 2014), report and recommendation adopted, 2014 WL 4446295 (E.D. Cal. Sept. 9, 2014), the court reduced the hours worked because the request included time spent gaining admission to practice before the court where the lawsuit was filed and because the plaintiff excessively "rounded up" their time. Neither of these cases proposes a rule that "caps" fees for remand at a certain number of hours. Rather, the courts at issue reduced the requested amount based on the circumstances of the individual case. The amount of hours billed here for researching and writing the opening and reply briefs and for preparing for oral argument is not

---

[4] None of Defendants' cited authorities hold that the submission of summaries of billing records is insufficient. *Chalmers v. City of Los Angeles*, 796 F. 2d 1205, 1210 (9th Cir. 1986), on which several of Defendants' authorities rely, predates *Fischer*, 214 F.3d at 1121. The passages Defendants cite of *Banas v. Volcano Corp.*, 47 F. Supp. 3d 957, 966–67 & n.11 (N.D. Cal. 2014) concern the perils of block billing. However, the People have asserted that they eliminated time entries that did not exclusively concern work on remand. *See* Lanier Decl. ¶¶ 11, 24, 25 (noting time requested is for work "on matters exclusively related to remand"). The imprecision of block billing is therefore not an issue.

REPLY BRIEF ISO MOTION FOR FEES
CASE NO. 3:26-cv-00183

7

unreasonable.  In *Albion Pac. Prop. Res., LLC v. Seligman*, 329 F. Supp. 2d 1163, 1175 (N.D. Cal. 2004), for example, the court awarded the moving party fees for 90 hours of work spent solely researching and writing the opening and reply briefs in support of remand.  Here, the People seek fees for fewer hours covering more tasks—85.5 hours for researching and writing the opening and reply brief *and* for preparation for oral argument.

The lodestar amount requested is reasonable, and the People have adequately substantiated their request for fees.

### C.       The People's Fee Motion Was Timely.

Federal Rule of Civil Procedure 54 and Local Civil Rule 54 plainly contemplate a motion for fees occurring at the culmination of a case.  Rule 54 expressly conditions a motion for attorneys' fees on an entry of "judgment."  *See Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 889 (9th Cir. 2000) (applying deadline after dismissal with prejudice of plaintiff's claims and entry of judgment: "Rule 54 expressly conditions a motion for attorneys' fees on an entry of judgment.")  Here, no judgment was entered, and therefore the deadlines in Rule 54 do not apply to this Court's ruling remanding the case.

Once again, Defendants rely predominantly on out-of-circuit authority to support their position.[5]  Opp. at 3-5.  They cite no Ninth Circuit authority in which the word "judgment" from Federal Rule of Civil Procedure 54 (and certainly not Northern District Local Rule 54) is expanded to include court orders granting a motion to remand.  Counsel for the People have found no such case.  Indeed, authority within the Ninth Circuit suggest that the word "judgment" affirmatively excludes orders granting a motion to remand.  *Onisko & Scholz, LLP v. B.S.D. Cap., Inc.*, No. 2:24-CV-10314-MEMF-SK, 2025 WL 3022848, at \*4 (C.D. Cal. Oct. 27, 2025) (distinguishing between Federal Rules, which peg deadline to file motion for fees to "entry of judgment" alone, and Central District of California Local Rules, which peg the deadline to file a motion for fees to the "entry of judgment *or other final order*" (emphasis added)); *Nelson v. Jones*, No. CV 01-00182 KSC, 2008 WL 11417757, at \*2 (D. Haw. Jan. 31, 2008) (citation omitted) (observing that a judgment is an order from which an appeal lies); *First Interstate Bank*, 2024 WL 4117300, at \*1 (an order remanding case to state court

---

[5] *Coyote Valley Band of Pomo Indians v. Findleton*, No. 22-CV-00607-JST, 2023 WL 4311080, at \*1 (N.D. Cal. Apr. 19, 2023) does not concern a motion to remand.

where it was originally filed based on lack of subject matter jurisdiction is not immediately appealable). Accordingly, the two-week deadline to file a request for fees is not applicable here.

