UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PEOPLE OF THE STATE OF
CALIFORNIA,

Plaintiff,

v.

KRAFT HEINZ COMPANY, et al.,

Defendants.

Case No. 26-cv-00183-JST

**ORDER ON MOTION FOR
ATTORNEY'S FEES AND COSTS**

Re: ECF No. 84

Before the Court is Plaintiff's motion for attorney's fees and costs. ECF No. 84. The Court will deny the motion without prejudice.

**I.      BACKGROUND**

On December 2, 2025, the People of the State of California, acting by and through San Francisco City Attorney David Chiu, filed this lawsuit in state court. ECF No. 1-2 at 2. The complaint alleges that the nine defendant food manufacturers designed ultra-processed foods ("UPFs") to be addictive and marketed them aggressively to children and vulnerable communities, despite knowing that UPFs cause various chronic diseases and other health risks. *Id*. ¶¶ 5–12, 61–79, 203–18.

Defendants removed the case to this Court, asserting diversity jurisdiction under 28 U.S.C.§ 1332. ECF No. 1. On April 23, 2026, the Court held a hearing and granted Plaintiff's motion to remand. ECF Nos. 77, 78. Subsequently, Plaintiff moved under 28 U.S.C. § 1447(c) for an award of attorney's fees and costs incurred in moving to remand. ECF No. 84. Defendants filed an opposition, ECF No. 85, and Plaintiff replied, ECF No. 86.

The court found the matter suitable for disposition without oral argument pursuant to Fed. R. Civ. P. 78(b) and Civil L. R. 7-1(b).

## II.   JURISDICTION

"The award of fees pursuant to [S]ection 1447(c) is collateral to the decision to remand. The district court retain[s] jurisdiction after the remand to entertain Plaintiffs' motion for attorney's fees."  *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 445 (9th Cir. 1992).

## III.   LEGAL STANDARD

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  Section 1447(c) does not presume in favor of, or against, fee awards.  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138–39 (2005).  Rather, fees may be awarded "only where the removing party lacked an objectively reasonable basis for seeking removal."  *Id.* at 141.

Under the applicable local rules, "[c]ounsel for the respective parties must meet and confer for the purpose of resolving all disputed issues relating to attorney's fees before making a motion for award of attorney's fees."  Civil L.R. 54-5(a).  A motion for fees must include a declaration that contains:

> [a] statement that counsel have met and conferred for the purpose of attempting to resolve any disputes with respect to the motion or a statement that no conference was held, with certification that the applying attorney made a good faith effort to arrange such a conference, setting forth the reason the conference was not held . . . .

Civil L.R. 54-5(b)(1).  A meet and confer is defined by the local rule as:

> to communicate directly and to discuss in good faith the issue(s) required under the particular Rule or order.  Unless these Local Rules otherwise provide or a Judge otherwise orders, such communication may take place by telephone.  The mere sending of a written, electronic, or voice-mail communication, however, does not satisfy a requirement to "meet and confer" or to "confer."  Rather, this requirement can be satisfied only through direct dialogue and discussion – either in a face to face meeting or in a telephone conversation.

Civil L.R. 1-5(n).

## IV.   DISCUSSION

Defendants correctly note that San Francisco failed to meet and confer as required by the Local Rules.  ECF No. 85 at 10.  Plaintiff's counsel's declaration in support of the motion for fees states only that counsel met and conferred before the case was removed about the appropriateness

United States District Court
Northern District of California

of removal, and that in a series of emails memorializing that conversation, Plaintiff's counsel twice stated their intention to move for fees after obtaining remand. ECF No. 84-1 at 2; *see also* ECF No. 84-1 Exh. A (emails). The declaration does not state that the parties ever discussed the substance of Plaintiff's fees motion, in person or by telephone, to try to resolve any disputes related to the fees motion. Nor does it state that Plaintiff's counsel made good faith attempts to arrange a meet and confer.

Because the meet and confer requirement was not satisfied, Plaintiff's motion for fees is denied. *See, e.g.*, *Johannson v. Wachovia Mortg., FSB*, No. C 11-02822 WHA, 2012 WL 2793204, at *1–2 (N.D. Cal. July 9, 2012) (denying fees motion for failing to comply with Civil L.R. 54-5(a–b)); *Gomez v. Braby*, No. 22-CV-00036-PJH, 2022 WL 16556792, at *2 (N.D. Cal. Oct. 31, 2022) (same); *Run the World Inc. v. Jiang*, No. 23-CV-03130-AMO, 2025 WL 948059, at *5 (N.D. Cal. Mar. 28, 2025), *appeal dismissed*, No. 25-2785, 2025 WL 2158806 (9th Cir. May 30, 2025) (noting that "the Court denied the earlier Motions [for fees] for failure to comport with the meet and confer requirements of Civil Local Rule 54 . . . ."); *Van v. Language Line, LLC*, No. 14-CV-03791-LHK, 2016 WL 5339805, at *12 (N.D. Cal. Sept. 23, 2016*), aff'd sub nom. Van v. Language Line Servs., Inc.*,733 F. App'x 349 (9th Cir. 2018) (denying motion for fees under Civil L.R. 54-5 because parties "did not engage in any discussion about the motion" and "Plaintiff did not indicate the amount or type of fees that her attorney may seek").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees is denied without prejudice. *See Navarro v. Apartment Mgmt. Consultants, LLC*, 729 F. Supp. 3d 961, 963 (N.D. Cal. 2024) (denying fees motion without prejudice for failing to properly meet and confer).

**IT IS SO ORDERED.**

Dated: August 5, 2026

_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California