DAVID CHIU, SBN 189542
City Attorney
YVONNE R. MERÉ, SBN 173594
Chief Deputy City Attorney
SARA J. EISENBERG, SBN 269303
Chief of Complex & Affirmative Litigation
JESSE E. LANIER, SBN 303395
JOEL F. WACKS, SBN 326561
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, CA 94102
Tel.: 415-554-3944
Email: Jesse.Lanier@sfcityatty.org

Attorneys for Plaintiff the People of the State of California, acting by and through San Francisco City Attorney David Chiu

*[Additional counsel appear on signature page.]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, Acting by and through San Francisco City Attorney DAVID CHIU,<br><br>Plaintiff,<br><br>vs.<br><br>THE KRAFT HEINZ COMPANY, et al.,<br><br>Defendants. | Case No. 3:26-cv-00183<br><br>Removed from the Superior Court of California, County of San Francisco, Case No. CGC-25-631189<br><br>**RENEWED NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES INCURRED AS A RESULT OF DEFENDANTS' IMPROPER REMOVAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date Action Filed: December 2, 2025<br>Hearing Date: January 7, 2027 |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Please take notice that Plaintiff People of the State of California (the "People") ask that this Court order Defendants Kraft Heinz Company, Inc., Mondelez Global LLC, Post Holdings Inc., The Coca-Cola Company, PepsiCo, Inc., General Mills, Inc., Nestle USA, Inc., Kellanova, WK Kellogg Co., Mars Incorporated, Inc., and Conagra Brands, Inc. (collectively, "Defendants") to pay the fees and costs the People incurred as a result of Defendants' improper removal of this action to federal court, pursuant to Local Rule 7-3 and 28 U.S.C. section 1447(c), in the amount of **$83,870.50**. This amount includes fees for attorney time spent preparing the motion to remand, the reply brief in support, and for oral argument.

The People will appear for oral argument on this motion on January 7, 2027, at 2 p.m., or on another date shortly thereafter as convenient for the Court, by Zoom.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The People, having met and conferred with Defendants, hereby respectfully renew their motion for **$83,870.50** in attorneys' fees. A fees award will reimburse the People (in part) for their efforts opposing Defendants' objectively unreasonable removal and will also deter future defendants from removing cases where their legal argument for doing so is foreclosed.

## II. BACKGROUND

On April 23, 2026, this Court granted the People's motion to remand, noting it "ha[d] little difficulty ordering this case remanded." ECF No. 78 (Order Granting the People's Motion to Remand) at 12. The Court further noted that "Defendants cite[d] no on-point, in-circuit authority to support their position." *Id.* On May 15, 2026, the People moved for fees, arguing that that there had been no objectively reasonable basis for the removal. ECF No. 84 (the People's Motion for Attorneys' Fees) at 3-5. The People sought **$83,870.50** in fees and explained why this amount was reasonable. *Id.* at 5-6.

Defendants opposed the People's motion. They argued that the People's motion was untimely, under Federal Rule of Civil Procedure 54 and L. Civ. R. 54-5, and that the People had failed to adequately meet and confer. ECF No. 85 (Defendants' Opposition to the People's Motion for Attorneys' Fees) at 3-5. Defendants reiterated arguments they made in support of their removal and asserted they had had a proper basis to do so. *Id.* at 5-8. Defendants also argued that the People had not supplied sufficient details concerning the hours billed and had not provided sufficient information to justify the claimed hourly rates for the Attorneys Lanier, Harris, and Miller. *Id.* at 8-11.

In their reply, the People pointed out that Defendants' entire argument in support of removal was "clearly foreclosed" by in-district authority. ECF No. 86 the People's Reply in Support of Motion for Attorneys' Fees) at 2 (citing *Houden v. Todd*, No. 08–35518, 348 Fed. Appx. 221, 223 (9th Cir. Sept. 14, 2009) (affirming objective unreasonableness where courts previously rejected theory of removal) and *TPCO US Holding, LLC v. Fussell*, No. 23-CV-01324-EMC, 2023 WL 4312571, at *5 (N.D. Cal. July 3, 2023) (awarding attorneys' fees where removal unreasonable in light of "clearly established law in this realm")). The People argued that "Defendants' arguments in opposition to remand were not novel or creative and that they did not identify for the court any issues of first

