DAVID CHIU, SBN 189542
City Attorney
YVONNE R. MERÉ, SBN 173594
Chief Deputy City Attorney
SARA J. EISENBERG, SBN 269303
Chief of Complex & Affirmative Litigation
JESSE E. LANIER, SBN 303395
JOEL F. WACKS, SBN 326561
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, CA 94102
Tel.: 415-554-3944
Email: Jesse.Lanier@sfcityatty.org

Attorneys for Plaintiff the People of the State of California, acting by and through San Francisco City Attorney David Chiu

*[Additional counsel appear on signature page.]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, Acting by and through San Francisco City Attorney DAVID CHIU,<br><br>Plaintiff,<br><br>vs.<br><br>THE KRAFT HEINZ COMPANY, et al.,<br><br>Defendants. | Case No. 3:26-cv-00183<br><br>Removed from the Superior Court of California, County of San Francisco, Case No. CGC-25-631189<br><br>**SUPPLEMENTAL DECLARATION OF JESSE E. LANIER IN SUPPORT OF RENEWED MOTION FOR ATTORNEY FEES**<br><br>Date Action Filed: December 2, 2025 |

I, Jesse E. Lanier, declare as follows:

1. I am an attorney, licensed to practice law in the State of California, and I am a deputy city attorney in the San Francisco City Attorney's Office. I am counsel of record for Plaintiff, the People of the State of California, in this action. If called upon to testify, I could and would testify competently to the contents of this declaration.

2. I was assigned to work on this case on or about October 2025 and I have worked on it to the present. I have supervised paralegals and outside counsel on this case.

3. Shortly after reviewing the Court's order denying the People's motion for fees without prejudice, the People reached out to Defendants on August 13, 2026, explained they intended to renew their motion for fees, and scheduled a meet and confer with Defendants.

4. On August 20, 2026, the parties met and conferred by videoconference.

5. During the meet and confer, while Defendants agreed the People need not submit billing records, Defendants asked that the People provide a more detailed description of the way time was billed on tasks related to remand.

6. Defendants reiterated their position that the People relied too heavily on the *Laffey* index/matrix to set rates, and the People explained that they disagreed.

7. The parties then discussed whether the People's motion was timely under Federal Rule of Civil Procedure and Local Rule 54, and the parties maintained their previous positions.

8. The People asked Defendants whether there was anything else Defendants felt needed to be discussed to ensure the meet and confer was complete, and Defendants confirmed there was no other topic that needed to be addressed.

9. The People asked Defendants whether they might stipulate to an award of fees in some amount, and Defendants indicated they would consider the People's question and revert.

10. On September 1, 2026, the People inquired about this issue. The next day, Defendants confirmed they would not stipulate to an award for fees.

11. I have reviewed the Office's billing records with regard to this case, as well as the records of our outside counsel. The methodology for our fee calculation is explained below.

12. Deputy City Attorneys are salaried and do not charge their clients hourly rates in the same manner as attorneys in private practice.

13. I have been employed as a Deputy City Attorney since October of 2025. I have been admitted to practice law since 2013 (and in California since 2015). Prior to joining the City Attorney's Office, I was Of Counsel at Conrad Metlitzky Kane LLP, and prior to that I was a senior associate at Durie Tangri LLP and, before that, an associate at Holland & Knight LLP. I clerked for the Honorable Jeffrey S. White from 2018 to 2020. I regularly practice in California courts and in this Court.

14. Since January 7, 2026, the date of Defendants' removal, I have billed 73.25 hours on matters exclusively related to remand—including review of removal papers; research, writing, and revising the motion to remand and the reply brief; and preparing for oral argument. I also argued the case at oral argument.

15. Our office has exercised billing discretion to eliminate the possibility of duplicative billing for strategy meetings and conversations. Following this reduction, our Office will claim only **45 hours** for my work: 3 hours reviewing and revising the motion to remand, 2.75 hours reviewing and revising the reply brief in support our motion to remand, and 39.25 hours preparing to argue and arguing the motion to remand. We have not included time spent preparing this fee motion in our calculation.

16. The People are requesting a reasonable hourly rate of $790 for my time spent litigating this matter. As described below, this hourly rate is reasonable for an attorney with my level of expertise, experience, and qualifications, practicing law in in San Francisco, California, and is consistent with the market rates in the San Francisco legal community.

17. The People are seeking $35,550 for my fees as a direct result of Defendants' improper removal.

18. I am familiar with and have reviewed and analyzed the 2025-2026 "Laffey" fee matrix, which is an attorney fee matrix used by the Civil Division of the U.S. Department of Justice and many firms to evaluate requests for attorneys' fees in civil cases in District of Columbia courts in cases in which a fee-shifting statute permits the prevailing party to recover "reasonable" attorney's fees. A true

and correct copy of this Matrix is viewable at http://www.laffeymatrix.com/see.html. The Matrix provides tiered rates for lawyers, differentiated according to their years of experience. The Matrix provides an hourly 2025-2026 rate of $1,019 for attorneys with 11-19 years of experience and of $1,227 for attorneys with 20+ years of experience.

19. The Laffey Matrix is used as a reference point in the Northern District, with locality adjustments made upwards to the D.C. rates using federal wage data. *See, e.g., Chanel, Inc. v. Doan*, No. C 05-03464 VRW, 2007 WL 781976 (N.D. Cal. Mar. 13, 2007).

20. The Laffey Matrix rate—even without an upward adjustment for the San Francisco locality—is well above what the People seek for my reasonable hourly rate.

21. Given the years and nature of my experience, I am the equivalent of a junior partner. Major, Lindsey & Africa, LLC, conducts a biannual Partner Compensation Survey which includes a survey of partner billing rates across the United States. This survey is viewable at https://info.mlaglobal.com/2024-partner-compensation-survey. For 2024 (the most recent publicly available survey), the average hourly rate for partners was $1,218 and the average hourly rate for nonequity partners was $935 (Survey at 19). Each of these hourly rates, too, are well above what the People seek as my reasonable hourly rate.

22. The City Attorney's Office is prosecuting this case with assistance from outside counsel from three law firms—Andrus Anderson LLP, DiCello Levitt LLP, and Morgan & Morgan, PA. These attorneys and their staff collectively billed significant amounts of time on the motion to remand, reply brief, and preparation for oral argument.

23. I have reviewed the billing records of each of these three firms with respect to the People's motion to remand. Our office has exercised billing discretion and has elected only to seek fees incurred by the two attorneys most directly in drafting the motion for fees—William D. Harris II and Alexius Miller.

//

//

//

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 3rd day of September, 2026 at San Francisco, California.

*/s/ Jesse. E. Lanier*
JESSE E. LANIER