Andrew S. Tulumello (Bar No. 196484)
drew.tulumello@weil.com
Joshua M. Wesneski (*pro hac vice*)
joshua.wesneski@weil.com
Claire L. Chapla (Bar No. 314255)
claire.chapla@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Tel: (202) 682-7000

*(additional counsel listed on signature page)*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through San Francisco City Attorney DAVID CHIU,<br><br>Plaintiff,<br><br>v.<br><br>THE KRAFT HEINZ COMPANY; MONDELEZ INTERNATIONAL, INC.; POST HOLDINGS, INC.; THE COCA-COLA COMPANY; PEPSICO, INC.; GENERAL MILLS, INC.; NESTLE USA, INC.; KELLANOVA; WK KELLOGG CO.; MARS, INCORPORATED; CONAGRA BRANDS, INC.; and DOES 1–50,<br><br>Defendants. | Case No. 4:26-cv-00183-JST<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR ATTORNEY'S FEES**<br><br>Hearing Date: January 7, 2027<br>Hearing Time: 2:00 PM |

**TABLE OF CONTENTS**


INTRODUCTION .....1
BACKGROUND .....2
LEGAL STANDARD .....3
ARGUMENT .....3
- I. San Francisco's Motion Is Untimely .....3
- II. Defendants Had an Objectively Reasonable Basis for Removal .....6
  - A. Defendants Raised Reasonable Arguments in Support of Removal .....7
  - B. San Francisco's Arguments in Support of Fees Fail .....9
- III. San Francisco Has Not Substantiated Its Request for Attorney's Fees .....11

CONCLUSION .....13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple Inc. v. Samsung Elecs. Co.*, 2012 WL 5451411 (N.D. Cal. Nov. 7, 2012) ........ 12

*Atchison, T. & S.F. Ry. Co. v. Phillips*, 176 F. 663 (9th Cir. 1910) ........ 2, 8

*Bakari v. Foster Poultry Farms, Inc.*, 2014 WL 67323 (E.D. Cal. Jan. 7, 2014) ........ 12

*Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102 (9th Cir. 2000) ........ 10

*Banas v. Volcano Corp.*, 47 F. Supp. 3d 957 (N.D. Cal. 2014) ........ 11, 12

*BHCMC, LLC v. Pom of Kan., LLC*, 2022 WL 392291 (D. Kan. Feb. 9, 2022) ........ 4

*Braco v. MCI WorldCom Communications, Inc.*, 138 F. Supp. 2d 1260 (C.D. Cal. Apr. 3, 2001) ........ 10

*California ex rel. Chiu v. InComm Fin. Servs., Inc.*, 2024 WL 1281330 (N.D. Cal. Mar. 26, 2024) ........ 7, 9

*California ex rel. Herrera v. Check 'N Go of Cal., Inc.*, 2007 WL 2406888 (N.D. Cal. Aug. 20, 2007) ........ 9

*California v. Purdue Pharma L.P.*, 2014 WL 6065907 (C.D. Cal. Nov. 12, 2014) ........ 8

*Chalmers v. City of Los Angeles*, 796 F.2d 1205 (9th Cir. 1986) ........ 11

*Coyote Valley Band of Pomo Indians v. Findleton*, 2023 WL 4311080 (N.D. Cal. Apr. 19, 2023) ........ 4, 5

*District of Columbia v. Transamerica Ins. Co.*, 797 F.2d 1041 (D.C. Cir. 1986) ........ 2

*Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728 (9th Cir. 2011) ........ 2, 7

*Fick v. Lycee Francais de la Nouvelle Orleans, Inc.*, 2026 WL 947925 (E.D. La. Apr. 8, 2026) ........ 4

*Forto v. Capital One Bank, N.A.*,
2017 WL 6026242 (N.D. Cal. Dec. 5, 2017) ........ 11

*Gonzalez v. City of Maywood*,
729 F.3d 1196 (9th Cir. 2013) ........ 11

*Hart v. Massanari*,
266 F.3d 1155 (9th Cir. 2001) ........ 7

*Houden v. Todd*,
348 F. App'x 221 (9th Cir. 2009) ........ 9, 10

*In re Veritas Software Corp. Sec. Litig.*,
496 F.3d 962 (9th Cir. 2007) ........ 5

*Jericho Grp., Ltd. v. Midtown Dev., L.P.*,
2008 WL 11517868 (S.D.N.Y. May 23, 2008) ........ 4

*Johnson v. City of Santa Rosa*,
2026 WL 1257369 (N.D. Cal. May 7, 2026) ........ 11

*Kona Enters., Inc. v. Estate of Bishop*,
229 F.3d 877 (9th Cir. 2000) ........ 3

*Lussier v. Dollar Tree Stores, Inc.*,
518 F.3d 1062 (9th Cir. 2008) ........ 6, 10

*Malgesini v. Malley*,
2021 WL 1318633 (N.D. Cal. Apr. 8, 2021) ........ 4

*Malgesini v. Malley*,
2023 WL 1281664 (9th Cir. Jan. 31, 2023) ........ 10

*Martin v. Franklin Cap. Corp.*,
546 U.S. 132 (2005) ........ 3, 10

*McNutt ex rel. Leggett v. Bland*,
43 U.S. 9 (1844) ........ 8

*Md. Stadium Auth. v. Ellerbe Becket Inc.*,
407 F.3d 255 (4th Cir. 2005) ........ 2

