DAVID CHIU, SBN 189542
City Attorney
YVONNE R. MERÉ, SBN 173594
Chief Deputy City Attorney
SARA J. EISENBERG, SBN 269303
Chief of Complex & Affirmative Litigation
JESSE E. LANIER, SBN 303395
JOEL F. WACKS, SBN 326561
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, CA 94102
Tel.: 415-554-3944
Email: Jesse.Lanier@sfcityatty.org

Attorneys for Plaintiff the People of the State of California, acting by and through San Francisco City Attorney David Chiu

*[Additional counsel appear on signature page.]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, Acting by and through San Francisco City Attorney DAVID CHIU,<br><br>Plaintiff,<br><br>vs.<br><br>THE KRAFT HEINZ COMPANY, et al.,<br><br>Defendants. | Case No. 4:26-cv-00183-JST<br><br>Removed from the Superior Court of California, County of San Francisco, Case No. CGC-25-631189<br><br>**REPLY IN SUPPORT OF RENEWED NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES INCURRED AS A RESULT OF DEFENDANTS' IMPROPER REMOVAL**<br><br>Date Action Filed: December 2, 2025<br>Hearing Date: January 7, 2027 |

## I. INTRODUCTION

Defendants maintain they should be absolved from improperly removing this case because they asserted their preferred out-of-circuit applications of law rather than applying the law of the Northern District of California. And they present no new authority or reasoning to support this view. As the People have previously argued, this approach is both bold and preposterous—and only underscores the need to award the People fees. The ability to seek fees for improper removal exists precisely to compensate plaintiffs for resources expended fighting improper removals just like the one Defendants presented to this Court.

The Court denied the People's previous request for fees without prejudice on the ground that the People had failed to meet and confer. When the Court so ruled, it had before it the same arguments presented in this renewed motion concerning the objectively unreasonable nature of Defendants' removal and the timeliness of the People's motion for fees. Defendants have presented no new arguments on either issue. Having met and conferred with Defendants as invited, the People respectfully request consideration of their renewed motion on the merits.

## II. ARGUMENT

### A. There Was No Objectively Reasonable Basis for Defendants to Remove This Action.

Defendants' arguments in opposition concerning the objective reasonableness of their position on removal are substantively identical to the arguments they raised in opposition to the People's first motion for fees. And Defendants have made no effort to address the dispositive counterpoints the People submitted on reply in support of their first motion for fees—arguments the People summarized and reiterated in their renewed motion. This removal was not objectively reasonable, and the People are entitled to an award of the fees they "incurred as a result of the removal." 28 U.S.C. § 1447(c).

The Court "ha[d] little difficulty ordering this case remanded" in no small part because Defendants cited no "on-point, in-circuit authority to support their position." ECF No. 78 (Order) at 12. Defendants' entire argument was "clearly foreclosed" by in-district authority. *See Houden v. Todd*, 348 Fed. App'x. 221, 223 (9th Cir. 2009) (affirming objective unreasonableness where courts previously rejected theory of removal); *TPCO US Holding, LLC v. Fussell*, 2023 WL 4312571, at *5 (N.D. Cal.

July 3, 2023) (awarding attorneys' fees where removal unreasonable in light of "clearly established law in this realm").

Defendants' arguments in opposition to remand were not novel or creative. They were not grounded in a "reasonable reading" of the law, nor did they identify a "real dispute in the law." ECF No. 92 (Opp.) at 8, 9. Indeed, as this Court recognized, every argument Defendants raised against remand had been rejected by multiple district courts in the Ninth Circuit. Mot. at 6-7 (summarizing cases in Northern District rejecting Defendants' identical arguments); Order at 12 (observing "unanimity or near-unanimity" in considering and explicitly rejecting arguments identical to Defendants').