If the Court disagrees with the People's good faith interpretation of Federal Rule of Civil Procedure 54 and Local Rule 54, the People submit that Defendants have not shown that they have been prejudiced by the week's delay (they could hardly argue otherwise, as the parties await a determination on the application to have the case classified as complex in San Francisco Superior and have yet to brief a motion to dismiss).

**D.    The People Are Not Required to Repeat a Meet and Confer.**

The People did not "assume opposition" and skip the meet and confer. As explained in the People's opening motion and supporting documentation, the People *did* meet and confer with Defendants concerning fees relating to remand and then memorialized the meet and confer by email. *See generally* Mot. at 3, ECF No. 84-1 and Ex. A thereto; *Bakari*, 2014 WL 67323, at *3 (noting no requirement to meet and confer prior to filing motion for remand). During the course of discussing removal and remand, the People raised twice their intent to move for fees if the People's motion for fees was granted. The People did so in good faith. Nonetheless, Defendants proceeded with their improper removal.

There is no requirement in the Local Rules that the People *repeat* meet and confer overtures closer in time to the filing of the fees motion, and the People had a reasonable and good faith understanding that they had satisfied any meet and confer obligations they might have during the parties' conversations as memorialized in the Lanier Declaration. The Court should disregard this argument in its entirety. If, however, the Court wishes the parties to undertake an additional meet and confer concerning fees, the People ask for leave to meet and confer and re-file their motion for fees. *See Navarro v. Apartment Mgmt. Consultants*, LLC, 729 F. Supp. 3d 961, 963 (N.D. Cal. 2024) (denying fees motion without prejudice after finding parties did not satisfy meet and confer requirement and directing parties to meet and confer).

## III.    CONCLUSION

Defendants' removal of this action was objectively unreasonable, and the People's motion for fees is procedurally proper.  Accordingly, the People ask this Court order Defendants to pay the People's costs and fees incurred as a result of the removal in the amount of **$83,870.50**.

Dated: June 5, 2026                                Respectfully submitted,

DAVID CHIU
City Attorney
YVONNE R. MERÉ
Chief Deputy City Attorney
SARA J. EISENBERG
Chief of Complex and Affirmative Litigation
JESSE E. LANIER
Deputy City Attorney

By:  /s/ *Jesse E. Lanier*
       JESSE E. LANIER
       Deputy City Attorney

Attorneys for Plaintiffs
THE PEOPLE OF THE STATE OF CALIFORNIA

Jennie Lee Anderson (SBN 203586)
William D. Harris, II*
ANDRUS ANDERSON LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
Tel.: 415-986-1400
jennie@andrusanderson.com
will.harris@andrusanderson.com

Diandra S. Debrosse*
Alexius Miller (SBN 227004)
DICELLO LEVITT LLP
505 20th Street North, Suite 1500
Birmingham, AL 35203
Tel.: 205-453-6415
fu@dicellolevitt.com
amiller@dicellolevitt.com

Adam J. Levitt*
Daniel R. Ferri*
DICELLO LEVITT LLP
Ten North Dearborn Street, Sixth Floor
Chicago, IL 60602
Tel.: 312-214-7900
alevitt@dicellolevitt.com

dferri@dicellolevitt.com

Rene F. Rocha*
MORGAN & MORGAN, P.A.
1100 Poydras Street, Suite 2900
New Orleans, LA 70163
Tel.: 504-636-6310
rrocha@forthepeople.com

Frank M. Petosa*
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Tel.: 954-318-0268
fpetosa@forthepeople.com

Attorneys for Plaintiff The People of the State of California, acting by and through San Francisco City Attorney David Chiu

*pro hac vice forthcoming on remand in the Superior Court for the County of San Francisco

I, Jennie Lee Anderson, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

<u>  /s/ Jennie Lee Anderson  </u>

Jennie Lee Anderson