impression. *Id.* As this Court recognized, every argument Defendants raised against remand had been rejected by multiple district courts in the Ninth Circuit." *Id.* at 2-3 (citing ECF No. 78 at 12; *Dep't of Fair Emp. & Hous. v. Lucent Techs, Inc.*, 642 F.3d 728 (9th Cir. 2011); *Nevada v. Bank of Am. Corp.*, 672 F.3d 661 (9th Cir. 2012); *People of the State of Cal. by & through Chiu v. InComm Fin. Servs., Inc.*, No. 3:23-CV-06456-WHO, 2024 WL 1281330, at *3-5 (N.D. Cal. Mar. 26, 2024); *Cnty. of San Mateo v. Monsanto Co.*, 644 F. Supp. 3d 566, 570-74 (N.D. Cal. 2022); and *In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 354 F. Supp. 3d 1122, 1127-29 (N.D. Cal. 2019)). The People pointed out the Defendants had failed to engage with the multiple authorities the People cited that foreclosed Defendants' arguments opposing remand: "The existence of these cases shows that Defendants' removal was objectively unreasonable, and Defendants' continued silence speaks volumes." *Id.* at 4.

The People also addressed each of Defendants' arguments concerning the amount of fees requested and Defendants' arguments that the People's motion was procedurally improper.

The People explained that they had erred on the side of requesting a lower fee amount than they might otherwise have—declining to apply upward locality adjustments for San Francisco rates, requesting hourly rates for Deputy City Attorney Lanier well below what the available data suggests is commensurate with her experience, requesting hourly rates for Attorneys Harris and Miller that are slightly below or consistent with what the available data suggests is standard, eliminating duplicative time entries, declining to seek fees for staff time, eliminating time not spent exclusively on remand tasks, and seeking fees only for attorney timekeepers who worked most actively on the remand. *Id.* at 5. The People explained that the *Laffey* index/matrix was an appropriate data point in the Ninth Circuit to set an attorney's hourly rate. *Id.* at 6 (citing *Abittan v. Hansen L. Firm, P.C.*, No. 25-CV-05427-SVK, 2026 WL 1215531, at * 5 (N.D. Cal. May 4, 2026) (observing that the Ninth Circuit has not "foreclos[ed]" use of the Laffey Matrix in all cases)). The People also explained that the reference to the Major, Lindsey & Africa, LLC partnership compensation survey was also appropriate, and pointed out that Defendants' counterproductive position that the People had not imposed a locality increase only underscored the reasonableness of the People's requested fee amount. *Id.* at 6-7. The People explained that they had met their burden by submitting an appropriately detailed accounting of

the hours worked and the general subject matter of their time expenditures and that the amount of hours they sought for drafting briefs in support of their motion to remand and preparing for oral argument were reasonable. *Id.* at 7. Finally, the People explained that their motion was timely, noting Federal Rule of Civil Procedure 54 and Local Civil Rule 54 "plainly contemplate a motion for fees occurring at the culmination of a case," as the deadlines are pegged to an entry of "judgment." *Id.* 8-9. And, the People argued, because no judgment was entered after the Court granted the People's motion to remand, the deadlines in Rule 54 do not apply. *Id.* The People explained why they believed they had sufficiently met and conferred. *Id.* at 9.

The Court denied the People's motion without prejudice on the sole basis that the parties had not sufficiently met and conferred. ECF No. 88 (Order Denying Fees Motion Without Prejudice) at 3.

On August 13, 2026, the People reached out to Defendants, explained they intended to renew their motion for fees, and scheduled a meet and confer with Defendants, and, on August 20, 2026, the parties met and conferred. Supplemental Declaration of Jesse E. Lanier (Supp. Lanier Decl.) ¶ 3-4. During the meet and confer, while Defendants agreed the People need not submit billing records, Defendants asked that the People provide a more detailed description of the way time was billed on tasks related to remand and reiterated their position that the People relied too heavily on the *Laffey* index/matrix to set rates. *Id.* ¶ 5. The parties then discussed whether the People's motion was timely under Federal Rule of Civil Procedure and Local Rule 54, and the parties maintained their previous positions. *Id.* ¶ 7. The People asked Defendants whether there was anything else Defendants felt needed to be discussed to ensure the meet and confer was complete, and Defendants confirmed there was no other topic that needed to be addressed. *Id.* ¶ 8. The People asked Defendants whether they might stipulate to an award of fees in some amount, and Defendants indicated they would consider the People's question and revert. *Id.* ¶ 9. On September 1, 2026, the People inquired about this issue. *Id.* ¶10. The next day, Defendants confirmed they would not stipulate to an award for fees. *Id.*