*Mints v. Educ. Testing Serv.*,
99 F.3d 1253 (3d Cir. 1996) ........ 4

*Missouri, Kansas & Texas Railway Co. v. Hickman*,
183 U.S. 53 (1901) ........ 2

*Nevada v. Bank of Am. Corp.*,
672 F.3d 661 (9th Cir. 2012) ........ 2, 7, 8, 9

*Open Text Inc. v. Beasley*,
2021 WL 3261614 (N.D. Cal. July 30, 2021) .......... 10, 11

*Padock v. Amazon.com, Inc.*,
2024 WL 3275792 (C.D. Cal. July 2, 2024) .......... 6

*Ramada Inns, Inc. v. Rosemount Mem'l Park Ass'n*,
598 F.2d 1303 (3d Cir. 1979) .......... 2

*Reynolds v. Singh*,
2022 WL 3135895 (E.D. Cal. Aug. 5, 2022) .......... 10

*Selker v. Xcentric Ventures, LLC*,
2023 WL 2316200 (S.D. Cal. Mar. 1, 2023) .......... 12

*Stallworth v. Greater Cleveland Reg'l Transit Auth.*,
105 F.3d 252 (6th Cir. 1997) .......... 4

*Standlee v. Abbott Lab'ys.*,
2025 WL 1331617 (C.D. Cal. May 5, 2025) .......... 6

*TPCO US Holding, LLC v. Fussell*,
2023 WL 4312571 (N.D. Cal. July 3, 2023) .......... 10

*Watson v. Charleston Hous. Auth.*,
83 F. Supp. 2d 709 (S.D.W. Va. 2000) .......... 4

*Whitaker v. JAC Equity, LLC*,
2021 WL 4353103 (C.D. Cal. July 15, 2021) .......... 5

*Whitaker v. Sensu, Inc.*,
2022 WL 22211678 (C.D. Cal. Feb. 10, 2022) .......... 4, 5

*Yan v. Vdoviceno*,
2026 WL 89323 (N.D. Cal. Jan. 12, 2026) .......... 5

*Yeager v. Bowlin*,
2010 WL 1689225 (E.D. Cal. Apr. 26, 2010) .......... 12

*Zosma Ventures, Inc. v. Nazari*,
2013 WL 12129380 (C.D. Cal. Sept. 23, 2013) .......... 6

**Statutes**

28 U.S.C. § 1334 .......... 11

28 U.S.C. § 1447 .......... 1, 3

28 U.S.C. § 1452 .......... 2, 11

Cal. Gov't Code § 12965 .......... 8

**Other Authorities**

Federal Rule of Civil Procedure 54 .......... 1, 3

Civil Local Rule 54-5 .......... 1

# INTRODUCTION

Twenty-two days after the Court remanded this case to state court, the City and County of San Francisco ("San Francisco") filed a motion seeking attorney's fees for prevailing on its motion to remand. Nearly a month after this Court denied that fees motion without prejudice for failing to meet and confer, San Francisco filed a second, renewed motion for attorney's fees. The renewed motion is untimely and independently fails on the merits.

San Francisco failed to file within the 14-day deadline for fee motions provided by Federal Rule of Civil Procedure 54(d)(2)(B) and Civil Local Rule 54-5(a). Every single case identified by either party on the issue has concluded that Rule 54(d)(2)(B)'s 14-day deadline applies to post-remand attorney's fees motions, rendering San Francisco's motion untimely (both as measured from the date of the remand and from the date of the order denying the first motion without prejudice). The only purportedly contrary authority San Francisco musters does not address the timing question and holds only that the meet-and-confer requirement of Civil Local Rule 54-5(b)(1) is inapplicable to post-remand fees motions—a position this Court has already rejected in its prior order. San Francisco has not offered any excuse for its delay and cannot do so for the first time on reply.

Even if the Court reaches the merits, though, the motion fails. Fees are allowable under 28 U.S.C. § 1447(c) only if the movant shows there was no objectively reasonable basis for removal. San Francisco has not met that standard here. While Defendants' arguments for removal ultimately did not persuade the Court, they were based on reasonable interpretations and applications of controlling Supreme Court and Ninth Circuit precedent. In the absence of contrary Ninth Circuit precedent, Defendants were not foreclosed from reasonably urging what they believed was the correct reading of those cases simply because other district courts have ruled differently, particularly when those courts did not address many of the arguments Defendants raised. San Francisco has cited no court awarding attorney's fees in comparable circumstances.

Moreover, San Francisco has failed to substantiate the amount of fees it seeks. Parties seeking fees carry the burden of introducing sufficient evidence to show that the hours worked are reasonable. San Francisco has not done that; it has provided only a high-level summary of the hours worked, without any requisite detail that would allow the Court or the parties to probe the

reasonableness of the time expended. Fees should be disallowed—or at least substantially reduced—on that additional ground.[1]

## BACKGROUND

The Court is familiar with the background of this case, which concerns a claim for public nuisance and a claim for violation of California's Unfair Competition Law ("UCL") against eleven food and beverage manufacturers.