Defendants make much of the fact that, in their view, *Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, affirmatively supported removal. Opp. at 7-8 (citing 642 F.3d 728 (9th Cir. 2011)). But Ninth Circuit authority does not support this notion. For instance, three of the four examples the People cited in their motion for fees explicitly reconcile *Lucent* with *Nevada v. Bank of Am. Corp.*, 672 F.3d 661 (9th Cir. 2012) in a way that foreclosed the arguments Defendants presented here. *See People of the State of Cal. ex rel. Chiu v. InComm Fin. Servs., Inc.*, 2024 WL 1281330, at *3-5 (N.D. Cal. Mar. 26, 2024); *Cnty. of San Mateo v. Monsanto Co.*, 644 F. Supp. 3d 566, 570-74 (N.D. Cal. 2022); *In re Facebook, Inc., Consumer Privacy User Profile Litig.*, 354 F. Supp. 3d 1122, 1127-29 (N.D. Cal. 2019).

To argue their removal position was reasonable, Defendants attempt to misdirect the Court. Defendants suggest that each of the courts that issued the remand rulings on the cases foreclosing Defendants' removal theory subsequently denied fee motions. Opp. at 9. Yet, in only one of those cases was a fee motion *filed*—much less denied. That case was *People of the State of Cal. ex rel. Herrera v. Check 'N Go of Cal., Inc.*, 2007 WL 2406888, at *5-7 (N.D. Cal. Aug. 20, 2007) ("*Check 'N Go*"), and it is distinguishable on this discrete issue. First, since *Check 'N Go* was decided in 2007, multiple district courts in the Ninth Circuit, including the other authorities the People cited, have rejected the same remand theories Defendants presented to this Court. Accordingly, regardless of whether the defendants' arguments against remand were "objectively reasonable" in *Check 'N Go* some twenty years ago, Defendants' arguments in 2026 were "objectively unreasonable" when they made them—precisely because between *Check 'N Go* and the day Defendants removed this case, multiple courts rejected Defendants' exact arguments. This the People have amply illustrated. Mot. at 6-7. Second, *Check 'N*

*Go* appears not to have applied the correct standard for remand-oriented fee motions: The court noted the removal was not "frivolous or motivated by bad faith." 2007 WL 2406888 at *7. But a finding of "bad faith" is not a requirement for fees in the remand context. *See Moore v. Permanente Med. Grp.*, 981 F.2d 443, 446-48 (9th Cir. 1992); *see also Malgesini v. Malley*, 2023 WL 1281664, at *1 (9th Cir. Jan. 31, 2023) (awarding fees not abuse of discretion where precedent "clearly foreclose[d]" argument that supplemental jurisdiction could be a basis for removal and noting that "bad faith" not required to award fees).

Defendants' attempts to distinguish cases the People cited in support of their motion for fees are confounding in light of Defendants' continued refusal to engage with the authorities the People have cited. Those authorities show that courts in the Northern District have repeatedly rejected Defendants' arguments opposing remand and that Defendants' removal was objectively unreasonable. Opp. at 9-11. Defendants' continued silence speaks volumes. Separately, Defendants' attempts to argue the People's authorities do not apply to their request for fees miss the mark. For instance, Defendants imply that fees are appropriate only if the removal was foreclosed by "bedrock" principles of law as decided by an appeals court or the Supreme Court. Opp. at 10. Yet, none of the People's cited authorities even hint at that proposition, and Defendants cite no case that stands for it.[1] What's more, the scarcity of Ninth Circuit authority affirming the "near-unanimity" of district court reasoning here does not signal a lack of appellate imprimatur—it reflects the fact that orders remanding cases to state court on the grounds at issue here are not immediately appealable. *See First Interstate Bank v. Wall St. Apartments LLC*, 2024 WL 4117300, at *1 (9th Cir. Apr. 29, 2024) (an order remanding case to state court where it was originally filed based on lack of subject matter jurisdiction is not immediately appealable). This procedural reality should not deprive the People of an award of fees.