//

//

//

## III. ARGUMENT

### A. There Was No Objectively Reasonable Basis for Defendants to Remove This Action.

The People's arguments on the merits in support of fees remain the same. Here, an award of fees is appropriate because Defendants' basis for removal was not objectively reasonable. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41 (2005) (citing 28 U.S.C. § 1447(c)) (fee award on remand proper where no objectively reasonable basis to seek removal). Defendants' asserted basis for removal was "clearly foreclose[d]" by Ninth Circuit law. *See Malgesini v. Malley*, No. 22-15625, 2023 WL 1281664, at *1 (9th Cir. Jan. 27, 2023) (award of fees not abuse of discretion where precedent precluded theory of removal); *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066-67 (9th Cir. 2008) (declining to award fees where premise for removal was issue of first impression).

To justify removal, Defendants contended San Francisco is the real party interest. ECF No. 1 (Notice of Removal) at ¶ 24. Defendants' justification for this view was: (i) that the Complaint was brought by the City Attorney of San Francisco, (ii) the factual allegations in the Complaint focus on harm done to San Francisco County, not the State, and (iii) San Francisco would receive civil penalties collected as a result of the lawsuit. *Id.* ¶¶ 24-26. But this entire argument was "clearly foreclosed" by in-district authority. *See Houden v. Todd*, 348 Fed. Appx. 221, 223 (9th Cir. 2009); *TPCO US Holding, LLC*, 2023 WL 4312571, at *5.

As the People pointed out in their remand papers, and as this Court agreed, district courts in the Northern District have shown "unanimity or near-unanimity" in considering and explicitly rejecting arguments identical to those Defendants presented. ECF No. 78 at 12; *e.g., InComm Fin. Servs., Inc.*, 2024 WL 1281330, at *6 (rejecting the same real party in interest removal theory in an unfair competition law enforcement action brought by this Office on behalf of the People); *Monsanto Co.*, 644 F. Supp. 3d at 571-74 (holding the People the real party in interest because pollution of single inland waterway harmed California as a whole and abatement would benefit state as a whole); *In re Facebook, Inc.*, 354 F. Supp. 3d at 1135-36 (holding interests of state "primarily" served by lawsuit where suit sought civil penalties unavailable to private plaintiffs and statewide injunctive relief); *People of the State of Cal. ex rel. Herrera v. Check 'N Go of Cal., Inc.*, No. C 07-02789 JSW, 2007 WL 2406888, at *5–7 (N.D. Cal. Aug. 20, 2007) (holding the People were the real party in interest in

unfair competition law enforcement action brought by this Office). As the People argued on remand, and as this Court agreed, Defendants' theory of removal relied on misinterpretations of case law and out of circuit reasoning, and Defendants cited no apposite Northern District authority. ECF No. 78 at 12. Indeed, in briefing and at the hearing, Defendants failed to articulate a single legitimate basis for removal. *See Reynolds v. Singh*, No. 2:22-CV-00601-JAM-KJN, 2022 WL 3135895, at *4 (E.D. Cal., Aug. 5, 2022) (awarding fees on remand where no legitimate basis for removal under applicable case law).[1]

Finally, as indicated above, the People told Defendants that their theory of removal was without merit and warned Defendants the People would move for fees on remand. ECF No. 84-1 (Lanier Decl.) ¶ 7 and Ex. A. Defendants' insistence on removal after they were on notice is itself justification for an award of fees. *See Open Text Inc. v. Beasley*, No. 21-CV-03986-EMC, 2021 WL 3261614, at *7 (N.D. Cal. July 30, 2021) (awarding fees on remand where defendant put on notice that removal precluded by law). Had Defendants heeded the People's warnings, the People would have been spared the substantial time and expense of filing a motion to remand (and the instant motion for fees) and could have proceeded expeditiously in the proper state court forum.

In these circumstances, fees are entirely appropriate. *See Martin*, 546 U.S. at 140 ("Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff.").