Defendants advised San Francisco in December 2025 that they intended to remove on the basis of diversity jurisdiction. *See* Lanier Decl. Ex. A. Following a call regarding the basis for removal, counsel for San Francisco advised Defendants via email that San Francisco believed removal was improper, citing only 28 U.S.C. § 1452(a), which is entitled "Removal of claims related to bankruptcy cases." *See id.* Defendants thereafter timely removed on January 7, 2026.

San Francisco moved to remand. In opposing remand, Defendants cited and relied on Supreme Court and Ninth Circuit authorities. *See generally* ECF No. 67 (citing, inter alia, *Missouri, Kansas & Texas Railway Co. v. Hickman*, 183 U.S. 53 (1901); *Nevada v. Bank of Am. Corp.*, 672 F.3d 661 (9th Cir. 2012); *Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728 (9th Cir. 2011); *Atchison, T. & S.F. Ry. Co. v. Phillips*, 176 F. 663 (9th Cir. 1910)). Defendants also cited several out-of-circuit authorities in support of their arguments. *See generally id.* (citing *Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255 (4th Cir. 2005); *District of Columbia v. Transamerica Ins. Co.*, 797 F.2d 1041 (D.C. Cir. 1986); *Ramada Inns, Inc. v. Rosemount Mem'l Park Ass'n*, 598 F.2d 1303 (3d Cir. 1979)). The Court heard oral argument on April 23, 2026, at the end of which the Court observed that the motion "was exceedingly well argued on both sides." Hr'g Tr. 25:18–19 (Apr. 23, 2026). The Court thereafter issued an Order granting the motion to remand and returning the case to state court. *See* Order Remanding Action, ECF No. 78 (Apr. 23, 2026). The clerk terminated the action the next day. *See* Minute Entry (Apr. 24, 2026).

---

[1] Mondelēz International, Inc. is a mere holding company and, thus, is not subject to personal jurisdiction in California. After this Court granted Plaintiff's motion to remand, that Defendant was voluntarily dismissed and its subsidiary, Mondelēz Global, LLC, was substituted into the case as the proper defendant.

San Francisco filed its motion for attorney's fees on May 15—22 days after the Court's order and 21 days after the clerk terminated the case—without meeting and conferring with Defendants. On August 5, 2026, the Court denied San Francisco's motion without prejudice for failure to satisfy the meet-and-confer requirement in Local Rule 54-5(a). *See* ECF No. 88. Nearly one month later, San Francisco filed its renewed motion for fees on September 3, 2026. *See* ECF No. 89.

## LEGAL STANDARD

28 U.S.C. § 1447(c) vests the district court with discretion to award fees incurred as a result of an unsuccessful attempt to remove. That discretion, however, is circumscribed: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). There is no presumption in favor of attorney's fees in this context. *See id.* at 136–37.

## ARGUMENT

The Court should deny San Francisco's motion on procedural grounds alone because it is untimely. Moreover, San Francisco's motion fails on the merits because Defendants had an objectively reasonable basis for seeking removal and because San Francisco has not substantiated its request for attorney's fees.

### I. San Francisco's Motion Is Untimely

The Court should not entertain San Francisco's motion for fees because it is untimely. Federal Rule of Civil Procedure 54(d)(2)(B) provides that unless a statute or court order allows otherwise, a motion for attorney's fees "must … be filed no later than 14 days after the entry of judgment." *See also* Civil L.R. 54-5(a) ("Motions for awards of attorney's fees by the Court must be served and filed within 14 days of entry of judgment by the District Court."). "[T]he failure to comply with Rule 54 should be sufficient reason to deny [a] fee motion, absent some compelling showing of good cause." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 889–90 (9th Cir. 2000) (alterations and quotation marks omitted).

Courts have repeatedly concluded that "an order of remand would be regarded as a judgment under Rule 54(d)(2)(B), even though it is not appealable, since the entry of the order would terminate

the matter in the district court." *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1259 (3d Cir. 1996); *see also Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 257 (6th Cir. 1997) ("[T]he proper timeliness requirement for a motion for attorney fees in connection with remand is found in Fed. R. Civ. P. 54(d)(2)(B)." (footnote omitted)); *Fick v. Lycee Francais de la Nouvelle Orleans, Inc.*, 2026 WL 947925, at *3 (E.D. La. Apr. 8, 2026) ("[A]n order of remand constitutes a judgment for the purposes of Rule 54(d)(2)(B) and … the proper timeliness requirement for attorney fees in connection with remand is found in Fed. R. Civ. P. 54(d)(2)(B)." (footnote, alteration, and quotation marks omitted)); *BHCMC, LLC v. Pom of Kan., LLC*, 2022 WL 392291, at *3 (D. Kan. Feb. 9, 2022) (similar); *Jericho Grp., Ltd. v. Midtown Dev., L.P.*, 2008 WL 11517868, at *2 (S.D.N.Y. May 23, 2008) (similar); *Watson v. Charleston Hous. Auth.*, 83 F. Supp. 2d 709, 710 n.1 (S.D.W. Va. 2000) (similar). At least one court in this District has indicated its view that post-remand fee motions must be filed within 14 days of the remand order. *See Malgesini v. Malley*, 2021 WL 1318633, at *2 (N.D. Cal. Apr. 8, 2021). Defendants have been unable to find a single contrary authority.