Defendants also suggest that *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) negates *Braco v. MCI WorldCom Communications, Inc.*, 138 F. Supp. 2d 1260 (C.D. Cal. Apr. 3, 2001) because *Martin* "clarified" that a theory's "incompatibil[ity] with the weight of authority" is immaterial to the

[1] Defendants' attempt to distinguish *Open Text Inc. v. Beasley*, 2021 WL 3261614 (N.D. Cal. July 30, 2021) is particularly puzzling, as Defendants acknowledge the removing party in that case failed to identify any case law where courts denied a motion for remand based on the facts. That, of course, is precisely what Defendants did here.

court's exercise of discretion. Opp. at 10. But there is no tension between *Braco* and *Martin*. In fact, at least one district court in the Ninth Circuit, as recently as 2020, has cited *Braco* for the same proposition as the People have here. *See Johnson v. Johnson*, 2020 WL 1970065, at *4 (E.D. Cal. Apr. 24, 2020) (also citing *Martin*), report and recommendation adopted, 2020 WL 2468119 (E.D. Cal. May 13, 2020). Other opinions from the Northern District have cited both cases without noting any tension between them. *See Fong v. Beehler*, 2013 WL 5913612, at *2-3 (N.D. Cal. Oct. 31, 2013), *aff'd*, 624 F. App'x 536 (9th Cir. 2015); *Lopez v. Allied Packing & Supply Inc.*, 2016 WL 3068392, at *1 (N.D. Cal. June 1, 2016). More to the point, *Martin* does not reject "incompatibil[ity] with the weight of authority" as a way in which a party's position may be objectively unreasonable. And, even if Defendants' characterization of *Martin*'s effect were accurate, the People have explained why Defendants lacked an objectively reasonable basis to remove and should prevail on that basis.

**B. The People Have Justified Their Request for $83,870.50 in Fees.**

Defendants do not argue that the People's requested hourly rates are unreasonable. Instead, Defendants argue that the People must submit billing records; that without billing records, the People's summaries are too general to evaluate; and that 85.5 hours is excessive. Opp. at 11-12. The Court should reject these arguments.

First, Defendants have already agreed that the People are not required to submit billing records. As outlined in the Supplemental Lanier Declaration, during the parties' meet and confer in August, the parties discussed the level of detail required for billing descriptions, and counsel for Defendants asked that the People provide a more detailed description of the way time was billed on tasks related to remand. ECF No. 89-1 (Suppl. Lanier Decl.) at ¶ 5. After the People requested clarification, defense counsel confirmed they were not requesting the inclusion of billing records, only a more detailed summary. *Id.* ("…while Defendants agreed the People need not submit billing records…"). As noted in their opening motion, the People did as Defendants requested and supplemented their original descriptions with additional detail, including a separate declaration from each attorney. Mot. at 8.

Moreover, the law does not require primary source documents to justify a fee request. All it requires is a summary. *See* Mot. at 8; *see also Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (party seeking fees can meet its burden of justification by listing the hours worked and identifying

the general subject matter of the time expenditures); *Maslic v. ISM Vuzem d.o.o.*, 2025 WL 3114457, at *6 (N.D. Cal. Nov. 6, 2025) (summary of billed time sufficient for fees request). The People have provided exactly that. The Supplemental Lanier Declaration explains that the People are seeking fees for 45 hours of Attorney Lanier's work—consisting of work on the motion to remand, work on the reply brief, preparing to argue, and then arguing the motion to remand. Suppl. Lanier Decl. ¶¶ 14-15. The Harris Declaration explains that the People are seeking fees for 20.8 hours of Attorney Harris's work reviewing removal papers, researching, writing, and revising the motion to remand and the reply brief, and assisting Attorney Lanier with preparation for oral argument. ECF No. 89-2 (Harris Decl.) ¶¶ 2-3. The Miller Declaration explains the People are seeking 19.70 hours for Attorney Miller's work reviewing removal papers, researching, drafting, and revising the motion to remand and the reply brief, and assisting with the preparation for oral argument. ECF No. 89-3 (Miller Decl.) ¶¶ 3-4. The People's summaries are not too general.Defendants raise the specter of block billing for no discernable aim, Opp. at 12, as the dynamics that make block billing problematic are absent here. As the People's declarations show, this is not a circumstance where multiple timekeepers bill an excessive amount of time for an identical task, where an array of projects are included in a single billing entry, where a party seeks fees after judgment for a host of projects occurring throughout the life of a case, or where attorneys seek reimbursement for time spent on administrative tasks.[2] The People have explained that fees are being sought "exclusively related to remand": for researching, drafting, and revising the opening and reply briefs in support of the People's motion for remand and for oral argument. Suppl. Lanier Decl. ¶ 14. The People maintain that this level of detail is sufficient for the Court to evaluate the reasonableness of the amount of time billed—particularly where the fee request is solely for remand. If, however, the