**B. $83,870.50 Is a Reasonable Amount of Fees.**

When determining a reasonable amount for attorneys' fees, federal courts use the lodestar method. *Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003). Lodestar analysis considers two factors: the reasonableness of the number of hours and the reasonableness of the hourly rate. *Hensley*

---

[1] Even assuming *arguendo* Defendants' theory of removal was "fairly supportable," their theory was incompatible with the weight of authority in the Ninth Circuit. *See Braco v. MCI WorldCom Communications, Ind.*, 138 F. Supp. 2d 1260, 1270 (C.D. Cal. 2001) (awarding fees to plaintiff after granting motion for remand even where defendant's justification was "fairly supportable" by authority defendant cited but "contrary to law, as it has been expressed by the weight of authority" (citation omitted)). Defendants may argue again that *Braco* is incompatible with *Martin*, but this argument does not pass muster. As the People argued on reply, there is no tension between *Braco* and *Martin*. *See* ECF No. 86 at 4-5; *see also Fong v. Beehler*, No. C-13-03021(EDL), 2013 WL 5913612, at *2-3 (N.D. Cal. Oct. 31, 2013), *aff'd*, 624 F. App'x 536 (9th Cir. 2015) (discussing *Braco* and *Martin*).

*v. Eckerhart*, 461 U.S. 424, 433 (1983). The fee award is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). While courts may further adjust the fee award after the lodestar calculation, there is a "strong presumption" that the calculation represents a reasonable fee. *Id.* at n.8.

Counsel for the People seek **$83,870.50** in fees. This requested fee amount represents a concerted effort to cull time entries where multiple timekeepers contributed to the same task and time co-counsel for the People spent in conference with one another. The People have further exercised billing discretion by only seeking fees for the attorney timekeepers who worked most actively on research, drafting, review, and revision of the motion to remand and reply, as well as those who most concertedly prepared for argument on the motion before this Court.

The People have incorporated Defendants' request at meet and confer for a more detailed description of the tasks on which attorneys billed time. Those descriptions are included in the Lanier, Harris, and Miller Declarations, submitted alongside this renewed motion. *See Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (party seeking fees can meet its burden of justification by listing the hours worked and identifying the general subject matter of the time expenditures); *Maslic v. ISM Vuzem d.o.o.*, No. 21-CV-02556-BLF, 2025 WL 3114457, at *6 (N.D. Cal. Nov. 6, 2025) (summary of billed time sufficient for fees request). The time spent reviewing the removal, researching and drafting the motion to remand, reviewing Defendants' opposition, researching and distinguishing Defendants' authorities, researching and drafting the reply brief, and finally, preparing for argument and arguing the motion to remand was reasonable. Finally, the Attorney Declarations explains the ways in which the *Laffey* index and the Major, Lindsey & Africa, LLC partnership compensation survey bolster the reasonableness of the hourly rates the People seek for Attorneys Lanier, Harris, and Miller.

**C. The People's Motion for Fees Was Timely.**

The People expect Defendants to re-raise their argument that the People's fee motion was untimely.

As the People have previously argued, Federal Rule of Civil Procedure 54 and Local Civil Rule 54 plainly contemplate a motion for fees occurring at the culmination of a case. *See Yan v. Vdoviceno*, No. 25-cv-09993-LJC, 2026 WL 89323, at *4 (N.D. Cal. Jan. 12, 2026) ("…[T]he undersigned reads Rule 54-5 as applying specifically to motions for attorney's fees *filed after entry of judgment…*" (emphasis added)).[2] Rule 54 expressly conditions a motion for attorneys' fees on an entry of "judgment." *See Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 889 (9th Cir. 2000) (applying deadline after dismissal with prejudice of plaintiff's claims and entry of judgment: "Rule 54 expressly conditions a motion for attorneys' fees on an entry of judgment."). Here, no judgment was entered, and therefore the deadlines in Rule 54 do not apply to this Court's ruling remanding the case. *See Onisko & Scholz, LLP v. B.S.D. Cap., Inc.*, No. 2:24-CV-10314-MEMF-SK, 2025 WL 3022848, at *4 (C.D. Cal. Oct. 27, 2025) (distinguishing between Federal Rules, which peg deadline to file motion for fees to "entry of judgment" alone, and Central District of California Local Rules, which peg the deadline to file a motion for fees to the "entry of judgment *or other final order*" (emphasis added)); *Nelson v. Jones*, No. CV 01-00182 KSC, 2008 WL 11417757, at *2 (D. Haw. Jan. 31, 2008) (observing that a judgment is any order from which an appeal lies); *First Interstate Bank v. Wall St. Apartments LLC*, No. 24-1463, 2024 WL 4117300, at *1 (9th Cir. Apr. 29, 2024) (an order remanding case to state court where it was originally filed based on lack of subject matter jurisdiction is not immediately appealable).