Here, the Court issued its Order granting remand on April 23, 2026. *See* Order Remanding Action, ECF No. 78 (Apr. 23, 2026). The clerk terminated the case the following day. *See* Minute Entry (Apr. 24, 2026). Even using the clerk's April 24, 2026 termination of the action as the latest possible trigger date, San Francisco's initial fee motion was filed seven days late. Then, after this Court denied San Francisco's first motion for failure to meet-and-confer, San Francisco waited nearly a month before filing its renewed motion. San Francisco's motion is thus doubly untimely, it did not seek an extension, and it has offered no excuse for its delay that would justify tolling of the Rule 54 deadline. The motion can and should be denied on that basis alone. *See Coyote Valley Band of Pomo Indians v. Findleton*, 2023 WL 4311080, at *1 (N.D. Cal. Apr. 19, 2023) (denying fee motion as untimely when filed two days after deadline); *Whitaker v. Sensu, Inc.*, 2022 WL 22211678, at *2–3 (C.D. Cal. Feb. 10, 2022) (denying fee motion as untimely when filed four days after deadline).

San Francisco argues that the time bar in Federal Rule 54(d)(2)(B) and Local Rule 54-5(a) does not apply to motions for fees incurred in seeking remand, because there is no final, appealable

judgment. *See* Mot. 9. Every authority addressing the filing deadline rejects that position. San Francisco cites only one case purportedly holding otherwise, *see id.* (citing *Yan v. Vdoviceno*, 2026 WL 89323, at *4 (N.D. Cal. Jan. 12, 2026)), but that case doesn't support the City's argument. In *Yan*, there was no dispute about the timeliness of the fees motion, which had been filed contemporaneously with the motion to remand. 2026 WL 89323, at *1. The question was whether the plaintiff needed to satisfy the meet-and-confer requirement in Local Rule 54-5 applicable to fee motions. *See id.* at *4. The court concluded that the requirement did not apply, because it read Local Rule 54-5 as "applying specifically to motions for attorney's fees filed after entry of judgment." *Id.*

*Yan* did not address the 14-day filing requirement or Federal Rule 54(d) and therefore does not support San Francisco's argument here. Moreover, this Court has already determined that Local Rule 54-5 applies to San Francisco's Motion—it denied the previous motion for failing to meet and confer pursuant to that rule. *See* Order on Motion for Attorney's Fees and Costs (ECF No. 88). In fact, San Francisco did not even *argue* that Local Rule 54-5 does not apply to its motion—it asserted only that it had satisfied the meet-and-confer requirement. Thus, this Court and the parties have already rejected the reasoning of *Yan*, which means the 14-day deadline in Rule 54(d) and Local Rule 54-5 applies.

San Francisco's only other response is that Defendants have suffered no prejudice. *See* Mot. 9–10. San Francisco has inverted the burden: "Failure to comply with the time limit in Rule 54 is a sufficient reason to deny a motion for fees absent some *compelling showing* of good cause." *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 972 (9th Cir. 2007) (emphasis added) (affirming denial of fee motion filed 15 days late). Courts, including this one, routinely deny untimely fees motions when the movant fails to establish good cause, regardless of prejudice to the other party. *See, e.g.*, *Coyote Valley Band of Pomo Indians*, 2023 WL 4311080, at *1 (denying untimely fee motion because the movant had "not shown good cause for his failure to comply with Rule 54"); *Whitaker*, 2022 WL 22211678, at *3 (denying untimely fee motion because the movant had "provided … no explanation as to why the Motion was untimely filed"); *Whitaker v. JAC Equity, LLC*, 2021 WL 4353103, at *1 (C.D. Cal. July 15, 2021) (denying fee motion filed more than two

weeks late as untimely "even if the Court were to reach the unlikely conclusion that there was no resulting prejudice to" the non-movant); *Zosma Ventures, Inc. v. Nazari*, 2013 WL 12129380, at *3 (C.D. Cal. Sept. 23, 2013) (denying motion as untimely, notwithstanding lack of prejudice, where motion was filed four days late, but the movant failed "to present any compelling justification for their delay").

Regardless, Defendants have suffered prejudice. This case was closed five months ago, and the remanded case is now proceeding through a demurrer and motion to strike. Yet Defendants are still devoting resources and attention to responding to this motion. Indeed, because San Francisco waited nearly a month after denial of its first motion for fees, Defendants are having to brief this opposition simultaneously with their reply in support of their demurrer and motion to strike in state court. That is plainly prejudicial.

San Francisco's motion for fees is untimely twice over now. It can and should be denied on that basis alone.