[2] Defendants' cases are distinguishable. *See Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2012 WL 5451411 at *4 (N.D. Cal. Nov 7, 2012) ("…[T]he court tends to find it unreasonable that a partner with almost 25 years of experience needed 50 hours to draft a fourteen-page motion and to review a fifteen-page reply, especially when 5 associates also billed 85.8 hours for the same motion."); *Johnson v. City of Santa Rosa*, 2026 WL 1257369, at *5 (N.D. Cal. May 7, 2026) (deducting hours billed for time spent on motion never filed, for time spent correcting attorney error, and for practice of billing in one-hour increments); *Banas v. Volcano Corp.*, 47 F. Supp. 3d 957, 967 (N.D. Cal. 2014) (discounting request for fees where block billing entries covered an array of activities from different phases of the case—trial preparation, summary judgment, and sanctions motions—and included administrative work); *Forto v. Cap. One Bank, Nat'l Ass'n*, 2017 WL 6026242, at *5 (N.D. Cal. Dec. 5, 2017) (reducing time spent where descriptions indicated attorneys billed time for administrative tasks).

Court determines it needs more detailed information than that provided in the Lanier, Harris, and Miller Declarations, the People will readily comply. *See Fischer*, 214 F.3d at 1121 (noting propriety of district court's requesting supplemental documentation if desired).

Finally, the 85.5 hours the People seek are not excessive. That figure already reflects substantial reductions. The People do not seek fees for time spent preparing their initial motion for fees or this renewed motion. Suppl. Lanier Decl. ¶ 15. Beyond limiting their request to the timekeepers most directly involved in litigating remand, the People have reduced their request to only a portion of those attorneys' time. The People seek only 61% of Attorney Lanier's time, 84% of Attorney Harris's time, and 90% of Attorney Miller's time spent on remand. *Id.* ¶¶ 14, 15, 23; Harris Decl. ¶¶ 2-3; Miller Decl. ¶¶ 3-4. Together, those reductions *alone* reduce the People's request by roughly 30%, more than the 20% discount courts have applied to block-billed entries. *See Banas*, 47 F. Supp. 3d at 968; *Apple*, 2012 WL 5451411, at *4-5.

Defendants nevertheless contend that the People's request is excessive because courts in other remand cases have awarded fees for fewer hours. Opp. at 12. But, as the People pointed out in their reply brief in support of their first motion for fees, *see* ECF 86 at 7-8, those cases do not establish a benchmark for the number of hours reasonably spent litigating remand, much less support a reduction here. In *Selker v. Xcentric Ventures, LLC*, 2023 WL 2316200, at *1, *10 (S.D. Cal. Mar. 1, 2023), unlike here, there was no oral argument, and the court reduced the amount requested because of excessively duplicative billing. In *Bakari v. Foster Poultry Farms*, Inc., 2014 WL 67323, at *4 (E.D. Cal. Jan. 7, 2014), report and recommendation adopted, 2014 WL 4446295 (E.D. Cal. Sept. 9, 2014), the court reduced the hours worked because the request included time spent gaining admission to practice before the court where the lawsuit was filed and because the plaintiff excessively "rounded up" their time. None of these factors are at issue here: the People do not seek reimbursement for duplicative entries, they have rounded their time down, not up, and they are not seeking reimbursement for *pro hac vice* applications or other tasks unrelated to litigating remand. *See* Suppl. Lanier Decl. ¶¶ 14, 15, 22, 23; Harris Decl. ¶¶ 2, 3; Miller Decl. ¶¶ 3, 4.

Neither of Defendants' cases proposes a rule that "caps" fees for remand at a certain number of hours. In fact, case law in the Northern District only underscores the reasonableness of the People's

request. In *Albion Pac. Prop. Res., LLC v. Seligman*, 329 F. Supp. 2d 1163, 1175 (N.D. Cal. 2004), for example, the court awarded the moving party fees for 90 hours of work spent solely researching and writing the opening and reply briefs in support of remand. Here, the People seek fees for fewer hours covering more tasks—85.5 hours for researching and writing the opening and reply briefs and for preparing for oral argument. The hours billed here for researching and writing the opening and reply briefs and for preparing for oral argument are reasonable.