Finally, as the People noted in their reply brief in support of their first motion for fees, if the Court disagrees with the People's good faith interpretation of Federal Rule of Civil Procedure 54 and Local Rule 54, the People submit that Defendants cannot show they have been prejudiced by the short delay. ECF No. 86 at 9; *Cabrera v. Ford Motor Co.*, No. 23-CV-1775-WQH-LR, 2025 WL 2462442,

---

[2] In conducting supplemental research for this renewed motion, the People found one authority that is at odds with *Yan*'s interpretation that Local Rule 54-5's two-week deadline does not apply to motions for attorneys' fees following an order remanding a case. *See Malgesini v. Malley*, No. 5:20-CV-07002-EJD, 2021 WL 1318633, at *2 (N.D. Cal. Apr. 8, 2021) (directing a plaintiff to file a request for "reimbursement" for improper removal "within fourteen days of the entry of this order [remanding the case], in accordance with the provisions of Civil Local Rule 54). The People disclose this authority in order to be fully candid with the Court. For the reasons explained above and in their previous reply, the People maintain that the correct interpretation of Local Rule 54-5 is that the two-week deadline applies only where a judgment is entered.

at *15, n.1 (S.D. Cal. Aug. 26, 2025) (considering untimely motion for fees where defendants failed to show prejudice).

**IV. CONCLUSION**

Defendants' removal of this action was objectively unreasonable. "As a matter of public policy, the party forced to bring a motion to remand an improperly removed case generally should be fully reimbursed for its costs in remanding the case whether the removal was in bad faith or otherwise." *See Moore v. Kaiser Foundation Hospitals, Inc.*, 765 F. Supp. 1464, 1466 (N.D. Cal. 1991). The Court's previous denial of the People's motion for fees was based solely on the fact that the People had not sufficiently met and conferred with Defendants. Having met and conferred, the People renew their request for this Court to order Defendants to pay the People's costs and fees incurred as a result of the removal in the amount of **$83,870.50**.

Dated: September 3, 2026

Respectfully submitted,

DAVID CHIU
City Attorney
YVONNE R. MERÉ
Chief Deputy City Attorney
SARA J. EISENBERG
Chief of Complex and Affirmative Litigation
JESSE E. LANIER
JOEL WACKS
Deputy City Attorneys

By: /s/ *Jesse E. Lanier*
JESSE E. LANIER
Deputy City Attorney

Attorneys for Plaintiffs
THE PEOPLE OF THE STATE OF CALIFORNIA

Jennie Lee Anderson (SBN 203586)
ANDRUS ANDERSON LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
Tel.: 415-986-1400
jennie@andrusanderson.com

Diandra S. Debrosse*
DICELLO LEVITT LLP
505 20th Street North, Suite 1500
Birmingham, AL 35203
Tel.: 205-453-6415
fu@dicellolevitt.com

Adam J. Levitt*
Daniel R. Ferri*
DICELLO LEVITT LLP
Ten North Dearborn Street, Sixth Floor
Chicago, IL 60602
Tel.: 312-214-7900
alevitt@dicellolevitt.com
dferri@dicellolevitt.com

Rene F. Rocha*
MORGAN & MORGAN, P.A.
1100 Poydras Street, Suite 2900
New Orleans, LA 70163
Tel.: 504-636-6310
rrocha@forthepeople.com

Frank M. Petosa*
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Tel.: 954-318-0268
fpetosa@forthepeople.com

Attorneys for Plaintiff The People of the State of California, acting by and through San Francisco City Attorney David Chiu

**pro hac vice forthcoming*

## ATTESTATION OF MEET AND CONFER

On August 20, 2026, the parties met and conferred by videoconference to attempt to resolve open disputes concerning the People's renewed motion for attorneys' fees. The parties were unable to completely resolve those issues, though the People agreed to provide additional details concerning the manner in which time was billed on remand.

Additional details concerning the substance of the parties' meet and confer are described in the People's brief in support of their renewed motion for fees and in the Lanier Declaration filed concurrently.

By: /s/ *Jesse E. Lanier*
JESSE E. LANIER
Deputy City Attorney