## II. Defendants Had an Objectively Reasonable Basis for Removal

San Francisco's motion fails on the merits as well. "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Courts therefore deny fees when a removing defendant advances reasonable, even if ultimately unsuccessful, arguments in support of removal. *See, e.g.*, *Standlee v. Abbott Lab'ys.*, 2025 WL 1331617, at *4 (C.D. Cal. May 5, 2025) (denying fees even though the defendants failed to establish "a sham defendant"); *Padock v. Amazon.com, Inc.*, 2024 WL 3275792, at *5 (C.D. Cal. July 2, 2024) (denying fees where defendant's arguments were not "clearly foreclosed by relevant caselaw"). Here, Defendants' reasonable arguments supporting removal foreclose the award of any fees.

### A. Defendants Raised Reasonable Arguments in Support of Removal

Defendants' arguments supporting removal were serious, well-grounded in law, and had a reasonable basis, even if they did not ultimately carry the day.[2] The Court's multi-factor analysis—and Defendants' responses—confirm this.

*First*, the Court identified the State's quasi-sovereign interests in "ending public health crises" as weighing in favor of remand. Order 6–7. Defendants argued that the Ninth Circuit's decision in *Lucent* foreclosed reliance on such quasi-sovereign interests, *see Lucent*, 642 F.3d at 737 n.2 ("This use of quasi-sovereign interest to satisfy *Missouri Railway*'s unique relief requirement is contradictory to the very language of that opinion and has never been suggested or endorsed by the Supreme Court."), and that *Nevada* did not alter that rule, *see Nevada*, 672 F.3d at 670 ("[I]f the State had only the general interest it holds on behalf of all its citizens and their welfare, it would not satisfy the 'real party to the controversy requirement for the purposes of defeating diversity' jurisdiction."). Defendants also pointed out that no prior case had addressed this controlling language from *Lucent*. *See* ECF No. 67, at 11. The Court in its order observed that "[a]t first blush, *Lucent* and [*Nevada*] are difficult to reconcile," and that "the interests described in [*Nevada*] are not clearly more sovereign or specific to the state than those described in *Lucent*, which that opinion terms 'quasi-sovereign.'" Order 4; *see also Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001) ("[A] later three-judge panel considering a case that is controlled by the rule announced in an earlier panel's opinion has no choice but to apply the earlier-adopted rule …."). But the Court ultimately adopted a reading of those cases that allows for reliance on quasi-sovereign interests. *See* Order 5. In so doing, it resolved a close question of law, not an objectively unreasonable argument.

*Second*, the Court relied on the fact that the operative statutes allow for municipalities to file suit in the name of the State. *See* Order 8. Defendants noted that, contrary to the view of some courts, *see California ex rel. Chiu v. InComm Fin. Servs., Inc.*, 2024 WL 1281330, at *4 (N.D. Cal. Mar. 26, 2024), the statute in *Lucent* had nearly identical language, directing that the lawsuit be filed

---

[2] Indeed, the Court has previously observed that the remand motion "was exceedingly well argued on both sides." Hr'g Tr. 25:18–19 (Apr. 23, 2026).

in the state agency's own name, yet the Ninth Circuit gave that language no weight in its analysis. Cal. Gov't Code § 12965(c)(2) (eff. Jan. 1, 2008); *see also* Hr'g Tr. 10:12–11:4. Defendants also provided older (but still valid) Ninth Circuit and Supreme Court authority supporting the contention that statutes requiring a suit to be filed in the "name" of a state officer or agency do not control the diversity inquiry. *See McNutt ex rel. Leggett v. Bland*, 43 U.S. 9, 15 (1844) ("[W]here the real and only controversy is between citizens of different states … and the plaintiff is by some positive law compelled to use the name of a public officer who has not, or ever had any interest in, or control over it, the courts of the United States will not consider any others as parties to the suit, than the persons between whom the litigation before them exists."); *Atchison*, 176 F. at 668 ("[N]otwithstanding the requirement of a statute that suit shall be brought in the name of certain persons … , it does not necessarily make such persons real parties in interest in the controversy."); *see also* Hr'g Tr. 11:5–12:6 (discussing authorities). These conflicting authorities show there is a real dispute in the law on this issue.

*Third*, the Court highlighted the statewide scope of the injuries. *See* Order 9–10. Defendants argued that notwithstanding the nationwide or statewide scope of the allegations, the only particular allegations concerning injury were focused on San Francisco. *See* ECF No. 67, at 6–7. Defendants also noted that the request for abatement was limited, by statute, to San Francisco. *See id.* at 7. That the Court weighed these competing considerations differently does not make Defendants' position objectively unreasonable.

*Fourth*, the Court emphasized statewide injunctive relief. *See* Order 10–11. Defendants cited *Nevada* for the proposition that an additional request for relief is not sufficient on its own to alter "the essential nature and effect of the proceeding." *Nevada*, 672 F.3d at 670 (citation omitted); *see also* ECF No. 67, at 7. And as Defendants further pointed out, any plaintiff under the UCL (whether a State, a municipality, or a private party) may seek statewide injunctive relief. *See* Hr'g Tr. 15:12–16:4. Notably, the Court agreed with Defendants that the lower standard of proof applicable to injunctions sought by governmental entities was not relevant, contrary to the views of some other courts. *See* Order 11 (disagreeing with other courts regarding lower standard); *see also* *California v. Purdue Pharma L.P.*, 2014 WL 6065907, at *3 (C.D. Cal. Nov. 12, 2014) (relying on

lower standard of proof); *InComm*, 2024 WL 1281330, at *6 (similar). That the Court adopted part of Defendants' reasoning on this factor—and departed from other courts in doing so—confirms that Defendants' arguments were grounded in a reasonable reading of the law.