The People have substantiated their request for fees.

**C. The People's Motions for Fees Are Not Untimely.**

Neither the People's first motion for fees nor their renewed motion is untimely.

As the People have argued, Local Civil Rule 54-5 contemplates a motion for fees filed at the culmination of a case and "upon the entry of judgment." *See Yan v. Vdoviceno*, 2026 WL 89323, at *4 (N.D. Cal. Jan. 12, 2026) (holding Rule 54-5 does not apply to orders remanding a case: "…[T]he undersigned reads Rule 54-5 as applying specifically to motions for attorney's fees filed *after entry of judgment*…" (emphasis added)).[3] Here, no judgment was entered, so the deadline does not apply. *See Onisko & Scholz, LLP v. B.S.D. Cap., Inc.*, 2025 WL 3022848, at *4 (C.D. Cal. Oct. 27, 2025) (distinguishing between Federal Rules, which peg deadline to file motion for fees to "entry of judgment" alone, and Central District of California Local Rules, which peg the deadline to file a motion for fees to the "entry of judgment or other final order" (emphasis added)).

Defendants' support for their view that Local Rule 54-5's 14-day deadline applies to fee motions following remand is a slew of out-of-circuit authority—*none of which applies this District's Local Rules*.[4] *See, e.g.,* Opp. at 4. In fact, the only in-circuit case Defendants cite for their view is *Malgesini v. Malley*, 2021 WL 1318633, at *2 (N.D. Cal. Apr. 8, 2021)—a case the People brought to the Court's

---

[3] It is disingenuous for Defendants to claim that they were unable to find a "single contrary authority" to their preferred interpretation. Opp. at 4. The People cited *Yan* in their opening motion and multiple other in-circuit authorities that supported the People's good-faith interpretation of Local Civil Rule 54-5. *See* Mot. at 8-10.

[4] Assuming arguendo the People's motion was untimely (it was not), it is also incorrect for Defendants to claim the People have not "offered any excuse for its delay." The People have explained their good-faith understanding of Local Rule 54-5, and the People have, at minimum, shown that in the Northern District there is reasonable disagreement as to whether the 14-day deadline for attorney's fee motions applies to orders remanding a case.

attention in their renewed motion. *See* Mot. at 9 n.2. The People have shown why *Yan*'s interpretation of Local Rule 54 (rather than *Malgesini's*) is correct. Mot. at 8-10. *Malgesini,* on the other hand, merely mentions Local Rule 54 in proactively setting a deadline for the prevailing party on remand to file a motion for fees. (In other words, the timeliness of the motion for fees was not at issue.) Defendants' remaining in-circuit cases are distinguishable: None addresses the fulcrum of this dispute—whether Local Rule 54-5's 14-day deadline applies to a fees motion filed after an order granting a motion to remand.[5]

Defendants next suggest that the People's *renewed* motion for fees was untimely. The Court should also reject this argument. The Court's order denying the People's first motion without prejudice did not set a deadline for the People to renew their motion, and Defendants cite not a single authority to support their implication that the People's renewed motion was subject to any statutory or rule-based deadline. Further, as illustrated by the Supplemental Lanier Declaration, the time between the Court's order denying the People's motion without prejudice and the People's renewed motion was productive. During that time, the People: (i) reached out to Defendants to schedule a meet and confer, (ii) met and conferred with Defendants, (iii) waited for Defendants to consider the People's request to stipulate to a fee amount, and then, hearing nothing, (iv) reached out to Defendants to ascertain their position. Suppl. Lanier Decl. ¶¶ 3-10. The People filed their renewed motion *the day after* Defendants confirmed they would not stipulate to a fee amount. *Id.* ¶ 10.