*Finally*, the Court cited the fact that any civil penalties recovered must be used for future consumer protection enforcement actions. *See* Order 11–12. Defendants argued that such reasoning is effectively circular, since the crux of the inquiry is whether lawsuits filed to enforce consumer protection statutes are actually for the benefit of the State versus the municipality. ECF No. 67, at 7; Hr'g Tr. 16:9–18. San Francisco never responded to this point. *See generally* ECF No. 68. Defendants also pointed to the Ninth Circuit's decision in *Nevada*, where the Ninth Circuit suggested that the immediate recipient of the funds was more important than their ultimate distribution. *See Nevada*, 672 F.3d at 671 (observing that "any award of restitution damages here would be paid directly to Nevada and then distributed to individual consumers"); *see also* Hr'g Tr. 16:19–18:2. Defendants' argument thus rested on Ninth Circuit precedent, which again confirms that Defendants' argument was not based on an objectively unreasonable basis for removal.

Defendants' arguments ultimately did not persuade the Court, but they were not without a reasonable basis. Each was crafted with the controlling precedent in mind. A party is not required to forgo removal simply because there is non-binding precedent adverse to it, particularly when that precedent did not address all arguments the removing party raises. There is no basis for an award of fees in these circumstances.

### B. San Francisco's Arguments in Support of Fees Fail

San Francisco does little to establish its entitlement to fees other than to assert that other district courts rejected removal in similar (or sometimes not-so-similar) contexts. *See* Mot. 6–7. No court in those cases awarded attorney's fees. *See, e.g.*, *California ex rel. Herrera v. Check 'N Go of Cal., Inc.*, 2007 WL 2406888, at *7 (N.D. Cal. Aug. 20, 2007) (denying request for attorney's fees). San Francisco offers no basis for a different result here.

None of San Francisco's cases supports an award of fees in this case. *See* Mot. 6–7. In *Houden v. Todd*, 348 F. App'x 221 (9th Cir. 2009), the "relevant case law" foreclosing removal was binding, on-point Ninth Circuit authority rejecting the precise, "cursory" arguments the removing

party had invoked. *See id.* at 223; *see also Malgesini v. Malley*, 2023 WL 1281664, at *1 (9th Cir. Jan. 31, 2023) (removal was objectively unreasonable when "clearly foreclose[d]" by binding Ninth Circuit precedent (quotation marks omitted)). In *TPCO US Holding, LLC v. Fussell*, 2023 WL 4312571 (N.D. Cal. July 3, 2023), the court awarded fees because "a bedrock principle" of federal jurisdiction foreclosed removal, and also because removal was procedurally improper. *Id.* at *5. And in *Reynolds v. Singh*, 2022 WL 3135895 (E.D. Cal. Aug. 5, 2022), the court awarded fees after the defendant raised a novel theory not supported by any case law and argued a basis for jurisdiction categorically foreclosed by Supreme Court precedent. *See id.* at *2–3.

Here, by contrast, Defendants' removal was not squarely foreclosed by any binding Ninth Circuit or Supreme Court precedent, and Defendants believed that the reasoning in *Lucent* affirmatively supported removal here. The Court observed that *Lucent* and *Nevada* were in some apparent tension. *See* Order 4–5. Moreover, as Defendants pointed out, none of the prior decisions addressed what Defendants urged to be the controlling language from *Lucent* regarding quasi-sovereign interests.

San Francisco also cites *Braco v. MCI WorldCom Communications, Inc.*, 138 F. Supp. 2d 1260 (C.D. Cal. Apr. 3, 2001), to argue that fees are appropriate even if Defendants' removal arguments were "fairly supportable," because their theory was purportedly "incompatible with the weight of authority in the Ninth Circuit." Mot. 7 n.1 (quotation marks omitted). But *Braco* predates *Martin* and relied on pre-*Martin* Ninth Circuit authority holding that fees are permitted if removal was simply "wrong as a matter of law." *See Braco*, 138 F. Supp. 2d at 1260 (citing *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 n.6 (9th Cir. 2000)). Since *Martin* articulated the standard for awarding attorney's fees and clarified that a removing defendant need only have an objectively reasonable basis for removal, *see Martin*, 546 U.S. at 141, the Ninth Circuit no longer uses the "fairly supportable" or "wrong as a matter of law" articulations, *see Lussier*, 518 F.3d at 1065.

Nor does San Francisco's pre-removal objection justify an award of fees. At the outset, the fact that San Francisco objected to Defendants' removal does not establish that removal was objectively baseless. San Francisco cites *Open Text Inc. v. Beasley*, 2021 WL 3261614 (N.D. Cal.