[5] *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 972-74 (9th Cir. 2007) did not concern a motion to remand. The question before the Ninth Circuit was whether the district court abused its discretion in denying an application for attorneys' fees filed two weeks after judgment was entered. *Id.* at 974 ("While the district court would not have abused its discretion in granting [the] fee application, it did not abuse its discretion in denying it."). *Whitaker v. JAC Equity*, LLC, 2021 WL 4353103, at *1 (C.D. Cal. July 15, 2021) likewise concerned a case where judgment was entered. There, unlike here, the "deadline" was "clear." *Id.* So, too, with *Zosma Ventures, Inc. v. Nazari*, 2013 WL 12129380, at *2 (C.D. Cal. Sept. 23, 2013). *Coyote Valley Band of Pomo Indians v. Findleton*, 2023 WL 4311080, at *1 (N.D. Cal. Apr. 19, 2023) does not concern a motion to remand. *See also* ECF No. 86 at 8 n.5. *Whitaker v. Sensu, Inc.,* 2022 WL 22211678, at *2-3 (C.D. Cal. Feb. 10, 2022) likewise does not concern a motion to remand. *Whitaker v. JAC*, *Whitaker v. Sensu*, and *Zosma Ventures* deserve particular attention because these cases apply the local rules from the United States District Court for the Central District of California, which differ materially from this Court's local rules. The Central District's rules peg the deadline for filing a motion for attorneys' fees to "the entry of judgment *or other final order*," while the Local Rules for the Northern District do not attach a deadline to any court action except a judgment. *Onisko & Scholz*, 2025 WL 3022848, at *4.

Finally, Defendants have not been prejudiced by the timing of the briefing on fees. Their suggestion that they have is belied by the fact that the People readily agreed to Defendants' request for additional time to oppose the People's motion. Second Supplemental Lanier Declaration (filed herewith) and Exhibit A. Had Defendants requested a longer extension, or had they raised the bandwidth constraints they described in their Opposition, the People would have agreed to further modify the briefing schedule. But Defendants did not give the People that opportunity. Pointing out that Defendants have suffered no prejudice does not "invert[] [the People's] burden." Opp. at 5. Assuming *arguendo* the People's motion was untimely, the Court still has the discretion to consider it. *Elliot v. BNSF Ry. Co.*, 714 F. App'x 737 (9th Cir. 2018), 2016 WL 832888 (holding that district court did not abuse its discretion in awarding attorney fees despite an untimely filing). Lack of prejudice to Defendants is a factor the Court may consider in determining whether to exercise that discretion. *Id.*

The People's motions were timely.

## III. CONCLUSION

Defendants have only their improper removal to blame for their evident frustration expending resources responding to the People's motion for fees. For the foregoing reasons, the People respectfully request that the Court grant their renewed motion for fees and award the People $83,870.50 in fees.

DATED: October 8, 2026

Respectfully submitted,

DAVID CHIU
City Attorney
YVONNE R. MERÉ
Chief Deputy City Attorney
SARA J. EISENBERG
Chief of Complex and Affirmative Litigation
JESSE E. LANIER
JOEL F. WACKS
Deputy City Attorneys

By: /s/ *Jesse E. Lanier*
JESSE E. LANIER
Deputy City Attorney

Attorneys for Plaintiff
THE PEOPLE OF THE STATE OF CALIFORNIA

Jennie Lee Anderson (SBN 203586)
ANDRUS ANDERSON LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
Tel.: 415-986-1400
jennie@andrusanderson.com

Diandra S. Debrosse
DICELLO LEVITT LLP
485 Lexington Ave
New York, NY 10017
Tel.: 646-933-1000
fu@dicellolevitt.com

Adam J. Levitt
Daniel R. Ferri
DICELLO LEVITT LLP
Ten North Dearborn Street, Sixth Floor
Chicago, IL 60602
Tel.: 312-214-7900
alevitt@dicellolevitt.com
dferri@dicellolevitt.com

Rene F. Rocha
MORGAN & MORGAN, P.A.
1100 Poydras Street, Suite 2900
New Orleans, LA 70163
Tel.: 504-636-6310
rrocha@forthepeople.com

Frank M. Petosa
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Tel.: 954-318-0268
fpetosa@forthepeople.com

Attorneys for Plaintiff The People of the State of California, acting by and through San Francisco City Attorney David Chiu

**ECF ATTESTATION**

I, Jennie Lee Anderson, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

_/s/ Jennie Lee Anderson__

Jennie Lee Anderson