July 30, 2021), *see* Mot. 7, but in that case, the removing party "refused even to acknowledge the" relevant removal defect after being made aware of it, and the removing party "admittedly fail[ed] to identify any caselaw in which courts denied a motion for remand based on the facts at issue" there, *Open Text*, 2021 WL 3261614, at *5. No such circumstances are present here, where Defendants acknowledged and addressed San Francisco's authorities head-on.

Moreover, San Francisco's pre-removal correspondence to Defendants did not even cite the relevant law. In that correspondence, San Francisco cited 28 U.S.C. § 1452(a) as a purported bar to removal. *See* Lanier Decl. Ex. A. That statute has absolutely no application here, as evidenced by the fact that San Francisco did not cite it in any of the briefing on the motion to remand, *see* ECF Nos. 50, 68, and has now removed it from its fees motion despite citing it earlier, *see* ECF No. 84. Instead, that statute concerns "[r]emoval of claims *related to bankruptcy cases*." 28 U.S.C. § 1452(a) (emphasis added); *see also id.* (allowing removal "if such district court has jurisdiction of such claim or cause of action under [28 U.S.C. § 1334]"). This is not a bankruptcy case, and this statute has not been relied on or even cited in any of the cases addressing removal in this context. San Francisco's citation to inapposite authority as its principal ground for opposing removal does not render Defendants' basis for removal unreasonable.

**III. San Francisco Has Not Substantiated Its Request for Attorney's Fees**

Finally, even if San Francisco were entitled to fees, it has failed to offer sufficient evidence to justify the number of hours for which it seeks compensation. "The prevailing party has the burden of submitting billing records to establish that the number of hours it has requested are reasonable." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). "To meet that burden, the moving party must submit detailed records justifying the hours that have been expended." *Forto v. Capital One Bank, N.A.*, 2017 WL 6026242, at *3 (N.D. Cal. Dec. 5, 2017) (citing *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986)); *see also Johnson v. City of Santa Rosa*, 2026 WL 1257369, at *4 (N.D. Cal. May 7, 2026) (same). Even where a party submits billing records, a fee may be denied or reduced if the party fails to delineate the time spent on specific tasks. *See Banas v. Volcano Corp.*, 47 F. Supp. 3d 957, 966–67 & n.11 (N.D. Cal. 2014) (collecting cases).

Here, San Francisco has submitted no billing records. Instead, it has offered three declarations from the responsible attorneys with varying levels of detail. Attorney Jesse Lanier claims 45 hours of work, allocating those hours between three broad tasks: (1) the motion to remand, (2) the reply brief, and (3) oral argument. ECF No. 89-1 ¶ 15. Attorney William D. Harris II claims 20.8 hours of work allocated between the motion to remand and the reply brief. ECF No. 89-2 ¶ 3. And Attorney Alexius Miller claims 19.7 hours of work, not allocated at all. ECF No. 89-3 ¶¶ 3–4.

This level of detail is not sufficient to permit a meaningful evaluation of the reasonableness of the time spent. In *Banas*, for example, the court applied a 20% discount to "block-billed" entries, that is, daily time entries that covered more than one task. 47 F. Supp. 3d at 968; *see also Apple Inc. v. Samsung Elecs. Co.*, 2012 WL 5451411, at *4–5 (N.D. Cal. Nov. 7, 2012) (20% discount for block billing). Other courts have entirely denied fees for block-billed entries. *See Yeager v. Bowlin*, 2010 WL 1689225, at *2 (E.D. Cal. Apr. 26, 2010) ("[T]his court will not award fees for any block billed entries.").

Here, though, San Francisco has not even offered block-billing for daily time entries—it has simply ascribed large amounts of hours to the three phases of the remand motion (motion, reply, and argument). Without any documentary evidence to review, Defendants (and the Court) lack any meaningful ability to examine the reasonableness of the hours worked. And there are serious questions about the reasonableness of the hours claimed. San Francisco claims 85.5 hours of billable work, but courts have capped fee requests on remand motions at much lower hour totals, *see, e.g.*, *Selker v. Xcentric Ventures, LLC*, 2023 WL 2316200, at *9 (S.D. Cal. Mar. 1, 2023) (reducing hours from 29.5 to 25.4); *Bakari v. Foster Poultry Farms, Inc.*, 2014 WL 67323, at *4 (E.D. Cal. Jan. 7, 2014) (reducing hours from 13.2 to 10.1), *report and recommendation adopted*, 2014 WL 4446295 (E.D. Cal. Sept. 9, 2014). If the motion here really were as straightforward as San Francisco asserts, it is unclear why it would require several multiples of the hours expended in other removal cases.

The motion should therefore be denied for this additional reason, or at the very least, San Francisco's requested fees should be significantly reduced.

**CONCLUSION**

This Court should deny Plaintiff's Renewed Motion for Attorney's Fees, or, in the alternative, substantially reduce the fees requested.

Dated: September 24, 2026

Respectfully submitted,

*/s/ Andrew S. Tulumello*
Andrew S. Tulumello (Bar No. 196484)
drew.tulumello@weil.com
Joshua M. Wesneski (*pro hac vice*)
joshua.wesneski@weil.com
Claire L. Chapla (Bar No. 314255)
claire.chapla@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Tel: (202) 682-7000

*Attorneys for Defendant PepsiCo, Inc.*

*/s/ Adriane Peralta*
Adriane Peralta (Bar No. 304357)
adriane.peralta@sidley.com
SIDLEY AUSTIN LLP
350 S. Grand Avenue
Los Angeles, CA 90071
Tel: (213) 896-6132
Fax: (213) 896-6600

Michelle A. Ramirez (*pro hac vice*)
michelle.ramirez@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
Tel: (312) 853-7000
Fax: (312) 853-7036

*Attorneys for Defendant The Kraft Heinz Company*

*/s/ Laura Vartain Horn*
Laura Vartain Horn (Bar No. 258485)
laura.vartain@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street, Suite 2700
San Francisco, CA 94104
Tel: (415) 439-1625

*Attorneys for Defendant Mondelēz International, Inc.*

*/s/ Tarifa B. Laddon*
Tarifa B. Laddon (Bar No. 240419)
tarifa.laddon@faegredrinker.com
Gabriel J. Niforatos (Bar No. 359417)
gabriel.niforatos@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Tel: (310) 203-4000
Fax: (310) 229-1285

Sarah L. Brew (*pro hac vice*)
sarah.brew@faegredrinker.com
Tyler A. Young (*pro hac vice*)
tyler.young@faegredrinker.com
Rory F. Collins (*pro hac vice*)
rory.collins@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Tel: (612) 766-7000
Fax: (612) 766-1600

*Attorneys for Defendant Post Holdings, Inc.*

*/s/ Angela M. Spivey*
Angela M. Spivey (*pro hac vice*)
angela.spivey@alston.com
Andrew G. Phillips (*pro hac vice*)
andrew.phillips@alston.com
Jamie S. George (*pro hac vice*)
jamie.george@alston.com
ALSTON & BIRD LLP
1201 West Peachtree St.
Atlanta, GA 30309
Tel: (404) 881-7000

Rachel E. K. Lowe (Bar No. 246361)
rachel.lowe@alston.com
ALSTON & BIRD LLP
350 South Grand Avenue
51st Floor
Los Angeles, CA 90071
Tel: (213) 576-1000

*Attorneys for Defendant The Coca-Cola Company*

*/s/ David T. Biderman*
David T. Biderman (Bar No. 101577)
dbiderman@perkinscoie.com
PERKINS COIE LLP
505 Howard St. Suite 1000
San Francisco, CA 94105
Tel: (415) 344-7000
Fax: (415) 344-7050

Joshua Patashnik (Bar No. 295120)
jpatashnik@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, CA 92130-2594
Tel: (858) 720-5700
Fax: (858) 720-5799

Natalie K. Sanders (Bar No. 329916)
nsanders@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, California 90067-1721
Tel: (310) 788-9900
Fax: (310) 788-3399

*Attorneys for Defendant General Mills, Inc.*

*/s/ Perlette M. Jura*
Perlette M. Jura (Bar No. 242332)
pjura@gibsondunn.com
Michael Holecek (Bar No. 281034)
mholecek@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel: (213) 229-7000

Trenton H. Norris (Bar No. 164781)
trent.norris@hoganlovells.com
HOGAN LOVELLS US LLP
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111
Tel: (415) 640-5765

Lauren S. Colton (*pro hac vice*)
lauren.colton@hoganlovells.com
Julie R. Schindel (*pro hac vice*)
julie.schindel@hoganlovells.com
HOGAN LOVELLS US LLP
100 International Drive, Suite 2000
Baltimore, MD 21202
Tel: (410) 659-2700

*Attorneys for Defendant Nestlé USA, Inc.*

*/s/ Alexander M. Smith*

Alexander M. Smith (Bar No. 295187)
asmith@jenner.com
JENNER & BLOCK LLP
515 South Flower Street, Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-2262

Kate T. Spelman (Bar No. 269109)
kspelman@jenner.com
JENNER & BLOCK LLP
2029 Century Park East, Suite 1450
Los Angeles, CA 90067
Tel: (213) 239-2246

Dean N. Panos (*pro hac vice*)
dpanos@jenner.com
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654
Tel: (312) 923-2765

*Attorneys for Defendant WK Kellogg Co*

*/s/ Ingrid K. Campagne*

Ingrid K. Campagne, SBN 162164
icampagne@walsworthlaw.com
WALSWORTH LLP
255 California St., Suite 525
San Francisco, CA 94111
Tel: (415) 781-7072

Stephen D. Andrews (Bar No. 205691)
sandrews@wc.com
WILLIAMS & CONNOLLY LLP
680 Maine Ave, S.W.
Washington, DC 20024
Tel: (202) 434-5000

*Attorneys for Defendants Kellanova and Mars, Incorporated*

*/s/ Stephen J. McConnell*
Stephen J. McConnell (Bar No. 128630)
smcconnell@reedsmith.com
REED SMITH LLP
Three Logan Square, 1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100

Raymond A. Cardozo (Bar No. 173263)
rcardozo@reedsmith.com
Steven J. Boranian (Bar No. 174183)
sboranian@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Tel: (415) 543-8700

*Attorneys for Defendant Conagra Brands, Inc.*